## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

AVM TECHNOLOGIES, LLC,  )
a Delaware Limited Liability Company,  )
)
Plaintiff,  )
)
v.  )   C.A. No. 15-33-RGA
)
INTEL CORPORATION,  )   **JURY TRIAL DEMANDED**
a Delaware Corporation,  )
)
Defendant.  )
)

### [PROPOSED] SCHEDULING ORDER

This __26th__ day of __May_____, 2015, the Court having conducted an initial Rule 16(b)

scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after

discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation,

or binding arbitration;

IT IS ORDERED that:

1.      Rule 26(a)(1) Initial Disclosures.  Unless otherwise agreed to by the

parties, the parties shall make their initial disclosures pursuant to Federal Rules of Civil

Procedure 26(a)(1) on June 12, 2015.

2.      Identification of Accused Products and Asserted Patents.  Plaintiff shall

identify the accused products and the asserted patents and claims they allegedly infringe,

and produce the file history for each asserted patent by June 19, 2015.

3.      Core Technical Documents.  The parties have been unable to agree on a

definition of Core Technical documents. Their respective proposals are as follows:

AVM's Position

AVM's current proposal is very similar to that set forth in AVM's Proposed Case Management And Scheduling Order [Dkt. No. 16-1, Exhibit A], which the Court referenced at the end of the June 21, 2015 hearing. AVM's counsel, with heavy input from its Client and consultant, narrowly tailored its proposed definition to the specific discovery needed in this case. AVM's proposal also addresses significant issues that arose in the prior litigation with Intel's production, including Intel's production of schematics and layouts on different computers, and without the necessary tools for AVM to readily identify circuits of interest and trace signal paths. In contrast, Intel's insistence on being allowed to produce its schematics in pdf form appears designed to make AVM's analysis of the schematics as burdensome as possible. Indeed, although Intel represented earlier today that its proposal would permit AVM to trace the circuits, Intel subsequently admitted, in writing, that it was not representing that the software would have the requisite functionality, only that a reviewer would be able "to follow the path of a circuit through the [pdf] schematics." AVM does not believe that Intel's suggestion for delaying resolution of this issue is productive. AVM teed up this issue in the Joint Case Management Conference Statement that the parties filed a month and a half ago. ECF 16 at 23-24.

> Core Technical Documents. Defendant shall produce to Plaintiff the respective Core Technical Documents by July 17, 2015. These Core Technical Documents include, for each Accused Product, product brochures; micro-architectural specifications (MAS); design manuals; circuit schematics and layouts, including names/identifiers for each circuit and signal; signal naming convention documents; and all data and documents associated with previously performed timing analysis and/or simulations. The schematics shall be produced in a form

2

such that they can be readily reviewed and analyzed in the same manner (or in as similar a manner as practicable) as that used by producing party's engineers to perform similar review and analysis, including the abilities to efficiently drill down and locate specific circuits and to trace signal paths of schematics. Producing party will provide tools sufficient to allow efficient review and analysis of schematics. The parties will confer concerning what additional technical documents, source code and information should be produced, such as information relating to input, output, and/or controls (including timing) of any circuit(s).

## Intel's Position

AVM's proposed definition of Core Technical Documents is inconsistent with Delaware's default standard for discovery in patent litigations, vague, overbroad, and will impose undue burden on Intel.

Intel requests that the Court include the language set out below in its Scheduling Order. Alternatively, Intel requests that the Court not include any definition of Core Technical Documents in the Scheduling Order at this time. Intel has offered to continue to meet and confer on this definition, and proposes that if the parties are still unable to agree on a definition by May 28, 2015, they seek guidance from a magistrate judge as suggested by the Court during the April 9, 2015 case management conference:

> Core Technical Documents. Defendant shall produce to Plaintiff the respective
> Core Technical Documents by July 17, 2015. These Core Technical Documents
> include, for each accused product, product brochures; micro-architectural

3

specifications; circuit schematics, including names/identifiers for each circuit and signal; signal naming convention documents to the extent that such documents exist; and performance verification data from previously performed simulations to the extent it exists. The schematics shall be produced in PDF format such that they can be reviewed and analyzed, including the ability to drill down and locate specific circuits and signal paths of schematics. Producing party will provide tools sufficient to allow review and analysis of schematics. The parties will confer concerning what if any additional technical documents should be produced, such as circuit layouts.

4.     Infringement Contentions. Plaintiff shall produce to Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes by October 23, 2015.

5.     Invalidity Contentions. Defendant shall produce to the Plaintiff its invalidity contentions for each asserted claim, as well as the related invalidating reference(s) (e.g., publications, manuals and patents) by November 13, 2015.

6.     Opinions of Counsel. Defendant shall produce any opinion of counsel upon which it intends to rely as a defense to willful infringement by December 4, 2015.

7.     Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before December 11, 2015.

8.     Discovery.

a.     Fact Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before March 18, 2016.

4

      b.        Document Production. The parties shall produce documents on a rolling basis and document production shall be substantially complete by November 20, 2015.

      c.        Requests for Admission. A maximum of 65 requests for admission are permitted for each side. This does not include requests to authenticate documents prior to trial.

      d.        Interrogatories. A maximum of 45 interrogatories, including contention interrogatories, are permitted for each side.

a.   Depositions.

      i.        Limitation on Hours for Deposition Discovery. Each side is limited to a total of 100 hours of taking testimony by fact deposition upon oral examination. For the avoidance of doubt, this 100 hour limit includes depositions of third parties and 30(b)(6) witnesses. Each hour and a half of a deposition in which an interpreter speaks on the record counts as one hour. Neither party waives its right to seek additional deposition time for good cause shown.

      ii.        Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. .

5

9.    Discovery Matters and Disputes Relating to Protective Orders.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the parties seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).  If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

10.    Application to Court for Protective Order.  The parties will provide a proposed protective order, including any provisions on which they are unable to agree, to the Court within ten days of the entry of a Scheduling Order.  The proposed protective order will include the following paragraph:

> Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6

11.     ESI and Discovery Order.  The parties will provide a proposed ESI and

discovery order, including any provisions on which they are unable to agree, to the Court

within ten days of the entry of a Scheduling Order.

12.     Papers Filed Under Seal.  When filing papers under seal, counsel shall

deliver to the Clerk an original and one copy of the papers.  A redacted version of any

sealed document shall be filed electronically within seven days of the filing of the sealed

document.

13.     Courtesy Copies.  The parties shall provide to the Court two courtesy

copies of all briefs and one courtesy copy of any other document filed in support of any

briefs (i.e., appendices, exhibits, declarations, affidavits etc.).  This provision also applies

to papers filed under seal.

14.     Claim Construction Issue Identification.  Given this Court's prior

*Markman* opinion for this patent in the prior litigation between the parties, further claim

construction is not necessary at this time.

15.     Disclosure of Expert Testimony.

a.     Expert Report.  For the party who has the initial burden of proof on

the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due

on or before April 22, 2016.  The supplemental disclosure to contradict or rebut evidence

on the same matter identified by another party is due on or before May 20, 2016.  Reply

expert reports from the party with the initial burden of proof are due on or before June 10,

2016.  Along with the submissions of the expert reports, the parties shall advise of the

dates and times of their experts' availability for deposition. Depositions of experts shall

be completed on or before July 1, 2016.

7

b.    Objections to Expert Testimony.  To the extent any objection to

expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow*

*Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it

shall be made by motion no later than the deadline for dispositive motions set forth

herein, unless otherwise ordered by the Court.  Oppositions and replies to *Daubert*

motions shall be due at the same time as the corresponding schedule for dispositive

motions herein.

16.    Case Dispositive Motions.  All case dispositive motions, an opening brief,

and affidavits, if any, in support of the motion shall be served and filed on or before July

22,, 2016.  No case dispositive motion under Rule 56 may be filed more than ten days

before the above date without leave of the Court.  Oppositions to case dispositive motions

shall be served and filed on or before August 26, 2016.  Replies in support of case

dispositive motions shall be served and filed on or before September 16, 2016.

17.    Applications by Motion.  Except as otherwise specified herein, any

application to the Court shall be by written motion.  Any non-dispositive motion should

contain the statement required by Local Rule 7.1.1.

18.    Pretrial Conference.  On November 18, 2016, the court will hold a Rule    at 8:30 a.m.

16(e) final pretrial conference in Court with counsel.  The parties shall file a joint

proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m.

on the third business day before the date of the final pretrial conference (November 14,

2016).  Unless otherwise ordered by the Court, the parties shall comply with the

timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final

pretrial order.

8

19.     Motions *in Limine.* Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order (November 22, 2016). Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

20.     Jury Instructions, Voir Dire, and Special Verdict Forms. Pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the final pretrial conference (November 22, 2016). The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

21.     Trial. This matter is scheduled for a 5 day trial beginning on December 7, 2016. Both parties seek a jury trial at this time.

22.     ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

23. All discovery disputes are referred to a magistrate judge. **SO ORDERED**, this 26 day of May, 2015.

THE HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE

9