# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVM TECHNOLOGIES, LLC, a Delaware Limited Liability Company, : : : Plaintiff, : : v. : : INTEL CORPORATION, a Delaware : corporation, : : Defendant. : | C. A. No. 15-33-RGA |

## ORDER

At Wilmington this **3rd** day of **June, 2015**.

An Order dated May 26, 2015 having been entered by The Honorable Richard G. Andrews, referring this matter to Magistrate Judge Thynge,

IT IS ORDERED as follows:

<u>Discovery Matters</u>.  Should counsel find they are unable to resolve a discovery matter or other matters covered by this provision,[1] including redactions of the record transcript involving prior discovery matters, the parties involved shall contact chambers at (302) 573-6173 to schedule a telephone conference.  At that time, counsel shall advise which parties have disputes, and each moving party shall raise no more than three (3) issues per motion/teleconference.  Thereafter, the moving party or parties shall each file a "Motion for Teleconference To Resolve Discovery Dispute(s)."[2]

---

[1] To meet the import of that phrase, counsel, including Delaware counsel, are expected to ***verbally*** discuss the issues/concerns before seeking the Court's intervention.

[2] The suggested text for this motion can be found on the Court's website in the "Forms" tab, under the heading "Discovery Matters–Motion to Resolve Discovery Disputes."

The following procedures shall apply:

1. Not less than seventy-two (72) hours prior to the conference, *excluding* weekends and holidays, the party seeking relief shall file a letter with the Court, not to exceed four (4) pages, in no less than 12 point font, outlining the issues in dispute and its position on those issues. Not less than forty-eight (48) hours prior to the conference, *excluding* weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12 point font, outlining that party's reason for its opposition.

2. Attachments/Exhibits: Generally, there should be limited attachments or exhibits to the letters. For example, in a protective order dispute, only the provisions at issue should be attached. Similarly, regarding interrogatory/request for production issues, only the disputed interrogatory or request for production and the responses as they exist at the time of the letter submissions should be attached.[3] The parties attempts to resolve and/or narrow the issues as contained in letters or emails shall not be included; however, suggested solutions to the issues shall be included in the letter submissions. Cases/transcripts cited and relied upon in the letter submission may be attached as exhibits.

3. To the extent factual issues are disputed or central to the Court's analysis,[4] *non-conclusory,* sworn declarations, *only to the extent necessary* to establish

---

[3] The history through emails, letters and meet-and-confers resulting in modification of the original interrogatory or request for production shall not be attached. If the interrogatory or request for production is modified to which an objection remains, only the modified interrogatory/request for production and the answer/response shall be attached, and only the current positions of the parties shall be reflected in the letter submissions.

[4] For example, matters addressing attorney-client privilege, work product doctrine, common interest doctrine, sufficiency of privilege log and other similar issues often involve

the facts, shall be attached as exhibit(s).

4. A proposed order, attached as an exhibit, setting out in detail the nature of the relief requested, including the date by which the requested relief is to be completed. The same procedure outlined above shall apply to protective order drafting disputes, except a "Joint Motion for Teleconference To Resolve Protective Order Dispute," shall be filed and the parties are limited to a total of three (3) issues with one submission each. The submissions shall include the party's proposal of the content for the disputed portion(s) of the protective order.

Should the Court find further briefing necessary upon conclusion of the telephonic conference, the Court will order it.

Disputes or issues regarding requests for extensions of time to file or respond to motions and requests to amend deadlines set forth in the Scheduling Order (other than deadlines relating to claim construction, case dispositive motions, pretrial conference or trial which will be addressed by the District Court judge) should be directed to Magistrate Judge Thynge and therefore addressed in accordance with this Order. Stipulations regarding the amendment of deadlines set forth in the Scheduling Order (other than deadlines relating to claim construction, case dispositive motions, pretrial conference or trial which will be addressed by the District Court judge) should also be directed to Magistrate Judge Thynge for signature.

No motions to compel or motions for protective order shall be filed absent approval of the court. Absent expressed approval of the court following a discovery

---

factual evidence for which affidavits may be required. *See RCA v. Data General*, C.A. No. 84-270-JJF, 1986 WL 15693 (D. Del. July 2, 1986); *Willemijn Houdstermaatschaapij v. Apollo Computers, Inc.*, 707 F. Supp. 1429 (D. Del. 1989).

conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

Counsel shall provide a list of the teleconference participants, either by including the list on a separate page with the letters, or fax to Chambers at 302-573-6445 at the same time the letters are efiled. If the list is included with the letters, it will not be counted as part of the page limitation for the letter submission.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE