IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVM TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 15-33-RGA |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] ORDER REGARDING DISCOVERY, INCLUDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION ("ESI")

1. <u>Purpose.</u> This Order will govern discovery, including discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules.

2. <u>General Provisions.</u>

    a. <u>Cooperation.</u> Parties are expected to reach agreements cooperatively on how to conduct discovery under Fed. R. Civ. P. 26–36. In the event that the parties are unable to agree on the parameters and/or timing of discovery, the following default standards shall apply until further order from the Court or the parties reach agreement.

    b. <u>Preservation of Discoverable Information.</u> A party has a common law obligation to take reasonable steps to preserve discoverable information in the party's possession, custody, and control.

    i. Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties

shall preserve the non-duplicative discoverable information currently in their possession, custody, or control.

        ii.      Absent a showing of good cause, voicemails, PDAs, mobile phones, instant messages and text messages are deemed not reasonably accessible and need not be collected and preserved.

    c.    <u>Privilege.</u>

        i.      The parties are to confer on the nature and scope of the privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

        ii.      With respect to communications between counsel in this action and their respective clients generated after the filing of the complaint in *AVM Technologies, LLC and Intel Corp.* Civil Action No. 1:10-cv-00610, on July 16, 2010, the parties are not required to include any such communications in privilege logs unless they will be relied upon to defend against a claim of willful infringement.

        iii.      Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Information that contains privileged matter or attorney work product shall be immediately returned and/or destroyed if such information appears on its face to have been inadvertently produced or if notice is provided of inadvertent production.

3.    <u>Limitations on Expert Discovery</u>. The parties agree to the following with respect to Expert Discovery (in addition to any limitations set forth in Rule 26):

    a.    Oral and written communication between an expert witness engaged by any party or parties in relation to this case, and the party or parties (or their attorneys or

representatives) engaging such expert, which are made in connection with the expert witness' engagement, are not discoverable, except to the extent that the expert relies upon them for his/her opinions offered in this case.

    b.    Drafts of disclosures of testifying expert witnesses that are prepared in relation to the expert witness' engagement are not discoverable.

    c.    All notes, memoranda and other writings of such testifying expert witness that are prepared in relation to the expert witness' engagement are not discoverable, except to the extent that the expert consults them while testifying at a deposition or at trial.

4.    <u>Initial Disclosures.</u>  Each party shall disclose:

    a.    Custodians:  The 16 custodians (or as many as practical if fewer than 16 custodians have relevant and noncumulative information) most likely to have discoverable information in their possession, custody, or control.  The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information.

    b.    <u>Non-custodial data sources.</u>  A list of non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration.

    c.    <u>Notice.</u>  The parties shall identify any issues relating to:

        i.    Any additional sources of ESI (by type, date, custodian, electronic system or other criteria) that a party asserts are not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

        ii.    Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.

        iii.     Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws, information subject to Protective Orders in other litigation, or information subject to confidentiality agreements with third-parties.

5. <u>Specific E-Discovery Issues.</u>

   a. <u>Email.</u>

      i.     General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collective "email"). To obtain email parties must propound specific email production requests. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

      ii.     Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper timeframe.

      iii.     Email Custodians: Each requesting party shall limit its email production requests to a total of ten custodians per producing party. The parties may jointly agree to modify this limit without the Court's leave. If the producing party elects to use search terms to locate potentially responsive ESI, including emails, it shall disclose the search terms to the requesting party. Absent a showing of good cause, a requesting party may request no more than 10 additional terms to be used in connection with the electronic search.

      iv.     The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of

overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production.

    b. <u>On-site inspection of electronic media.</u> Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

    c. <u>Duplicates.</u>

        i. Each party is required to produce only a single copy of a responsive document and each party may de-duplicate responsive ESI across custodians.

        ii. In an email thread, only the final-in-time document need be produced, assuming that all previous emails in the thread are contained within the final message. Where a prior email contains an attachment, that email and attachment shall not be removed as a "near-duplicate."

    d. <u>Format.</u> The parties agree to produce documents in 300 dpi single-page Group 4-compressed TIFF file formats, with appropriate accompanying load files. The load files will contain extracted or OCR text, the custodian of the document if available, the Bates number of the document, an indication of whether the document is redacted, and an indication of confidentiality designation. Specific files in Power Point or Excel format, as well as video and audio files, will also be produced in native format upon request. To the extent the producing party has extracted or generated fields corresponding to the following information fields, it will

produce these fields in separate text files with a text link in the load file accompanying the document production.

    i. <u>Information Fields for Email:</u> Email sent date, email sent time, email sender, email recipients, email CCs, email BCCs; and email subject line.

    ii. <u>Information Fields for Other Electronic Files:</u> Full file path to the location in which the file was kept in the ordinary course of business, creation date, author, last modified date, filename with extension, document title taken from file properties, number of pages in document. If particular documents warrant a different format, the parties will cooperate to arrange for a mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process, but may redact privileged or work product information.

  e. <u>Source Code.</u> No provision of this Order affects any inspection of source code that is responsive to a discovery request and may be made available consistent with the protective order governing this case.

SO ORDERED, this _8_ day of _September_, 2015.

_____
THE HONORABLE MARY PAT THYNGE
UNITED STATES MAGISTRATE JUDGE