IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVM TECHNOLOGIES, LLC, | ) |
| | ) C.A. No. 15-33-RGA |
| Plaintiff, | ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) **PUBLIC VERSION** |
| INTEL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

LETTER TO THE HONORABLE MARY PAT THYNGE
FROM DAVID E. MOORE, ESQUIRE

cc: Clerk of Court (via Hand Delivery)
    Counsel of Record (via Electronic Mail)

David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant Intel Corporation*

Dated: February 17, 2016
Public Version Dated: February 26, 2016
1217455/42223



Potter
Anderson
Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

February 17, 2016; Public Version Dated: February 26, 2016

**VIA ELECTRONIC FILING**

The Honorable Mary Pat Thynge
U.S. District Court for the District of Delaware            **PUBLIC VERSION**
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, Delaware 19801

    Re:    *AVM Technologies, LLC v. Intel Corporation*, C.A. No. 15-33-RGA

Dear Chief Magistrate Judge Thynge:

    Intel respectfully submits this brief response to AVM's February 16 letter regarding AVM's discovery demands relating to prior Intel products. (D.I. 180.) AVM asserts that "Intel now identifies two sources that are both reasonably accessible ... ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" (D.I. 180 at 1.) AVM states that it will compromise by "agree[ing] to limit its requests to require that Intel search just these locations." (*Id.*)

    Intel has already agreed to the first part of AVM's proposal - searching the ▮▮▮ database. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *(See* D.I. 176 at 2.) AVM states that it "agrees to limit its request to only those projects that involved or included dynamic or ▮▮▮ circuits." (D.I. 180 at 2.) But that does not narrow AVM's request at all. AVM's request was always limited to products that involve dynamic or ▮▮▮ circuits, and AVM's request still would require Intel to conduct a burdensome search for documents going back over 25 years.

    Finally, AVM's letter offers no evidence or reason to believe that the historical documents it seeks will contain any relevant, non-duplicative information, beyond what is contained in the massive number of documents that Intel has already produced for the accused products and multiple prior products. AVM's argument for relevance is pure speculation.

    For the reasons stated in Intel's prior submissions (D.I. 156 and 176), AVM's requests are disproportionate to the needs of the case, and Intel asks that the Court deny AVM's motion other than with respect to the ▮▮▮ database that Intel has agreed to search.

                                                                            Respectfully,

                                                                        */s/ David E. Moore*

                                                                        David E. Moore

DEM/msb/1217455/42223
cc:    Clerk of Court (via hand delivery)
        Counsel of Record (via electronic mail)