IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVM TECHNOLOGIES, LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 15-33-RGA |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| INTEL CORPORATION, | ) **PUBLIC VERSION** |
| | ) |
| Defendant. | ) |

### LETTER TO THE HONORABLE MARY PAT THYNGE
### FROM DAVID E. MOORE, ESQUIRE

cc: Clerk of Court (via Hand Delivery)
    Counsel of Record (via Electronic Mail)

David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant Intel Corporation*

Dated: February 13, 2016
Public Version Dated: February 26, 2016
1216527/42223

**VIA ELECTRONIC FILING**
The Honorable Mary Pat Thynge
U.S. District Court for the District of Delaware            **PUBLIC VERSION**
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, Delaware 19801

         Re:     *AVM Technologies, LLC v. Intel Corporation*, C.A. No. 15-33-RGA

Dear Chief Magistrate Judge Thynge:

       Intel submits this letter to object to AVM's February 8, 2016 submission of an unsolicited *ex parte* brief, and to request that the Court order AVM to provide Intel with an unredacted version so that Intel may have a fair opportunity to respond to AVM's *ex parte* arguments.

       **Background.** On January 25, 2016, Intel moved to compel the production of documents and information related to AVM's communications with third-parties, funding, and ownership, which AVM withheld based on relevance and privilege objections. D.I. 152. During a telephonic hearing on January 28, 2016, the Court ruled that the information AVM had withheld was relevant (Tr. 34:1-24) and ordered AVM to submit for *in camera* review certain documents that AVM alleged to have created a common interest privilege between AVM and various third parties (Tr. 36:24-37:8; 55:1-17). The Court further ordered AVM to provide Intel with a log of documents that AVM had withheld on the basis of an alleged privilege. (Tr. 38:6-8.)

       On February 8, AVM submitted not only the requested documents for *in camera* review, but also a four-page brief setting forth legal arguments regarding AVM's privilege assertions. At no point during the January 28 hearing did the Court ever authorize AVM to submit such a brief. AVM never sought leave of the Court to submit an additional brief; nor did AVM confer with Intel before doing so. And despite AVM stating on the copy line of its *ex parte* brief that it was serving a redacted copy to "All Counsel of Record," AVM did not provide Intel with any version of its brief at that time.[1] On February 9, apparently based on AVM's request, the Court stayed its previous order that AVM provide Intel with a log of allegedly privileged documents. D.I. 173.

       On February 10, AVM provided Intel with a highly redacted version of its *ex parte* brief. The redactions obscure the substance of AVM's arguments, such that Intel cannot fully discern the nature of AVM's contentions. Intel can discern, however, that AVM has raised new arguments (*e.g.*, attorney-client privilege) and is re-arguing points on which the Court has already ruled against AVM.

---

[1] Instead of serving Intel with a redacted copy as AVM's brief to the Court indicated, AVM presented Intel with only a conditional offer to receive such a copy. AVM emailed Intel counsel stating that it had provided the Court with certain documents for *in camera* review along with an "explanatory letter," and that AVM was "prepared to serve [Intel] with a highly confidential, outside-counsel-eyes-only redacted form of that letter, if Intel agrees to forego any argument that AVM has waived any privileges or protections by supplying [Intel] with the redacted version of its submission." AVM's conditional offer did not inform Intel that the "explanatory letter" was in fact a brief raising new arguments. After Intel declined AVM's suggestion that Intel waive any available arguments, AVM provided Intel with a highly redacted copy of its *ex parte* brief, ***two days*** after submitting its *ex parte* brief to the Court.

**Argument.** AVM's attempt to have an extra and last word on various disputed issues was made on its own and was improper. By submitting an unsolicited brief, AVM has waived any applicable privilege as to the contents of that filing. At a minimum, Intel should be provided with an unredacted version of AVM's brief and the opportunity to respond to AVM's arguments, rather than the Court deciding the issue based only on the *ex parte*, argumentative submission of AVM.

It is black letter law that a party may not engage in substantive *ex parte* communications with the Court. *See, e.g.*, Code of Conduct for U.S. Judges Canon 3 § A(4). This is for good reason, as "*ex parte* communications run contrary to our adversarial trial system," which is "essential to the truth-seeking function of trials." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 310 (3d Cir. 2004). Permitting parties to submit substantive *ex parte* communications as AVM has done here impedes the adversary process and causes "an increased risk of an incorrect result." *Id.*

While the Court ordered AVM to submit certain documents for *in camera* review, it did not grant AVM permission to submit an argumentative brief. Because AVM unilaterally submitted its *ex parte* brief to the Court without authorization, AVM has waived any claims of privilege as to its contents. *See, e.g., In re S.D. Benner III, LLC*, No. DG 11-08112, 2014 WL 4536645, at *1 (Bankr. W.D. Mich. Sept. 9, 2014); *Norris v. Growse*, No. 09-CV-339-KSF, 2011 WL 5509554, at *1 (E.D. Ky. Nov. 10, 2011); *cf. Shire LLC v. Amneal Pharm. LLC*, No. 2:11-CV-03781 SRC, 2014 WL 1334225, at *1 (D.N.J. Apr. 1, 2014) ("Disclosing a communication to a third party unquestionably waives the privilege." (quoting *Teleglobe Commc'ns Corp. v. BCE, Inc.*, 493 F.3d 345, 361 (3d Cir. 2007)).

At a minimum, fairness requires that Intel be permitted to respond to AVM's brief. *See, e.g., Johnson v. Lamas*, No. CIV.A. 10-5326, 2011 WL 2982692, at *4 (E.D. Pa. July 21, 2011) ("For all the reasons that *ex parte* requests are the exception rather than the rule, Petitioner's *ex parte* submission simply appears improper, particularly in the absence of any stated justification. I can discern no reason for Respondents not to be given notice and an opportunity to be heard."). Intel, however, cannot fully respond to AVM's arguments because AVM has provided Intel with a highly redacted copy of the brief that obscures the substance of its arguments.

Intel's need for an unredacted version of AVM's unsolicited *ex parte* brief is particularly strong because AVM appears to assert **new arguments** and **new alleged privileges** that AVM failed to raise previously: in response to Intel's motion to compel, AVM asserted only the work product privilege and the common interest doctrine. AVM did not assert attorney-client privilege. *See* D.I. 155. But in its *ex parte* brief, AVM now appears to be asserting attorney-client privilege over certain documents and communications. Without an unredacted version of the brief, Intel cannot fully discern (or address) AVM's arguments. From what Intel can ascertain, however, AVM appears to be taking positions that are inconsistent with AVM's representations to the Court at the January 28 hearing that AVM's counsel did not have an attorney-client relationship with AVM's funder. (Tr. 47:2-48:10.) But of course Intel is now operating in the dark. Fairness requires that Intel be provided with an unredacted copy of the brief so that it may fully respond to all of the arguments that AVM has made to the Court.

Intel met-and-conferred with AVM on February 12, 2016 and requested that AVM provide Intel with an unredacted copy of its brief so that Intel could have a fair opportunity to respond. AVM refused.

The Honorable Mary Pat Thynge    February 13, 2016
Page 3

      AVM's submission of an unsolicited *ex parte* brief was improper and prejudicial to Intel. By submitting an unsolicited *ex parte* communication, AVM waived any claims of privilege as to the contents of the communication. Intel also should be provided with a full and fair opportunity to respond to the arguments that AVM made to the Court. Intel respectfully requests that the Court: (1) order AVM to provide Intel immediately with an unredacted version of its February 8, 2016 *ex parte* brief; and (2) provide Intel an opportunity to respond.

                                        Respectfully,

                                        /s/ *David E. Moore*

                                        David E. Moore

DEM:nmt/1216527/42223

cc:    Clerk of Court (via hand delivery)
        Counsel of Record (via electronic mail)