

100 S. West Street, Suite 400 • Wilmington, DE 19801
Telephone 302.576.1600 • Facsimile 302.576.1100
www.ramllp.com

Benjamin J. Schladweiler
bschladweiler@ramllp.com

**VIA E-FILING & HAND DELIVERY**　　　　　　　　　　　　　　　February 19, 2016

The Honorable Mary Pat Thynge
844 N. King Street
Wilmington, DE 19801-3555　　　　　　　　　　　　　　　**PUBLIC VERSION**

　　　　Re:　*AVM Technologies LLC v. Intel Corporation*, C.A. No. 15-33-RGA

Dear Judge Thynge:

　　　　AVM submits this short response to Intel's February 13, 2016 letter to the Court.  (D.I. 170).  Intel alleges that AVM had *ex parte* communication with the Court.  Intel further claims that AVM somehow waived privilege because its February 8 *in camera* submission included a cover letter explaining the nature of the documents and attendant privileges.  Intel is wrong on the facts and the law.  Its extreme demand to receive an unredacted copy of the cover letter—thereby exposing privileged information that was the reason for the *in camera* submission in the first place—should be denied.

　　**1.　The Cover Letter Was Not An *Ex Parte* Communication.**

　　　　The cover letter accompanying AVM's *in camera* submission was not "*ex parte*."  AVM notified Intel of the letter at the same time it submitted the letter to the Court.  AVM provided Intel with a copy of the letter, redacted only to remove specific factual references to privileged documents in order to preserve privilege.[1]  And before Intel filed its February 13 letter, AVM told Intel that AVM would not object if Intel submitted a response to AVM's letter.

　　　　Black's Law Dictionary defines "*ex parte*" as "[o]n or from one party only, [usually] without notice to or argument from the adverse party."  BLACK'S LAW DICTIONARY (10th ed. 2014).  Here, AVM notified Intel of the letter immediately, provided it with a redacted copy, and stated that it would not object if Intel responded.  There was no "*ex parte*" communication.

　　**2.　AVM's *In Camera* Submission Did Not Waive Privilege.**

---

[1] Intel conveniently ignores that the short delay before it received the redacted letter is of its own making.  As Intel admits, immediately upon filing its letter on February 8, AVM contacted Intel to offer a redacted version of the letter, so long as Intel provided the typical agreement that disclosure of some facts from the documents submitted *in camera* did not constitute waiver.  Intel did not respond to AVM for more than a full day.  Intel ultimately refused AVM's offer, at which point AVM immediately provided Intel with a version of the letter more heavily redacted than if Intel had accepted AVM's offer.  Intel's most recent, overbroad waiver arguments prove that AVM was right to be cautious.

The Honorable Mary Pat Thynge
Page 2

      AVM faced a Catch-22: A full airing of its arguments regarding privilege, work product, and common interest (collectively, "privilege") would have required disclosing portions of the documents that establish the privilege.  But doing so risked Intel arguing waiver.  AVM chose caution and offered the documents to the Court for *in camera* review.  In its submission, AVM included an index (as requested by the Court) and cover letter to assist the Court in reviewing how the documents correspond to the multiple legal doctrines at issue.

      Intel's argument that AVM somehow waived its privilege claims is baseless.  First, the argument is premised on mischaracterizing AVM's cover letter as *ex parte*, which it plainly was not.  Second, even the cases Intel cites regarding actual *ex parte* communications do not support Intel's premise that, by including within its cover letter references to privileged documents, AVM has waived privilege.  In both *In re S.D. Benner III, LLC*, 2014 WL 4536645 (Bankr. W.D. Mich. Sept. 9, 2014) and *Norris v. Growse*, 2011 WL 5509554 (E.D. Ky. Nov. 10, 2011), a litigant sent an *ex parte* communication to the trial judge, leading the judge to report the communication to all parties and order that it be filed on the docket.  In neither case was the communication part of an *in camera* submission of documents in order to evaluate claims of privilege, nor did any party assert any claims of privilege over the documents.  And the only quotation from *Shire LLC v. Amneal Pharm. LLC*, 2014 WL 1334225, at *1 (D.N.J. Apr. 1, 2014) regarding disclosure to a third party does not contemplate that *disclosure to a judge*, in order to evaluate privilege claims, would destroy the very privilege claims at issue.  To do so would eviscerate *in camera* review, which is standard procedure in the Third Circuit.  *See United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 965–66 (3d Cir. 1988) ("The proper procedure for such consideration [of privilege claims] is that which the defendants asked for in the first place; *in camera* inspection by the court.").

      The judicial canon of ethics upon which Intel relies instructs that, in the event of an actual *ex parte* communication, the adversary is entitled to notice "of the subject matter of the communication" and "an opportunity to respond, if requested."  Code of Conduct for U.S. Judges, Canon 3(A)(4).  Again, no *ex parte* communication occurred.  Regardless, Intel has received an actual copy of the cover letter, redacted to protect privileged factual references—in other words, far more than more than mere notice of the "subject matter of the communication"—as well as AVM's agreement not to oppose Intel's submitting a response.

      But Intel wants even more.  It seeks to use a simple letter as an excuse to invade AVM's privileged materials, which are protected by the attorney-client, work product, and common interest doctrines.  Intel's conduct shows that AVM was prudent in not disclosing any of the details of the facts underlying its privilege claims in its letters or the telephone conference with the Court.  AVM respectfully requests that the Court deny Intel's request to order AVM to provide an unredacted version of the February 8, 2016 letter to the Court.

      Respectfully submitted,

      */s/ Benjamin J. Schladweiler*

      Benjamin J. Schladweiler (#4601)

cc:  All Counsel of Record