

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302  984-6147 Direct Phone
302  658-1192 Fax

March 24, 2016

**VIA ELECTRONIC FILING**

The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE  19801

    Re:    *AVM Technologies, LLC v. Intel Corporation, C.A. No. 15-33-RGA*

Dear Judge Andrews:

    Defendant Intel Corporation respectfully requests that the Court set a Case Management Conference at its earliest convenience to discuss AVM's recent expansion of the case and several case management issues arising from this expansion, as explained below.

1. Over a four-and-a-half month period, AVM has served five sets of infringement contentions that have expanded the scope of this case.  AVM served original infringement contentions on October 23, 2015, in which it accused 23 purported "Representative Circuits"; first supplemental infringement contentions on December 18, 2015, in which it accused 42 "Representative Circuits" and identified over 1 million circuits that AVM said it might later accuse of infringement; second supplemental infringement contentions on January 21, 2016, in which it accused 45 "Representative Circuits"; and third supplemental infringement contentions on February 22, 2016, in which it accused 53 "Representative Circuits," and over 1 million additional allegedly infringing circuits.  On March 7, 2016, less than two months before the close of fact discovery, AVM served amended infringement contentions in which it asserted additional claims and infringement theories against circuits previously identified, accused new circuits and dropped others, and, in total, now asserts infringement by over 1.5 million circuits.

2. In its evolving infringement contentions, AVM provided contentions for the first time in late January for five additional claims, bringing the total number of asserted claims to 19.  As noted, AVM now alleges that more than 1.5 million circuits infringe and has been adding accused circuits as recently as its March 7 amended contentions.  Based on the information Intel produced last year, many of these circuits could have been accused months ago, and all of the newly asserted claims could have been

The Honorable Richard G. Andrews
March 24, 2016
Page 2

    asserted months ago.  Intel will move to strike AVM's late-disclosed contentions, but for now, they are in the case.

3. These shifting and expanding allegations have several implications for the current case schedule and trial, particularly in light of the current fact discovery deadline on April 22.  First, the newly asserted claims will require additional claim construction, as these claims were not asserted in the first case between the parties, or until recently, asserted in this case and thus the AVM I Markman order on which this case currently relies does not address terms in these claims.  Second, Intel requires additional time for expert analysis and discovery in order to address AVM's expanded allegations.  Third, the expanded allegations will affect the claim preclusion and *Kessler* issues the Court will need to decide before trial.  Fourth, the expanded allegations will affect the number and scope of summary judgment motions.  Fifth, the expanded allegations will surely affect the length of trial, currently scheduled for five days.

Intel respectfully requests a conference to address these issues at the Court's earliest convenience.  Intel raised this issue with AVM, which stated that it would not join in Intel's request for a status conference but was willing to discuss scheduling adjustments.

                                            Respectfully,

                                            */s/ David E. Moore*

                                            David E. Moore

DEM:nmt/1219598/42223

cc:    Clerk of Court (via Hand Delivery)
        Counsel of Record (via Electronic Mail)