# **EXHIBIT A**

**Benjamin J. Schladweiler**

| | |
|---|---|
| **From:** | Palapura, Bindu A. <bpalapura@potteranderson.com> |
| **Sent:** | Friday, March 04, 2016 11:15 AM |
| **To:** | Benjamin J. Schladweiler |
| **Subject:** | FW: AVM Technologies LLC v. Intel Corporation |

**From:** Specht, Claire [mailto:Claire.Specht@wilmerhale.com]
**Sent:** Tuesday, March 01, 2016 8:26 PM
**To:** Patrick Lafferty <PLafferty@BSFLLP.com>; Zubler, Todd <Todd.Zubler@wilmerhale.com>; Goldman, Kevin <Kevin.Goldman@wilmerhale.com>
**Cc:** 'dboies@bsfllp.com'; 'rbaxter@bsfllp.com'; 'munderhill@bsfllp.com'; 'rmeyer@bsfllp.com'; 'teppley@bsfllp.com'; 'jknight@bsfllp.com'; 'cgood@bsfllp.com'; 'pbagley@bsfllp.com'; 'etakashima@bsfllp.com'; Benjamin J. Schladweiler <BSchladweiler@ramllp.com>; Assistants <Assistants@ramllp.com>; Jennifer Lano <JLano@ramllp.com>; Horwitz, Richard L. <rhorwitz@Potteranderson.com>; 'ipservice@potteranderson.com'; Moore, David E. <dmoore@potteranderson.com>; Palapura, Bindu A. <bpalapura@potteranderson.com>; 'david.marcus@wilmerhale.com'; 'william.lee@wilmerhale.com'; 'jordan.hirsch@wilmerhale.com'; AVM <avm@BSFLLP.com>; 'lauren.fletcher@wilmerhale.com'; 'kevin.goldman@wilmerhale.com'; 'claire.specht@wilmerhale.com'; 'jason.kipnis@wilmerhale.com'
**Subject:** RE: AVM Technologies LLC v. Intel Corporation

Patrick,

Thank you for meeting-and-conferring with us today. I write to provide a summary of the parties' meet-and-confer, as well as to provide the supplemental information Intel stated on the meet-and-confer it would provide.

1. With respect to AVM's discovery requests related to "binning," as we indicated on the meet-and-confer, we have collected the binning documents and are in the process of producing them. Intel expects to produce such non-privileged "binning" documents to the extent it agreed to do so in Intel's response to AVM RFP No. 78 by March 11, 2016. In addition, Intel will supplement its response to AVM Interrogatory No. 36 by March 11, 2016.

2. With respect to AVM's discovery requests directed at "wafer characterization data," Intel is diligently working to collect documents responsive to AVM's RFP No. 79. Intel will provide an update as to its status on collecting this information as soon as reasonably possible.

3. As to the issues raised in Richard Meyer's email to David Marcus dated February 24, 2016, Intel will provide a written response by the morning of March 3, 2016, at the latest. Intel proposes meeting-and-conferring on whichever issues AVM wants to address on March 3 at 4:30 p.m. ET. Please let us know AVM's availability.

4. Through multiple emails between the parties, Intel has noted that AVM's production of "new" documents in this case from AVM's files that post-date final judgment in the Prior Litigation is almost non-existent. AVM's total production of documents in this case consists almost entirely of AVM's production from the prior litigation, public domain materials, third party reverse engineering reports, and Mr. Tran's communications with his children's school and his church. AVM indicated during the meet-and-confer today that, barring further order from the Court, AVM's production on Friday, February 26, 2016, completed its production of email in this case. The parties are at impasse with respect to the contents and scope of AVM's production in this case.

5. With respect to AVM's supplementation of its responses to Intel's interrogatories, AVM confirmed that it will provide a supplemental response to Intel Interrogatory No. 16 by March 4, 2016. Intel noted that it had received AVM's supplemental response to Intel Interrogatory No. 19A, and that AVM's response is still deficient: it still fails to identify the specific facts upon which AVM intends to rely with respect to AVM's claimed damages and has still yet to identify any license agreements that AVM believes are comparable. AVM's supplemental response to this interrogatory is still inadequate, especially given the amount of information Intel has produced. The parties are at an impasse with respect to this interrogatory.

With respect to the other interrogatories on which Intel requested in January that AVM supplement its responses (Intel Interrogatory Nos. 1, 3, 10, and 13), AVM committed to get back to Intel this week with dates as to when it will provide supplementations to those interrogatories.

6. As to the scripts and/or coding AVM used to generate the Computerized Reports AVM relies upon in its infringement contentions, Intel noted that without the scripts, Intel cannot understand AVM's infringement contentions, and that, by relying on the outputs of those scripts and/or coding in AVM's infringement contentions, AVM has waived any claims of work product it contends exist. Indeed, if AVM is relying on those scripts and/or coding—as it has in its infringement contentions—Intel is entitled to them, and AVM risks preclusion if it relies on the outputs of these scripts and/or coding but does not provide them to Intel. The parties are at impasse on this issue.

Regards,
Claire

**Claire M. Specht | WilmerHale**
+1 617 526 6924 (t)
claire.specht@wilmerhale.com

---

**From:** Patrick Lafferty [mailto:PLafferty@BSFLLP.com]
**Sent:** Monday, February 29, 2016 5:53 PM
**To:** Specht, Claire; Zubler, Todd; Goldman, Kevin
**Cc:** 'dboies@bsfllp.com'; 'rbaxter@bsfllp.com'; 'munderhill@bsfllp.com'; 'rmeyer@bsfllp.com'; 'teppley@bsfllp.com'; 'jknight@bsfllp.com'; 'cgood@bsfllp.com'; 'pbagley@bsfllp.com'; 'etakashima@bsfllp.com'; Benjamin J. Schladweiler; Assistants; Jennifer Lano; RHorwitz@potteranderson.com; 'ipservice@potteranderson.com'; dmoore@potteranderson.com; bpalapura@potteranderson.com; 'david.marcus@wilmerhale.com'; 'william.lee@wilmerhale.com'; 'jordan.hirsch@wilmerhale.com'; AVM; 'lauren.fletcher@wilmerhale.com'; 'kevin.goldman@wilmerhale.com'; 'claire.specht@wilmerhale.com'; 'jason.kipnis@wilmerhale.com'
**Subject:** RE: AVM Technologies LLC v. Intel Corporation

Confirmed.

**Patrick M. Lafferty**
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W., 8th Floor
Washington, D.C. 20015
202.895.5241 (direct)
202.237.6131 (fax)
703.867.2407 (cell)
plafferty@bsfllp.com

---

**From:** Specht, Claire [mailto:Claire.Specht@wilmerhale.com]
**Sent:** Monday, February 29, 2016 5:46 PM
**To:** Zubler, Todd; Patrick Lafferty; Goldman, Kevin
**Cc:** 'dboies@bsfllp.com'; 'rbaxter@bsfllp.com'; 'munderhill@bsfllp.com'; 'rmeyer@bsfllp.com'; 'teppley@bsfllp.com';

'jknight@bsfllp.com'; 'cgood@bsfllp.com'; 'pbagley@bsfllp.com'; 'etakashima@bsfllp.com'; Benjamin J. Schladweiler; Assistants; Jennifer Lano; RHorwitz@potteranderson.com; 'ipservice@potteranderson.com'; dmoore@potteranderson.com; bpalapura@potteranderson.com; 'david.marcus@wilmerhale.com'; 'william.lee@wilmerhale.com'; 'jordan.hirsch@wilmerhale.com'; AVM; 'lauren.fletcher@wilmerhale.com'; 'kevin.goldman@wilmerhale.com'; 'claire.specht@wilmerhale.com'; 'jason.kipnis@wilmerhale.com'
**Subject:** RE: AVM Technologies LLC v. Intel Corporation

Patrick,

We have not heard whether AVM is available to meet-and-confer at 1:00pm tomorrow.  Please confirm AVM's availability at your earliest convenience.

Regards,
Claire

**Claire M. Specht | WilmerHale**
+1 617 526 6924 (t)
claire.specht@wilmerhale.com

---

**From:** Zubler, Todd
**Sent:** Friday, February 26, 2016 9:48 AM
**To:** Patrick Lafferty; Specht, Claire; Goldman, Kevin
**Cc:** 'dboies@bsfllp.com'; 'rbaxter@bsfllp.com'; 'munderhill@bsfllp.com'; 'rmeyer@bsfllp.com'; 'teppley@bsfllp.com'; 'jknight@bsfllp.com'; 'cgood@bsfllp.com'; 'pbagley@bsfllp.com'; 'etakashima@bsfllp.com'; Benjamin J. Schladweiler; Assistants; Jennifer Lano; RHorwitz@potteranderson.com; 'ipservice@potteranderson.com'; dmoore@potteranderson.com; bpalapura@potteranderson.com; 'david.marcus@wilmerhale.com'; 'william.lee@wilmerhale.com'; 'jordan.hirsch@wilmerhale.com'; AVM; 'lauren.fletcher@wilmerhale.com'; 'kevin.goldman@wilmerhale.com'; 'claire.specht@wilmerhale.com'; 'jason.kipnis@wilmerhale.com'
**Subject:** RE: AVM Technologies LLC v. Intel Corporation

Patrick,

We disagree with your assertions below, and we'd propose next Tuesday at 1 pm EST for a meet-and-confer regarding the issues raised in my February 23 letters and the two issues raised in Richard's February 24 email.  If that time works for AVM, we can use this dial-in:



Regards,

Todd

---

**From:** Patrick Lafferty [mailto:PLafferty@BSFLLP.com]
**Sent:** Friday, February 26, 2016 9:40 AM
**To:** Specht, Claire; Goldman, Kevin; Zubler, Todd
**Cc:** 'dboies@bsfllp.com'; 'rbaxter@bsfllp.com'; 'munderhill@bsfllp.com'; 'rmeyer@bsfllp.com'; 'teppley@bsfllp.com'; 'jknight@bsfllp.com'; 'cgood@bsfllp.com'; 'pbagley@bsfllp.com'; 'etakashima@bsfllp.com'; Benjamin J. Schladweiler; Assistants; Jennifer Lano; RHorwitz@potteranderson.com; 'ipservice@potteranderson.com'; dmoore@potteranderson.com; bpalapura@potteranderson.com; 'david.marcus@wilmerhale.com'; 'william.lee@wilmerhale.com'; 'jordan.hirsch@wilmerhale.com'; AVM; 'lauren.fletcher@wilmerhale.com';

'kevin.goldman@wilmerhale.com'; 'claire.specht@wilmerhale.com'; 'jason.kipnis@wilmerhale.com'
**Subject:** RE: AVM Technologies LLC v. Intel Corporation

Todd,

I write in response to your February 23 letter regarding AVM's work product on the Secured Computer.  As we explained in my February 22 email, Intel is not entitled to any of AVM's work product. Nor does the fact that Intel included a large number of infringing circuits in its Accused Product justify such an intrusion.  Your only argument—that AVM has somehow "waived" this protection—is based on the incorrect premise that AVM is relying on the "scripts and/or coding" themselves for its infringement contentions.  It is not.  AVM is relying on the individual identification of, and corresponding information for, each of the infringing circuits included in the Initial Infringement Contention reports on the Secured Computer, as well as its Representative Claim Charts and infringement contention disclosure statement.  Intel has all of the information it needs to individually assess the infringement of each of those circuits—indeed, AVM relies only on information that Intel produced.  Thus, the *Koninklijke Philips Elecs. N.V. v. ZOLL Med. Corp*. case you cite, where the subject of the discovery dispute were test results of the accused product that generated new data relied on by one party to show infringement, is readily distinguishable.  And the general "sword and shield" case law you cite is not relevant.

If you would like to discuss further, we propose including this topic on the meet and confer AVM proposed for Monday or Tuesday of next week.  (See 2016-02-24 R. Meyer email to D. Marcus).

As an aside, although we believe AVM's Infringement Contentions, including the information included in the Initial Infringement Contention reports on the Secured Computer, are more than sufficient to provide notice of infringement by each of the identified circuits, we are preparing amended reports to address Intel's alleged concerns.  I note that Intel had these Initial Infringement Contention reports since October 23, but waited until February 19—almost four months later—to raise any alleged issues.  Nonetheless, we anticipate providing Amended Infringement Contentions, including Amended Infringement Contention reports, early next week.

Regards,

Patrick

**Patrick M. Lafferty**
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W., 8th Floor
Washington, D.C.  20015
202.895.5241 (direct)
202.237.6131 (fax)
703.867.2407 (cell)
plafferty@bsfllp.com

---

**From:** Specht, Claire [mailto:Claire.Specht@wilmerhale.com]
**Sent:** Tuesday, February 23, 2016 8:13 PM
**To:** Patrick Lafferty; Goldman, Kevin; Zubler, Todd
**Cc:** 'dboies@bsfllp.com'; 'rbaxter@bsfllp.com'; 'munderhill@bsfllp.com'; 'rmeyer@bsfllp.com'; 'teppley@bsfllp.com'; 'jknight@bsfllp.com'; 'cgood@bsfllp.com'; 'pbagley@bsfllp.com'; 'etakashima@bsfllp.com'; Benjamin J. Schladweiler; Assistants; Jennifer Lano; RHorwitz@potteranderson.com; 'ipservice@potteranderson.com'; dmoore@potteranderson.com; bpalapura@potteranderson.com; 'david.marcus@wilmerhale.com'; 'william.lee@wilmerhale.com'; 'jordan.hirsch@wilmerhale.com'; AVM; 'lauren.fletcher@wilmerhale.com'; 'kevin.goldman@wilmerhale.com'; 'claire.specht@wilmerhale.com'; 'jason.kipnis@wilmerhale.com'
**Subject:** RE: AVM Technologies LLC v. Intel Corporation

Patrick,

Please see the attached correspondence.

Regards,
Claire

**Claire M. Specht | WilmerHale**
+1 617 526 6924 (t)
claire.specht@wilmerhale.com

---

**From:** Patrick Lafferty [mailto:PLafferty@BSFLLP.com]
**Sent:** Thursday, February 18, 2016 12:59 PM
**To:** Goldman, Kevin; Zubler, Todd
**Cc:** 'dboies@bsfllp.com'; 'rbaxter@bsfllp.com'; 'munderhill@bsfllp.com'; 'rmeyer@bsfllp.com'; 'teppley@bsfllp.com'; 'jknight@bsfllp.com'; 'cgood@bsfllp.com'; 'pbagley@bsfllp.com'; 'etakashima@bsfllp.com'; Benjamin J. Schladweiler; Assistants; Jennifer Lano; RHorwitz@potteranderson.com; 'ipservice@potteranderson.com'; dmoore@potteranderson.com; bpalapura@potteranderson.com; 'david.marcus@wilmerhale.com'; 'william.lee@wilmerhale.com'; 'jordan.hirsch@wilmerhale.com'; AVM; 'lauren.fletcher@wilmerhale.com'; 'kevin.goldman@wilmerhale.com'; 'claire.specht@wilmerhale.com'; 'jason.kipnis@wilmerhale.com'
**Subject:** RE: AVM Technologies LLC v. Intel Corporation

Todd,

I write in response to your letter of February 16, in which you request a production "no later than February 19." I assume that you recall that we already communicated on this subject matter on December 10 and 18. You will not be surprised to learn that we are not going to provide "the scripts and/or coding used to generate the reports . . .," which is our work product we created to assist us in preparing our preliminary infringement analysis. Your request is also inconsistent with the Protective Order, which prohibits Intel from attempting to determine what portions of the Secured Computer Information we have reviewed or the manner in which the review was conducted. (D.I. 129 ("The Producing Party shall not undertake any effort to determine which pages or portions of OUTSIDE COUNSEL'S EYES ONLY - COMPUTER SOURCE CODE have been reviewed during the inspection. The Producing Party shall not record by videotape or other means the actual review of OUTSIDE COUNSEL'S EYES ONLY –COMPUTER SOURCE CODE by the Receiving Party."). If you still believe that you are entitled to our work product, we are willing to promptly meet and confer, so that you can bring the matter to the Court's attention. In advance of any such call, please provide any legal authority you believe supports your position.

Regards,

Patrick

**Patrick M. Lafferty**
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W., 8th Floor
Washington, D.C. 20015
202.895.5241 (direct)
202.237.6131 (fax)
703.867.2407 (cell)
plafferty@bsfllp.com

---

**From:** Goldman, Kevin [mailto:Kevin.Goldman@wilmerhale.com]
**Sent:** Tuesday, February 16, 2016 8:30 PM
**To:** Patrick Lafferty
**Cc:** 'dboies@bsfllp.com'; 'rbaxter@bsfllp.com'; 'munderhill@bsfllp.com'; 'rmeyer@bsfllp.com'; 'teppley@bsfllp.com';

5

'jknight@bsfllp.com'; 'cgood@bsfllp.com'; 'pbagley@bsfllp.com'; 'etakashima@bsfllp.com'; Benjamin J. Schladweiler; Assistants; Jennifer Lano; RHorwitz@potteranderson.com; 'ipservice@potteranderson.com'; dmoore@potteranderson.com; bpalapura@potteranderson.com; 'david.marcus@wilmerhale.com'; 'william.lee@wilmerhale.com'; 'jordan.hirsch@wilmerhale.com'; AVM; 'lauren.fletcher@wilmerhale.com'; 'kevin.goldman@wilmerhale.com'; 'claire.specht@wilmerhale.com'; 'jason.kipnis@wilmerhale.com'; Zubler, Todd
**Subject:** AVM Technologies LLC v. Intel Corporation

Patrick,
Please see the attached correspondence.
Best,
Kevin

**Kevin Goldman | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6442 (t)
+1 617 526 5000 (f)
kevin.goldman@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]