# EXHIBIT B

## Jon Knight

| | |
|---|---|
| **From:** | Specht, Claire <Claire.Specht@wilmerhale.com> |
| **Sent:** | Wednesday, March 09, 2016 6:41 PM |
| **To:** | Rosanne C. Baxter; Jon Knight; Patrick Lafferty; Zubler, Todd; Goldman, Kevin |
| **Cc:** | 'dboies@bsfllp.com'; 'rbaxter@bsfllp.com'; 'munderhill@bsfllp.com'; 'rmeyer@bsfllp.com'; 'teppley@bsfllp.com'; 'jknight@bsfllp.com'; 'cgood@bsfllp.com'; 'pbagley@bsfllp.com'; 'etakashima@bsfllp.com'; Benjamin J. Schladweiler; Assistants; Jennifer Lano; RHorwitz@potteranderson.com; 'ipservice@potteranderson.com'; dmoore@potteranderson.com; bpalapura@potteranderson.com; 'david.marcus@wilmerhale.com'; 'william.lee@wilmerhale.com'; 'jordan.hirsch@wilmerhale.com'; AVM; 'lauren.fletcher@wilmerhale.com'; 'kevin.goldman@wilmerhale.com'; 'claire.specht@wilmerhale.com'; 'jason.kipnis@wilmerhale.com' |
| **Subject:** | RE: AVM Technologies LLC v. Intel Corporation |

Counsel,

I write to summarize the parties' meet-and-confers on March 8 and March 9.

1. AVM's February 24 Email:

   a) With respect to AVM's requests for wafer characterization data, while AVM acknowledged that Intel is in the process of collecting the wafer characterization data, AVM informed Intel that AVM may seek an extension of fact discovery with respect to the wafer characterization data-related discovery depending on when Intel produces such information.

   b) With respect to Intel's response to AVM Interrogatory No. 33, Intel explained that its response—which points to specific files ████████████████████████—complies with Rule 33(d).  AVM's request that Intel identify information for particular circuit conditions would require Intel to conduct extensive analysis (which AVM is equally capable of performing), and is unduly burdensome and disproportionate to the needs of the case.  AVM has declared the parties at impasse with respect to the level of specificity in Intel's response.

   c) As to Intel's response to AVM Interrogatory No. 38, Intel informed AVM that ████████████████ ████████████████████████████████████████████████████████ Intel further explained that, in its response to AVM's interrogatory, it identified the analyses used to estimate timing parameters that Intel generates, but properly noted that, by identifying such analyses, Intel was not admitting that they were relevant.  AVM declared impasse as to the response to this interrogatory.

   d) Intel explained that, as currently posed, AVM's request for further information related to its cost-sharing submission for restoring the archived GPU data and reservation of rights to take further informal and formal discovery, would cause Intel to incur more costs than it is currently seeking under its cost-sharing proposal.  AVM declined to make a compromise offer.  Intel agreed to let AVM know by Friday, March 11, whether and what types of information Intel would be willing to provide in relation to its cost-sharing request conditioned on AVM's agreement not to take further discovery if Intel provides further agreed upon information.

   e) As to AVM's request that Intel produce litigation materials from the *Future Link* case, Intel stated that it would consider producing materials from the *Future Link* case if AVM showed technological comparability between the two cases—which Judge Thynge made clear was AVM's burden.  AVM has not made any such showing.

2. <u>AVM's Privilege Log:</u>

    a) 

3. <u>Intel's Privilege Log:</u>



4. <u>AVM's Responses to Intel's Interrogatories:</u>

    a) With respect to AVM's response to Intel Interrogatory No. 16, AVM confirmed that, at this time, it is only asserting that Intel has purportedly copied and purportedly praised the invention claimed in the '547 patent, and that AVM is only asserting that the Intel products accused in the present litigation and the prior litigation have been commercially successful due to their alleged practice of the invention claimed in the '547 patent. AVM stated that it has no evidence of any "others." While AVM asserted its right to supplement this interrogatory to identify other entities and products, Intel explained that its failure to timely provide Intel with such information is improper and impedes Intel's ability to perform additional discovery. Intel will seek to preclude AVM from presenting evidence of "others," as it conceded it has none.

    b) As to AVM's response to Intel Interrogatory No. 7, AVM confirmed that it does not have an answer as to a quantification of the amount of money and hours spent in conception and reduction to practice, but reserved its right to supplement to include such a number. As Intel explained, failure to timely disclose such information impedes Intel's ability to take additional discovery. This interrogatory calls for information that is entirely within AVM's control and does not depend on any information from Intel; accordingly, Intel will move to preclude AVM from presenting such information.

5. <u>AVM's Infringement Contentions:</u>

    a) AVM is going to provide alternative times and dates this week for the parties to meet-and-confer on AVM's infringement contentions.

    b) AVM confirmed that, at this time, it does not believe that it would be further supplementing or amending its infringement contentions; however, AVM reserved the right to do so.

6.  <u>Court Status Conference:</u>

   a)  Intel informed AVM that it intends to move for a status conference before the Court to notify the Court of changes in the scope of the case.  These changes include that AVM has now accused over ▮▮▮▮ circuits of infringement, that AVM has been amending its infringement contentions deep into the discovery period and continues to reserve its right to amend its infringement contentions, that AVM has asserted new claims of the '547 patent which may require claim construction, that the timeline for expert discovery is no longer reasonable, that the case cannot realistically be tried in 5 days as currently set, and the scope and timing of the preclusion issues in this case.

   b)  AVM would confer with its team as to whether it will agree to jointly move for a status conference.

Regards,
Claire

**Claire M. Specht | WilmerHale**
+1 617 526 6924 (t)
claire.specht@wilmerhale.com

---

**From:** Specht, Claire
**Sent:** Tuesday, March 08, 2016 7:30 PM
**To:** 'Rosanne C. Baxter'; 'Jon Knight'; 'Patrick Lafferty'; Zubler, Todd; Goldman, Kevin
**Cc:** 'dboies@bsfllp.com'; 'rbaxter@bsfllp.com'; 'munderhill@bsfllp.com'; 'rmeyer@bsfllp.com'; 'teppley@bsfllp.com'; 'jknight@bsfllp.com'; 'cgood@bsfllp.com'; 'pbagley@bsfllp.com'; 'etakashima@bsfllp.com'; 'Benjamin J. Schladweiler'; 'Assistants'; 'Jennifer Lano'; RHorwitz@potteranderson.com; 'ipservice@potteranderson.com'; dmoore@potteranderson.com; bpalapura@potteranderson.com; 'david.marcus@wilmerhale.com'; 'william.lee@wilmerhale.com'; 'jordan.hirsch@wilmerhale.com'; 'AVM'; 'lauren.fletcher@wilmerhale.com'; 'kevin.goldman@wilmerhale.com'; 'claire.specht@wilmerhale.com'; 'jason.kipnis@wilmerhale.com'
**Subject:** RE: AVM Technologies LLC v. Intel Corporation

Counsel,

Intel is available to meet-and-confer from 10:00am ET – 11:00am ET tomorrow.

Please use the following information for tomorrow's call:



As to the issues to be addressed during that meet-and-confer, with respect to deficiencies in AVM's interrogatory responses, Intel first raised these deficiencies on January 12, 2016.  *See* Letter from Zubler to Knight (Jan. 12, 2016).  Yet, AVM's supplemental interrogatory responses still fail address those deficiencies.  *See* Letter from Zubler to Knight (Mar. 7, 2016).  Similarly, Intel raised issues with AVM's infringement contentions on February 19 and again on March 4.  *See* Letter from Zubler to Lafferty (Feb. 19, 2016); Letter from Zubler to Knight (Mar. 4, 2016).  Given that these issues have been lingering for a while, we think it is appropriate to discuss the continued deficiencies in AVM's interrogatory responses and the deficiencies in AVM's infringement contentions on tomorrow's meet-and-confer.  If AVM maintains its position that it will not discuss these issues on tomorrow's meet-and-confer, please provide additional dates and times for the parties to meet-and-confer this week to address these issues.

Regards,
Claire