# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AVM TECHNOLOGIES, LLC,<br>a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br>a Delaware Corporation,<br><br>Defendant. | ) | C.A. No. 15-33-RGA<br><br>**CONTAINS OUTSIDE COUNSEL'S EYES ONLY INFORMATION - SUBJECT TO PROTECTIVE ORDER** |

**AVM TECHNOLOGIES, LLC'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT INTEL CORPORATION'S INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff AVM Technologies, LLC ("AVM") hereby provides the following supplemental responses to Defendant Intel Corporation's ("Intel") interrogatories. AVM reserves its right to further supplement its responses to Intel's interrogatories in due course.

## GENERAL OBJECTIONS

AVM incorporates the General Objections and Objections to Definitions identified in AVM's Responses and Objections to Intel's First Set of Interrogatories (Nos. 1-6), Second Set of Interrogatories (Nos. 7-24), Third Set of Interrogatories (Nos. 17A-19A), and Fourth Set of Interrogatories (Nos. 20A-21A), as if fully set forth herein.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiving the objections above, AVM responds to specific Interrogatories as follows:

### INTERROGATORY NO. 19A

Describe and explain the bases for all damages that AVM claims it has suffered or will suffer as a consequence of Intel's actions. Your answer should include an identification of any

license agreements that AVM contends may be relevant to AVM's purported damages.

**RESPONSE NO. 19A**

AVM reiterates and incorporates the General Objections stated above. AVM specifically objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome due to the term "as a consequence of Intel's actions." AVM objects to this Interrogatory to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or relevant to the parties' claims or defenses. AVM objects to this Interrogatory to the extent AVM would have to draw a legal conclusion, engage in legal or expert analysis, and/or render expert opinions in order to respond. AVM further objects to this Interrogatory to the extent it seeks the premature disclosure of expert opinions as inconsistent with the Scheduling Order. AVM objects to this Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, protection, statute, or case law. AVM objects to this Interrogatory to the extent it seeks information relating to, or in the possession, custody or control of, a third party. AVM objects to this Interrogatory to the extent it seeks information that is equally available to Intel. AVM objects to this Interrogatory on the ground that discovery in this case is ongoing.

Subject to and without waiving the preceding General and Specific Objections, based on a reasonable investigation to date, which is ongoing, and to the extent AVM understands this Interrogatory, AVM responds as follows: It is impossible for AVM to respond to this Interrogatory until Intel completes its document production and AVM's experts analyze relevant information and documents in response to AVM's interrogatories and requests for production of documents.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19A:**

Subject to and without waiving its previous General Objections and Specific Objections, and based on a reasonable investigation to date, which is ongoing, AVM supplements its response as follows:

AVM reiterates that it is impossible for AVM to fully respond to this Interrogatory until Intel completes its document production, provides full and complete verified answers to AVM's Interrogatories, including Interrogatory Nos. 3-5, 12-13, 15, 19, and 29-30, provides corporate testimony in response to AVM's 30(b)(6) notice, and AVM's experts analyze relevant information and documents in response to AVM's interrogatories and requests for production of documents. AVM therefore reserves the right to supplement or amend the responses herein as fact and expert discovery progress.





5



Respectfully submitted,

As to Objections:

ROSS ARONSTAM & MORITZ LLP

*Of Counsel*:

*/s/ Benjamin J. Schladweiler*

Benjamin J. Schladweiler (#4601)
100 S. West Street, Suite 400
Wilmington, DE 19801
(302) 576-1600
bschladweiler@ramllp.com

*Counsel for Plaintiff AVM Technologies, LLC*

David Boies
Rosanne C. Baxter
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
dboies@bsfllp.com
rbaxter@bsfllp.com

D. Michael Underhill
Richard S. Meyer
Patrick M. Lafferty
Jon R. Knight
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
munderhill@bsfllp.com
rmeyer@bsfllp.com
plafferty@bsfllp.com
jknight@bsfllp.com

Parker H. Bagley
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 800
Oakland, CA 94612
pbagley@bsfllp.com

Edward H. Takashima
BOIES, SCHILLER & FLEXNER LLP
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401
etakashima@bsfllp.com

Dated: February 29, 2016

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AVM TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 15-33-RGA |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**VERIFICATION**

Acting on behalf of AVM Technologies, LLC, and having reviewed the foregoing answers, I declare, under penalty of perjury, that AVM Technologies, LLC's Second Supplemental Responses to Intel's Interrogatories are true and accurate to the best of my knowledge, information and belief.

______________________________

Dzung Joseph Tran

Feb. 29th, 2016

Date

**CERTIFICATE OF SERVICE**

I, Benjamin J. Schladweiler, hereby certify that on February 29, 2016, a true copy of the foregoing ***AVM Technologies, LLC's Second Supplemental Responses to Defendant Intel Corporation's Interrogatories*** was served via electronic mail upon the following counsel of record:

Richard L. Horwitz
David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

David C. Marcus
Nancy Lynn Schroeder
WILMERHALE
350 South Grand Avenue
Suite 2100
Los Angeles, CA 90071
david.marcus@wilmerhale.com
nancy.schroeder@wilmerhale.com

*Counsel for Defendant Intel Corporation*

William F. Lee
Jordan L. Hirsch
Lauren B. Fletcher
Kevin A. Goldman
Claire M. Specht
WILMERHALE
60 State Street
Boston, MA 02109
william.lee@wilmerhale.com
jordan.hirsch@wilmerhale.com
lauren.fletcher@wilmerhale.com
kevin.goldman@wilmerhale.com
claire.specht@wilmerhale.com

Jason Kipnis
WILMERHALE
950 Page Mill Road
Palo Alto, CA 94304
jason.kipnis@wilmerhale.com

Todd Zubler
WILMERHALE
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
todd.zubler@wilmerhale.com

*Counsel for Defendant Intel Corporation*

*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)