

100 S. West Street, Suite 400 • Wilmington, DE 19801
Telephone 302.576.1600 • Facsimile 302.576.1100
www.ramllp.com

Benjamin J. Schladweiler
bschladweiler@ramllp.com

**VIA E-FILING & HAND DELIVERY**
The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

March 31, 2016
**HIGHLY CONFIDENTIAL**
**ATTORNEY'S EYES ONLY**
**REDACTED PUBLIC VERSION**

Re: <u>*AVM Technologies, LLC v. Intel Corporation*, C.A. No. 15-33-RGA</u>

Dear Judge Andrews:

Plaintiff AVM Technologies, LLC respectfully responds to the request for changes to the trial and pre-trial schedule contained in Defendant Intel Corporation's March 24, 2016 letter ("Intel Letter"). (D.I. 219). AVM addresses Intel's points in order.

1. The number of circuits in the four accused product designs identified in AVM's infringement case has contracted, not "expanded," since October 23, 2015. Intel's March 17, 2016 letter to Magistrate Judge Thynge presents a far different—and more accurate—picture about the number of identified circuits than its latest letter to the Court. In it, Intel admits that:

   - on October 23, 2015, AVM identified "approximately ▮▮▮▮ dynamic circuits" that may infringe the claims of the '547 patent (D.I. 208 at 2); and

   - in January 2016 AVM identified ▮▮▮▮ circuits that may infringe. (*Id.*).

By March 7, 2016, AVM *reduced* the number of circuits to around ▮▮▮▮. In addition to identifying the circuits and providing notice of infringement, AVM initially provided Intel with even more detailed analyses of 23 representative circuits and, by February 2016, expanded those analyses to include 53 representative circuits. The ▮▮▮▮ circuits are not discrete products; each individual chip includes ▮▮▮▮▮▮ circuits that incorporate the '547 claimed inventions.

AVM acted responsibly and diligently to timely carry out the enormous task of identifying infringing circuits. It generated initial infringement contentions only a few months after receiving Intel's core technical document production. And AVM promptly amended its contentions as it continued to investigate the products and as its understanding of the circuits evolved through discovery.

The complexity of AVM's task was dramatically increased by Intel's delay in producing usable information. Intel's assertion that "[b]ased on information Intel produced last year, many of these circuits *could* have been accused months ago" (Intel Letter at 1, ¶ 2 (emphasis added)) is

The Honorable Richard G. Andrews
Page 2

incorrect. Intel first produced hundreds of thousands of pages of schematics in non-native format, many of them illegible or hard to read, and refused to provide other essential information. (D.I. 66; D.I. 88). Intel finally produced much of this information—but not until after the Court forced it to do so, and not until after AVM's October initial infringement contentions. Persistent problems—such as Intel's failure to ensure that necessary licenses for the secured computers were maintained—have repeatedly delayed AVM's analysis. Despite these roadblocks, AVM nevertheless produced detailed infringement contentions that identified the circuitry, identified where information for the circuitry can be located on files in Intel-maintained computers, identified additional supporting documents, and identified through claim charts how the products infringe. Further, Intel sought and received copies of the electronic scripts used by AVM to assist in selecting the circuits that were identified and analyzed in AVM's March 2016 infringement analysis.

2.     Intel incorrectly describes the history of the claims that are at issue. On March 9, 2015, Intel placed claims 1-22 at issue, alleging in its counterclaim that it does not infringe "any claim" of the '547 patent. (D.I. 9 at 8). On May 25, 2015, the parties submitted a Joint Schedule agreeing, among other things, that in light of "this Court's prior *Markman* opinion for this patent in the prior litigation between the parties, further claim construction is not necessary at this time." (D.I. 31 at 7). In June 2015, AVM's Identification of Asserted Claims asserted claims 1-22, and AVM has since reduced the number of claims. Intel thus had notice for nearly 10 months that AVM was asserting up to 22 claims from the '547 patent—yet it waited until just weeks before the end of fact discovery to decide that it needed additional claim construction.[1] AVM is proceeding in accord with the Court's constructions of the patent from the prior case, as the parties agreed in the Scheduling Order, subject of course to the reservation of all appeal rights for those previously construed terms.

3.     Although AVM remains willing to discuss any sensible and feasible changes in the pre-trial schedule—and is awaiting a proposal from Intel—it strongly urges that no change be made to the December 12, 2016 trial date set by the Court.

                                            Respectfully submitted,

                                            */s/ Benjamin J. Schladweiler*

                                            Benjamin J. Schladweiler (#4601)

Enclosures
cc:  All Counsel of Record

---

[1] As set forth briefly above, and at length in each iteration of AVM's infringement contentions, Intel's delays in providing key data render unfounded Intel's assertions that AVM should have produced claim charts for all asserted claims in its Preliminary Infringement Contentions in October 2015. AVM will detail the deficiencies in Intel's production if and when, as Intel claims in its letter, Intel moves to strike AVM's contentions.