**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| AVM TECHNOLOGIES, LLC, a Delaware Limited Liability Company,<br><br>             Plaintiff,<br><br>     v.<br><br>INTEL CORPORATION, a Delaware Corporation,<br><br>             Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 15-33-RGA<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>) **REDACTED PUBLIC VERSION**<br>)<br>)<br>)<br>) |

**PLAINTIFF AVM'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER
STRIKING AVM'S MAY 10, 2016 INFRINGEMENT CONTENTIONS**

*Of Counsel*:

David Boies
Rosanne C. Baxter
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY  10504

D. Michael Underhill
Eric J. Maurer
Patrick M. Lafferty
Jon R. Knight
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C.  20015

Parker H. Bagley
BOIES, SCHILLER & FLEXNER LLP
435 Tasso Street, Suite 205
Palo Alto, CA  94301

Edward H. Takashima
BOIES, SCHILLER & FLEXNER LLP
401 Wilshire Boulevard, Suite 850
Santa Monica, CA  90401

Dated:  June 29, 2016

ROSS ARONSTAM & MORITZ LLP
Benjamin J. Schladweiler (#4601)
Nicholas D. Mozal (#5838)
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
bschladweiler@ramllp.com
nmozal@ramllp.com

*Counsel for Plaintiff AVM Technologies, LLC*

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. FACTUAL AND PROCEDURAL BACKGROUND ........................................ 2

III. STANDARD OF REVIEW ................................................................................. 4

IV. THE ORDER IS CONTRARY TO LAW BECAUSE THE *PENNYPACK* FACTORS WERE NOT APPLIED ................................................................... 4

V. AVM DISCLOSED ITS THEORY OF INFRINGEMENT IN JANUARY 2016 WHEN IT IDENTIFIED THE TRANSISTORS AT ISSUE. ................. 8

VI. INTEL'S ACTIONS DEMONSTRATE THAT IT IS NOT ENTITLED TO RELIEF ............................................................................................................. 10

VII. CONCLUSION ................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

*Abbott Labs. v. Lupin Ltd.*,
  C.A. 09-152-LPS, 2011 WL 1897322 (D. Del. May 19, 2011)................................................7

*Doe v. Hartford Life & Accident Ins. Co.*,
  237 F.R.D. 545 (D.N.J. 2006)..................................................................................................5

*EMC Corp. v. Pure Storage, Inc.*,
  C.A. 13-1985-RGA (D. Del. Oct. 2, 2015)..............................................................................7

*Goodman v. Lukens Steel Co.*,
  777 F.2d. 113 (3d Cir. 1985)....................................................................................................1

*Haines v. Liggett Grp., Inc.*,
  975 F.2d 81 (3d Cir. 1992)...................................................................................................4, 10

*Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*,
  C.A. 13-01316-JMS-TAB, 2015 WL 4458903 (S.D. Ind. July 21, 2015)............................5, 6

*Inventio AG v. ThyssenKrupp Elevator Corp.*,
  C.A. 08-00874-RGA, 2014 WL 468897 (D. Del. Feb. 3, 2014) .............................................7

*Ka'aina v. Kaua'i Island Util. Coop.*,
  C.A. 10-00169 ACK-LEK, 2010 WL 3834999 (D. Haw. Sept. 24, 2010)..............................6

*Lambda Optical Sols., LLC v. Alcatel-Lucent USA Inc.*,
  C.A. 10-487-RGA, 2013 WL 1776104 (D. Del. Apr. 17, 2013) .............................................8

*Masimo Corp. v. Philip Elec. N. Am. Corp.*,
  62 F. Supp. 3d 368 (D. Del. 2014)...........................................................................................4

*Mediostream, Inc. v. Microsoft Corp.*,
  208-CV-369CE, 2010 WL 4118589 (E.D. Tex. Oct. 18, 2010) ............................................10

*Meyers v. Pennypack Woods Home Ownership Ass'n*,
  559 F.2d 894 (3d Cir.1977)............................................................................................1, 5, 8

*WebXchange Inc. v. FedEx Corp.*,
  C.A. 08-133-JJF, 2010 WL 299240 (D. Del. Jan. 20, 2010) ...................................................5

I.     **INTRODUCTION**

AVM objects under Rule 72 to the Magistrate Judge's Order striking AVM's May 10, 2016 amended infringement contentions. (Ex. 1, June 13 Transcript at 77:18-81:1; D.I. 279 at 3-4.) The Order is contrary to law because it failed to address the key *Pennypack* factors. *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir.1977), *rev'd on other grounds*, *Goodman v. Lukens Steel Co.*, 777 F.2d. 113 (3d Cir. 1985). In addition, the Magistrate Judge's sole factual determination is clearly erroneous.

The Magistrate Judge struck AVM's amended contentions despite their not adding any new products, circuits, circuit elements, asserted claims, or infringement theories. Contrary to the Magistrate Judge's initial rationale for her ruling (Ex. 1 at 78:18-79:21), the parties *agree* that the May 10 supplementation focused on a particular circuit element that *AVM had identified in prior versions of its infringement contentions* (*id.* at 79:22-80:15). Specifically, AVM's supplementation was to four of its 57 claim charts, to clarify that a "transistor" that Intel's schematics had inaccurately depicted as a single transistor actually comprises multiple transistors—a fact that AVM determined by analyzing the voluminous data Intel produced only on the Secured Computers. (*Id.* at 64:2-66:23; D.I. 281 at 4; D.I. 281, Ex. E.)

Intel's letter brief to the Magistrate Judge failed to offer any proof that Intel was prejudiced by AVM's minor supplementation. As a result, the Magistrate Judged failed to consider—or if she did consider, explain—how this prejudice was allegedly present. In reality, there was no prejudice at all: AVM served its May 10 supplementation before *any* Rule 30(b)(6) depositions on technical topics; one month before the June 10 close of fact discovery for depositions; six weeks before the claim construction hearing; five-and-a-half months before Intel's non-infringement responsive expert report is due; and over a year before trial. (D.I. 252.)

The Magistrate Judge also failed to appreciate the massiveness of AVM's infringement analysis in this case. For the past nine months, AVM's experts have worked virtually nonstop to analyze over two *tera*bytes (*i.e.*, two trillion bytes) of data available only on Secured Computers controlled by Intel's counsel. (D.I. 281 at 4.) Indeed, in successfully urging the Magistrate Judge to compel AVM to produce work product (computerized scripts) used to identify approximately 1.55 million infringing circuits in the Accused Products, Intel itself emphasized the difficulty in reverse engineering AVM's analysis (Ex. 2 at 12:15-13:1, 23:2-16), and characterized this case as "exceptional and out of the ordinary." (*Id.* at 23:14-16).

The default standard discovery order in this Court states that parties are permitted—even expected—to supplement their initial infringement contentions. (Ex. 3, fn. 3.) It is beyond reasonable argument that AVM acted diligently to analyze the overwhelming data in this exceptionally complicated case. It should not be punished for supplementing, particularly where Intel has suffered no prejudice.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In compliance with the Court's scheduling order, AVM served its "*initial* claim charts" on October 23, 2015. (D.I. 33, ¶ 4 (emphasis added); D.I. 281, Ex. A.) Those charts identified representative infringing circuits from four Accused Products—Sandy Bridge, Ivy Bridge, Haswell, and Broadwell microprocessors—as well as nearly 1.8 million circuits that likely fell within these representative circuit categories. (D.I. 281, Ex. A at 9.)

AVM continued its investigation despite numerous problems caused by Intel, including but not limited to delaying production, producing the wrong data, producing data in unusable formats, failing to provide proper software tools on the Secured Computers, and allowing licenses for software tools to expire. (*See* D.I. 281, Ex. D at 2-9; *see also* D.I. 66; 85; 111.)

Nevertheless, AVM diligently updated its Infringement Contentions as it learned new information. (*See, e.g.*, D.I. 281, Ex. B (Dec. 18, 2015 supplementation).) Thus, on January 21, 2016, AVM served its Second Supplemental Infringement Contentions, alleging that:

> AVM has also recently learned that in at least the Ivy Bridge, Haswell, and Broadwell products, transistors in the logic block *that are represented by a symbol indicating a single transistor may comprise multiple transistors connected in parallel*. An example of this arrangement is shown in Exs. B-20 and 21. To the extent any of the logic blocks AVM has already identified as Representative and Additional Circuits comprise transistors coupled in parallel, then those circuits further infringe claims 10, 11, 19, 20, and 22.

(D.I. 281, Ex. C at 11 (emphasis added); *see also* Ex. D at 11-14.)

On March 7, 2016, AVM served its First Amended Infringement Contentions, in which it reduced the infringing circuits from nearly 1.8 million to 1.55 million. (D.I. 281, Ex. D at 20; *compare with* Ex. A at 9; Ex. B. at 10-11; Ex. C at 11-12.) AVM reiterated that if any logic block in any ████████████████████████████████ ████ "includes multiple transistors coupled in parallel," then they "also infringe[] at least claim 22 . . . ." (D.I. 281, Ex. D. at 11; *see also* Ex. C at 11 (similar statement made in January 2016).)

On May 10, 2016—one month before the close of fact discovery for depositions, and months before expert reports were due—AVM served its Second Amended Infringement Contentions. Those contentions kept unchanged the same four Accused Products, the 1.55 million infringing circuits, and the components that comprise each of the 1.55 million circuits. AVM's contentions revised just four of the 57 representative claim charts, based on its discovery, during its review of the two *terabytes* of data, that specific "transistors" represented in Intel's schematics as a single transistor were not single transistors at all but were actually multiple transistors coupled in parallel. (D.I. 281, Ex. E.) AVM did not learn that the Intel-produced schematics on which it had relied were erroneous until its experts located and analyzed

3

the corresponding "layouts" for those individual circuits. (D.I. 281 at 3.)[1] AVM then promptly amended its infringement contentions to disclose this newly discovered fact—a fact that Intel presumably already knew. Critically, AVM's May 10 amended contentions offered no new infringement theory; AVM had already disclosed to Intel that "transistors in the logic block that are represented by a symbol indicating a single transistor may comprise multiple transistors connected in parallel." (D.I. 281, Ex. C at 11; *see also* Ex. D at 11-14.)

### III. STANDARD OF REVIEW

This Court may reconsider any pretrial matter referred to a magistrate judge where the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). A factual determination is clearly erroneous when it "either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 92 (3d Cir. 1992). "A Magistrate Judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'" *Masimo Corp. v. Philip Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 388 (D. Del. 2014) (citation omitted). The Court exercises plenary review on questions of law. *Haines*, 975 F.2d at 91.

### IV. THE ORDER IS CONTRARY TO LAW BECAUSE THE *PENNYPACK* FACTORS WERE NOT APPLIED

The Magistrate Judge's Order would deprive AVM of the use of critical infringement evidence: Intel's data demonstrating that certain infringing circuits in Sandy Bridge microprocessors have multiple input transistors coupled in parallel, which relates to asserted

---

[1] A representation of how Intel's schematics illustrate the transistors as a single "transistor" is shown in AVM's supplementation. (D.I. 281, Ex. E at 6 (circled in red).) The "layouts"—which were produced on the secure computers—are complex files showing how the circuitry in the chips actually exist in silicon (*i.e.* how the components of the circuits are "laid out").

claims 19 and 22.[2] The Third Circuit has "held that the exclusion of critical evidence is an 'extreme' sanction . . . not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Pennypack*, 559 F.2d at 905 (citation omitted). Under *Pennypack* and its progeny, the Court must consider:

> (1) the importance of the information withheld; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; (5) the explanation for the failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the evidence (the "Pennypack factors").

*WebXchange Inc. v. FedEx Corp.*, C.A. 08-133-JJF, 2010 WL 299240, at *2 (D. Del. Jan. 20, 2010) (citations omitted).

The Magistrate Judge based her ruling on AVM allegedly adding a "different theory" of infringement. (Ex. 1 at 80:19-81:1.) As set forth above and below, the Magistrate Judge is factually incorrect. But even assuming otherwise for the sake of argument, her ruling is incorrect because the Court failed to address whether Intel faced any actual prejudice, whether AVM acted diligently in the face of myriad production delays and problems, or whether bad faith was present. This is improper. *See, e.g., Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, C.A. 13-01316-JMS-TAB, 2015 WL 4458903, at *3 (S.D. Ind. July 21, 2015) (magistrate's failure to consider the relevant factors regarding whether to permit additional deposition time pursuant to Rule 30(d)(1) meant "the decision was contrary to law."); *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006) (reversing magistrate's decision after applying correct multi-factor analysis; "[a] ruling is 'contrary to law' when the magistrate judge has misinterpreted or misapplied the applicable law.").[3]

---

[2] Claim 19 claims "a dynamic logic block having a plurality of input transistors." Claim 22 claims "a dynamic logic block having input transistors all coupled in parallel." (D.I. 1.1, Ex. A (the '547 patent); D.I. 281, Ex. E at 76, 101.)
[3] Where the magistrate fails to consider the factors required by law, the district court may

5

During the hearing, the Court initially noted that it was having "a hard time understanding the prejudice when we're talking about something that sounds to me very limited." (Ex. 1 at 68:11-13.) Intel argued nothing that could possibly have caused the Magistrate Judge to alter this opinion. It simply argued that it allegedly conducted an unspecified number of witness interviews regarding AVM's contentions, and that it was spending time on the allegedly new issue when its "focus should be directed at many other case activities." (D.I. 279 at 4; Ex. 1 at 62:12-23.) These arguments do not show prejudice, and are certainly far too speculative to justify striking substantive arguments. Intel ignores:

- that the transistor(s) at-issue had been the subject of infringement contentions going back to October and December 2015, so Intel presumably needed to ask its witnesses about the transistors regardless of whether the allegedly new theory was in the case;

- that technical 30(b)(6) depositions had not even begun, and Intel was required to prepare its witnesses to testify about those same accused transistors regardless whether AVM amended its contentions; and

- that expert reports and discovery were months away, with trial scheduled a year away.

Intel argued that the timing of the May 10 Infringement Contentions conflicted with the claim construction schedule. This argument is meritless. First, Intel did not even attempt to explain how the allegedly "new" theory would have impacted its claim construction positions. This is not surprising; Intel itself characterized the allegedly new theory as one that is "in part going to be resolved in claim construction" by the Court's consideration of the "input transistors" limitation. (Ex. 1 at 73:15-22.) Moreover, Intel's claim construction arguments addressed how to define "input transistors" and whether transistors depicted as single transistors in Intel's

---

conduct its own analysis. *See, e.g., Indianapolis Airport Auth.*, 2015 WL 4458903, at *4 ("[t]he Court must therefore undergo its own Rule 30(d)(1) analysis."). Even where a magistrate applies the correct analysis, the reviewing court may find that the magistrate's analysis is "clearly erroneous." *See, e.g., Ka'aina v. Kaua'i Island Util. Coop.*, C.A. 10-00169 ACK-LEK, 2010 WL 3834999, at *8 (D. Haw. Sept. 24, 2010) ("the Court concludes that the 7/30/10 Order, while applying the Keating factors, was clearly erroneous in its factual findings as to certain of those factors, and thus, its conclusions of law based upon those factual findings are erroneous.").

6

schematics are actually multiple transistors. (*Compare* Ex. 1, Tr. at 70:19-23, 73:11-18 *with* D.I. 286 at 66-67, 70.)  Second, AVM served the contentions the day after the submission of the Joint Claim Construction Chart, almost two weeks *before* opening briefs were due and six weeks before the hearing. (D.I. 252, Ex. A.)  Intel never explained why it did not seek, or could not have sought, to alter its positions prior to the hearing.  Third, Intel's argument appears to rest on the obviously faulty premise that claim construction cannot occur until after discovery related to all of the relevant infringement and validity facts has concluded.

In the absence of demonstrable, serious prejudice, there is no basis to strike AVM's Infringement Contentions. *See, e.g., EMC Corp. v. Pure Storage, Inc.*, C.A. No. 13-1985-RGA, (D. Del.) (D.I. 196; Oct. 2, 2015 Tr. at 32:10-11) (Andrews, J.) (denying motion to strike prior art reference because claims of prejudice were "rather speculative."); *Inventio AG v. ThyssenKrupp Elevator Corp.*, C.A. 08-00874-RGA, 2014 WL 468897, at *4-5 (D. Del. Feb. 3, 2014) (Andrews, J.) (denying a motion to preclude a doctrine of equivalents argument "as there is no evidence that the late disclosure materially prejudices the Defendant."); *Abbott Labs. v. Lupin Ltd.*, C.A. 09-152-LPS, 2011 WL 1897322, at *5 (D. Del. May 19, 2011) (denying motion to exclude late-disclosed invalidity defenses as they are critical to the defense, not "unduly prejudicial," and evidence no bad faith, and the plaintiff could cure any prejudice).

The Magistrate Judge relied on the fact that AVM had the layouts by October 2015.  But it was eminently reasonable for AVM to rely on Intel's *earlier-produced* schematics for what they showed (*e.g.*, the transistors as single transistors), and then move on to the herculean tasks of pouring through the data on the Secured Computers,[4] designing software scripts, and performing simulations in order to (a) analyze information missing from the schematics, (b)

---

[4] The Secured Computers are under the control of Intel's counsel; they house highly confidential, outside-counsel's-eyes-only material such as Intel "source code." (D.I. 129, ¶ 25.)  Access to the Secured Computers is generally limited to business hours, except in certain circumstances.

identify millions of exemplary circuit elements, and (c) understand how those millions of circuit elements function.  (Ex. 1, Tr. at 65:7-66:9; D.I. 281 at 1-2, Ex. D at 2-8.)  AVM's experts have worked diligently to analyze the over two terabytes of data produced only on the Secured Computers, working most weekdays and some weekends.  In *Lambda Optical Sols., LLC v. Alcatel-Lucent USA Inc.*, C.A. 10-487-RGA, 2013 WL 1776104 (D. Del. Apr. 17, 2013), the court relied in part on the "significant quantity and technical nature" of the *250,000 pages of documents* plaintiff needed to wade through in holding that revised infringement contentions were not untimely.  *Id*. at *4.  Here, Intel's two terabytes of data would be equal to about 170 million document pages –more than *600 times* larger.

The Magistrate Judge appears to have ignored the remaining *Pennypack* factors. Significantly, Intel did not seek to cure the alleged prejudice by requesting any changes in the schedule, seeking additional discovery, or altering its claim constructions.  Trial is nearly a year away, and the first expert reports are not due until mid-September, 2016.  (D.I. 281 at 4; D.I. 252.)  Moreover, as described above, the newly-discovered information disclosed in the May 10 Infringement Contentions is vital to AVM's infringement case.[5]  AVM supplemented as soon as it discovered that what it had been referring to as a single transistor was actually multiple transistors coupled in parallel.  There is not even a hint of bad faith.[6]

The Magistrate Judge's failure to weigh all *Pennypack* factors renders her decision contrary to law.  Moreover, two factors—prejudice and the diligence of AVM—are fundamentally at odds with the evidence.

### V.  AVM DISCLOSED ITS THEORY OF INFRINGEMENT IN JANUARY 2016 WHEN IT IDENTIFIED THE TRANSISTORS AT ISSUE.

The Magistrate Judge's factual findings are clearly erroneous and appear to be based on

---

[5] D.I. 281 at 3 (describing the amended Infringement Contentions as "very important to AVM.").
[6] Ex. 1, Tr. at 64:2-9, 66:5-14, 80:2-7.

Intel's confusing and conclusory assertions. The Magistrate Judge initially stated her intent to strike AVM's contentions based on a finding that *both* parties agree is erroneous: that AVM "is now accusing a *different* type of transistor that had not been identified previously as potentially infringing." (Ex. 1 at 79:17-20 (emphasis added).) After AVM pointed out that it *had* identified the exact transistor as infringing in *prior* infringement contentions,[7] the Judge responded: "Well, *Intel told me it hadn't been in play*. What am I supposed to do with this argument?" (*Id.* at 80:8-10 (emphasis added).) After Intel agreed with AVM, the Judge revised her rationale: "But it is a different theory on the basis of infringement for this particular transistor. And since information was available since October, I am going to grant Intel's motion on this point." (*Id.* 80:19-81:1.)

The Magistrate Judge's revised rationale is also clearly erroneous. None of the changes in AVM's May 10 Contentions reflect a "different theory." As described above, AVM previously identified certain transistors ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ (D.I. 281, Ex. C at 41.) And AVM reiterated in prior contentions that if any of the *other* accused transistors in the identified logic blocks were actually multiple transistors, they also would infringe claim 22 under this alternative theory. (D.I. 281, Exs. C and D at 11.)

Contrary to its characterization of the theory as "new," Intel counsel *admitted* at the hearing that AVM "had previously accused a certain other type of transistor as saying that had separate parts . . . ." (Ex. 1 at 72:19-22.) And Intel counsel further argued that the May 10

---

[7] AVM's opposition letter stated that its infringement contentions did not "identify any new infringing circuits" and that the supplemental contentions corrected the following error: ██████████████████████████████████████████████████████████████ (D.I. 281 at 3 (emphasis added).) Although AVM also attached the redline version of the supplementation, which was previously provided to Intel, Intel failed to provide it to the Magistrate Judge. (*Id.*)

9

supplementation was "something like this theory" that was just a "new extension," and "that's what's in part going to be resolved in claim construction." (*Id.* at 73:5-7, 15-18.)

Because the basis for the Order is not rationally related to the evidentiary support, it is clearly erroneous and should be reversed. *Haines*, 975 F.2d at 92.

## VI. INTEL'S ACTIONS DEMONSTRATE THAT IT IS NOT ENTITLED TO RELIEF

First, as noted above, Intel's discovery failures significantly delayed AVM's analysis. (D.I. 281, Ex. D at 2-9.)  The Order rewards Intel's deficiencies. *Mediostream, Inc. v. Microsoft Corp.*, 208-CV-369CE, 2010 WL 4118589, at *3 (E.D. Tex. Oct. 18, 2010) (granting leave to amend where "proposed amendments are the reasonably foreseeable result of [defendant's] disclosure and any prejudice suffered by [defendant] is a result of its own slow production").

Second, the Order rewards parties for filing motions rather than resolving discovery issues without court intervention.  For example, on the last day of document fact discovery, Intel served supplemental invalidity interrogatory responses identifying additional *Intel* documents and a former *Intel* employee that allegedly support a prior art defense that Intel has alleged since the Prior Litigation.  (D.I. 281, Ex. G at 86.)  Rather than file a motion to strike, AVM deposed the late-disclosed witness.  In retrospect, this appears to have been a strategic error, as the information has been in Intel's possession for years and should have been disallowed under the Magistrate Judge's rationale.  Indeed, although Intel complained that AVM's supplementation occurred after the close of document discovery, Intel has continued to supplement its discovery responses (D.I. 271, 272, 273, 278), and produced nearly a million more pages of documents.

## VII. CONCLUSION

For the foregoing reasons, as well as those set forth in AVM's June 10 letter brief and in the June 13 oral argument, AVM respectfully requests that the Court set aside the ruling during the June 13 hearing striking AVM's May 10, 2016, Infringement Contentions.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | ROSS ARONSTAM & MORITZ LLP |
| *Of Counsel*: | */s/ Benjamin J. Schladweiler* |
|  | Benjamin J. Schladweiler (#4601) |
| David Boies | Nicholas D. Mozal (#5838) |
| Rosanne C. Baxter | 100 S. West Street, Suite 400 |
| BOIES, SCHILLER & FLEXNER LLP | Wilmington, DE  19801 |
| 333 Main Street | (302) 576-1600 |
| Armonk, NY  10504 | bschladweiler@ramllp.com |
| dboies@bsfllp.com | nmozal@ramllp.com |
| rbaxter@bsfllp.com |  |
|  | *Counsel for Plaintiff AVM Technologies, LLC* |
| D. Michael Underhill |  |
| Eric J. Maurer |  |
| Patrick M. Lafferty |  |
| Jon R. Knight |  |
| BOIES, SCHILLER & FLEXNER LLP |  |
| 5301 Wisconsin Avenue, N.W. |  |
| Washington, D.C.  20015 |  |
| munderhill@bsfllp.com |  |
| emaurer@bsfllp.com |  |
| plafferty@bsfllp.com |  |
| jknight@bsfllp.com |  |
|  |  |
| Parker H. Bagley |  |
| BOIES, SCHILLER & FLEXNER LLP |  |
| 435 Tasso Street, Suite 205 |  |
| Palo Alto, CA  94301 |  |
| pbagley@bsfllp.com |  |
|  |  |
| Edward H. Takashima |  |
| BOIES, SCHILLER & FLEXNER LLP |  |
| 401 Wilshire Boulevard, Suite 850 |  |
| Santa Monica, CA  90401 |  |
| etakashima@bsfllp.com |  |

Dated: June 29, 2016

## CERTIFICATION PURSUANT TO STANDING ORDER
## FOR OBJECTIONS FILED UNDER FED. R. CIV. P. 72

Pursuant to the District of Delaware's Standing Order for Objections Filed Under Fed. R. Civ. P. 72 dated October 9, 2013, I, Benjamin J. Schladweiler, hereby certify that the foregoing Objections do not raise new legal/factual arguments.

                                                */s/ Benjamin J. Schladweiler*
                                                Benjamin J. Schladweiler (#4601)

## CERTIFICATE OF SERVICE

I, Benjamin J. Schladweiler, hereby certify that on June 29, 2016, a true copy of the foregoing ***Plaintiff AVM's Objections to The Magistrate Judge's Order Striking AVM's May 10, 2016 Infringement Contentions*** was served via electronic mail upon the following counsel of record:

Richard L. Horwitz
David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

David C. Marcus
Nancy Lynn Schroeder
WILMERHALE
350 South Grand Avenue
Suite 2100
Los Angeles, CA  90071
david.marcus@wilmerhale.com
nancy.schroeder@wilmerhale.com

Matthew Leary
WILMERHALE
1225 Seventeenth Street
Suite 2600
Denver, CO  80202
matthew.leary@wilmerhale.com

*Counsel for Defendant Intel Corporation*

William F. Lee
Jordan L. Hirsch
Lauren B. Fletcher
Kevin A. Goldman
Claire M. Specht
Sarah R. Frazier
WILMERHALE
60 State Street
Boston, MA  02109
william.lee@wilmerhale.com
jordan.hirsch@wilmerhale.com
lauren.fletcher@wilmerhale.com
kevin.goldman@wilmerhale.com
claire.specht@wilmerhale.com
sarah.frazier@wilmerhale.com

Jason Kipnis
WILMERHALE
950 Page Mill Road
Palo Alto, CA  94304
jason.kipnis@wilmerhale.com

Todd Zubler
William G. McElwain
Brittany Amadi
WILMERHALE
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
todd.zubler@wilmerhale.com
william.mcelwain@wilmerhale.com
brittany.amadi@wilmerhale.com

*Counsel for Defendant Intel Corporation*

 */s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)