IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVM TECHNOLOGIES, LLC, <br><br> Plaintiff; <br><br> v. <br><br> INTEL CORPORATION, <br><br> Defendant. | Civil Action No. 15-0033-RGA-MPT |

MEMORANDUM OPINION

Benjamin J. Schladweiler, Esq., ROSS ARONSTAM & MORITZ LLP, Wilmington, DE; Nicholas D. Mozal, Esq., ROSS ARONSTAM & MORITZ LLP, Wilmington, DE; David Boies, Esq., BOIES, SCHILLER & FLEXNER LLP, Armonk, NY; Rosanne C. Baxter, Esq., BOIES, SCHILLER & FLEXNER LLP, Armonk, NY; D. Michael Underhill, Esq., BOIES, SCHILLER & FLEXNER LLP, Washington, DC; Eric J. Maurer, Esq., BOIES, SCHILLER & FLEXNER LLP, Washington, DC; Patrick M. Lafferty, Esq., BOIES, SCHILLER & FLEXNER LLP, Washington, DC; Jon R. Knight, Esq., BOIES, SCHILLER & FLEXNER LLP, Washington, DC; Patrick H. Bagley, Esq., BOIES, SCHILLER & FLEXNER LLP, Palo Alto, CA; Edward H. Takashima, Esq., BOIES, SCHILLER & FLEXNER LLP, Santa Monica, CA.

  Attorneys for Plaintiff

David E. Moore, Esq., POTTER ANDERSON & CORROON LLP, Wilmington, DE; Bindu A. Palapura, Esq., POTTER ANDERSON & CORROON LLP, Wilmington, DE; David C. Marcus, Esq., WILMERHALE AND DORR LLP, Los Angeles, CA; William F. Lee, Esq., WILMER CUTLER PICKERING HALE AND DORR LLP, Boston, MA; Lauren B. Fletcher, Esq., WILMER CUTLER PICKERING HALE AND DORR LLP, Boston, MA; Jordan L. Hirsch, Esq., WILMER CUTLER PICKERING HALE AND DORR LLP, Boston, MA; Kevin A. Goldman, Esq., WILMER CUTLER PICKERING HALE AND DORR LLP, Boston, MA; Todd Zubler, Esq., WILMER CUTLER PICKERING HALE AND DORR LLP, Washington, DC; Jason Kipnis, Esq., WILMER CUTLER PICKERING HALE AND DORR LLP, Palo Alto, CA.

  Attorneys for Defendant

December 9, 2016

*Richard G. Andrews*
ANDREWS, U.S. DISTRICT JUDGE:

The Magistrate Judge issued an oral order during a hearing on June 13, 2016 granting Defendant's motion to strike AVM's May 10 infringement contentions. (D.I. 305-1 at 22-23) ("Hr'g Tr."). Plaintiff filed objections (D.I. 305), to which Defendant responded. (D.I. 312).[1]

The Magistrate Judge had authority to rule on this pretrial motion pursuant to 28 U.S.C. § 636(b)(1)(A). I review the Magistrate Judge's order pursuant to the same statute, which provides that the district court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Findings of fact are reviewed for clear error and matters of law are subject to plenary review. *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). Only those facts properly presented before the Magistrate Judge will be considered. *Id.* "When a magistrate judge's decision is on a highly discretionary matter . . . the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004); *St. Jude Med. v. Volcano Corp.*, 2012 WL 1999865, at *1 (D. Del. June 5, 2012). The ruling presently at issue was a discretionary decision that has the result of excluding evidence. The "exclusion of critical evidence is an 'extreme' sanction not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 905 (3d Cir. 1977) (internal citation omitted).

The parties agree that *Pennypack* applies. Under *Pennypack*, factors to consider when determining whether to exclude evidence include:

---

[1] Plaintiff has also filed a Motion to Strike or, in the Alternative, for Leave to File Reply. (D.I. 318). The Motion sought to strike portions of Intel's Opposition (D.I. 312) on the theory that these portions constituted new arguments and evidence not presented to the Magistrate Judge. Because Defendant indeed included new evidence not before the Magistrate Judge in its Opposition to Plaintiff's Objections, the Motion to Strike is granted.

2

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which [allowing late-offered infringement contentions] would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Id.* at 904–05. Plaintiff objects to the Magistrate Judge's ruling on the basis that she did not consider all of the relevant *Pennypack* factors. (D.I. 305 at 7). Specifically, Plaintiff argues that the Magistrate Judge failed to address whether Defendant would suffer any prejudice by allowing the amended infringement contentions and whether there was evidence of bad faith on Plaintiff's part. (*Id.* at 8).

Defendant argues that it would suffer prejudice because Plaintiff is asserting a new infringement theory in its sixth round of infringement contentions, which were served after the close of fact discovery. (D.I. 312 at 12). Defendant further argues that Plaintiff had all of the necessary information for these new contentions over six months before serving them. (*Id.* at 9).

The Magistrate Judge has a long history with these disputatious parties and is well-acquainted with these proceedings. On this particular issue, however, the Magistrate Judge made no specific finding of prejudice.[2] The ruling appears to have been based principally on the delay between when Defendant provided the relevant information[3] to Plaintiff and when Plaintiff amended its infringement contentions to accuse certain transistors under this allegedly new theory of infringement. (Hr'g Tr. at 79:10-17; 80:23-24). The only mention of prejudice by the Magistrate Judge during the hearing was when she stated, "I'm having a hard time understanding the prejudice when we're talking about something that sounds to me very limited." (Hr'g Tr. at 68:11-13). I agree that prejudice is difficult to find with respect to this matter.

---

[2] Defendant argues the Magistrate Judge made a finding of prejudice (D.I. 312 at 7, 11), but offers no citation in support of its argument.
[3] The relevant information was contained in "over two tera*bytes* (*i.e.*, two trillion bytes) of data available only on Secured Computers controlled by Intel's counsel." (D.I. 305 at 5) (emphasis in original).

3

The infringement theory at issue was first asserted in January and the amended contentions from May simply apply this theory to additional circuits that were already among the accused circuits at issue in the case. (D.I. 305 at 6-7; Hr'g Tr. at 73:5-8). In other words, it seems clear to me that this was not a new infringement theory disclosed only in May, nor were these circuits newly accused at that time. Given the volume of information Plaintiff was presented with during discovery and very shortly before initial infringement contentions were due, it might be the case that this delay was not unreasonable. (D.I. 305 at 11). But I cannot say that the Magistrate Judge abused her discretion in finding the delay to be unreasonable. Nevertheless, the record before the Magistrate Judge indicates that Defendant was on notice of the infringement theory, albeit for different accused circuits, at least as early as January. (*Id.* at 6). Defendant's arguments that the delay would cause it prejudice are not compelling, and, to the extent the Magistrate Judge made a finding on this issue, it does not help Defendant.

Furthermore, Defendant does not present evidence of bad faith on Plaintiff's part, simply stating, without support, that Plaintiff could have identified these infringement contentions sooner. (D.I. 312 at 9). At oral argument before the Magistrate Judge, Plaintiff stated that its experts had "been working extremely diligently" to examine the large volume of data Defendant had produced. (Hr'g Tr. at 65:12-13). Plaintiff further argued that as soon as the experts discovered that what they thought was a single transistor was actually multiple transistors, it "quickly supplemented." (*Id.* at 65:21-22; *see also* D.I. 305 at 11). The Magistrate Judge stated, when issuing her ruling, however, that Plaintiff "had an obligation to identify this [theory] much earlier in the game. There is no indication to me nor has the argument been made that they couldn't have done so." (Hr'g Tr. at 78:24-79:5). This statement is inconsistent, in saying Plaintiff had not made the argument, with the record showing that Plaintiff did make the

4

argument that it supplemented as soon as was reasonably possible. For this reason, I find that I cannot sustain the Magistrate Judge's order. Further, based on the record before the Magistrate Judge, Defendant has not shown that Plaintiff acted with bad faith or willfulness.

All things considered, therefore, under Third Circuit law, delay alone, which is all Defendant has shown, is not sufficient reason to impose the extreme sanction of exclusion of these infringement contentions.

For the reasons set forth herein, the Order is **REVERSED**. Plaintiff's Motion to Strike (D.I. 318) is **GRANTED**. Defendant's Motion to Strike AVM's May 10 infringement contentions is **DENIED**.

An appropriate order will be entered.