IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AVM TECHNOLOGIES, LLC,

                  Plaintiff;

v.

INTEL CORPORATION,

                  Defendant.

Civil Action No. 15-0033-RGA-MPT

## MEMORANDUM OPINION

Benjamin J. Schladweiler, Esq., ROSS ARONSTAM & MORITZ LLP, Wilmington, DE; Nicholas D. Mozal, Esq., ROSS ARONSTAM & MORITZ LLP, Wilmington, DE; David Boies, Esq., BOIES, SCHILLER & FLEXNER LLP, Armonk, NY; Rosanne C. Baxter, Esq., BOIES, SCHILLER & FLEXNER LLP, Armonk, NY; D. Michael Underhill, Esq., BOIES, SCHILLER & FLEXNER LLP, Washington, DC; Eric J. Maurer, Esq., BOIES, SCHILLER & FLEXNER LLP, Washington, DC; Patrick M. Lafferty, Esq., BOIES, SCHILLER & FLEXNER LLP, Washington, DC; Jon R. Knight, Esq., BOIES, SCHILLER & FLEXNER LLP, Washington, DC; Patrick H. Bagley, Esq., BOIES, SCHILLER & FLEXNER LLP, Palo Alto, CA; Edward H. Takashima, Esq., BOIES, SCHILLER & FLEXNER LLP, Santa Monica, CA.

      Attorneys for Plaintiff

David E. Moore, Esq., POTTER ANDERSON & CORROON LLP, Wilmington, DE; Bindu A. Palapura, Esq., POTTER ANDERSON & CORROON LLP, Wilmington, DE; David C. Marcus, Esq., WILMERHALE AND DORR LLP, Los Angeles, CA; William F. Lee, Esq., WILMER CUTLER PICKERING HALE AND DORR LLP, Boston, MA; Lauren B. Fletcher, Esq., WILMER CUTLER PICKERING HALE AND DORR LLP, Boston, MA; Jordan L. Hirsch, Esq., WILMER CUTLER PICKERING HALE AND DORR LLP, Boston, MA; Kevin A. Goldman, Esq., WILMER CUTLER PICKERING HALE AND DORR LLP, Boston, MA; Claire M. Specht, Esq., WILMER CUTLER PICKERING HALE AND DORR LLP, Boston, MA; Todd Zubler, Esq., WILMER CUTLER PICKERING HALE AND DORR LLP, Washington, DC; Jason Kipnis, Esq., WILMER CUTLER PICKERING HALE AND DORR LLP, Palo Alto, CA.

      Attorneys for Defendant

December 19, 2016

*[signature]*
**ANDREWS, U.S. DISTRICT JUDGE:**

The Magistrate Judge issued an oral order during a hearing on September 27, 2016 (D.I. 371-1) ("Hr'g Tr.") denying Plaintiff's Motion (D.I. 356) to impose discovery sanctions for Defendant's failure to produce IDV data. Specifically, the Magistrate Judge denied Plaintiff's requests that: 1) Defendant be precluded from "making any arguments that its timing analyses and any simulations that are based on UPF [pre-fabrication] models do not accurately reflect the manufactured products" (D.I. 371 at 5); and 2) a negative inference be drawn in Plaintiff's favor due to Defendant's failure to produce the IDV data. (*Id.*). Plaintiff filed objections (D.I. 371), to which Defendant responded. (D.I. 375)

The Magistrate Judge had authority to rule on this pretrial motion pursuant to 28 U.S.C. § 636(b)(1)(A). I review the Magistrate Judge's order pursuant to the same statute, which provides that the district court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Findings of fact are reviewed for clear error and matters of law are subject to plenary review. *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). Only those facts properly presented before the Magistrate Judge will be considered. *Id.* "When a magistrate judge's decision is on a highly discretionary matter . . . the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004); *St. Jude Med. v. Volcano Corp.*, 2012 WL 1999865, at *1 (D. Del. June 5, 2012). The ruling presently at issue was a discretionary decision relating to a discovery dispute.

The parties agree that *Pennypack* applies. Under *Pennypack*, factors to consider when determining whether to impose discovery sanctions include:

> (1) the prejudice or surprise in fact of the party against whom the [evidence is offered], (2) the ability of that party to cure the prejudice, (3) [likelihood of]

>        disrupt[ion of] the orderly and efficient trial of the case or of other cases in the
>        court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Id.* at 904–05. Plaintiff objects to the Magistrate Judge's ruling on the basis that Plaintiff is prejudiced by Defendant's failure to produce the IDV data. (D.I. 371 at 10). Specifically, Plaintiff argues that the IDV data is "[t]he only evidence that definitively addresses" Defendant's argument that its pre-fabrication modeling results are not correlated to the manufactured products. (*Id.*).

The Magistrate Judge has handled numerous discovery disputes between these parties and is well-acquainted with the proceedings generally and the issues presented in this discovery dispute specifically. During the hearing, she expressly found that Defendant had provided data responsive to Plaintiff's discovery requests for wafer characterization data and that the IDV data at issue "does not provide the values for the parameters, process parameters that AVM needs to verify the accuracy of the UPF files." (Hr'g Tr. at 112:12-14). Rather, she found that the data that had been produced "provides the precise measurements of the actual process parameters." (*Id.* at 112:16-18). In other words, since Defendant produced data responsive to Plaintiff's discovery request and that data provides the information Plaintiff needs, there is no prejudice to Plaintiff for Defendant's failure to produce the IDV data, which does not provide the information Plaintiff needs for verification of the modeling results. Plaintiff has not provided evidence that the Magistrate Judge's factual findings are clearly erroneous. Therefore, I cannot say that the Magistrate Judge abused her discretion in denying this motion.

For the reasons set forth herein, the Order is **AFFIRMED**.

An appropriate order will be entered.