**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AVM TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-33-RGA-MPT |
| | ) | |
| INTEL CORPORATION, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT [PROPOSED] PRELIMINARY JURY INSTRUCTIONS**

## TABLE OF CONTENTS

1.  INTRODUCTION ........................................................................................... 1

2. THE PARTIES AND THEIR CONTENTIONS ........................................... 2

3. DUTIES OF THE JURY ................................................................................ 4

4. EVIDENCE ..................................................................................................... 5

5. DEPOSITION TESTIMONY ........................................................................ 7

6. CREDIBILITY OF WITNESSES – WEIGHING CONFLICTING

     TESTIMONY ................................................................................................. 8

7. EXPERT WITNESSES ................................................................................. 10

8. BURDENS OF PROOF ................................................................................ 11

9. GENERAL GUIDANCE REGARDING PATENTS ................................. 13

10. SUMMARY OF THE PATENT ISSUES ................................................. 14

11. CONDUCT OF THE JURY ....................................................................... 15

12. COURSE OF THE TRIAL ........................................................................ 17

## PRELIMINARY JURY INSTRUCTIONS

## 1.  INTRODUCTION[1]

Members of the jury: Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.

These instructions will give you some general rules and guidance that might apply to any civil case. However, because this is a patent trial, which will deal with subject matter that is not within the everyday experience of most of us, I will also give you some additional preliminary instructions regarding patents to assist you in discharging your duties as jurors.

---

[1]     *AVM1* joint proposed preliminary jury instruction ("*AVM  1*"); *Innovative Display Technologies LLC v. LG*, No. 13-cv-2109-RGA, D.I. 498 (joint proposed preliminary jury instructions) ("IDT").

## 2. THE PARTIES AND THEIR CONTENTIONS

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

You may recall that during the process that led to your selection as jurors, I advised you that this is a civil action for patent infringement arising under the patent laws of the United States.  The parties in this case are the plaintiff, AVM Technologies, LLC, which I will refer to as "AVM" or the "plaintiff," and the defendant, Intel Corporation, which I will refer to as "Intel" or the "defendant."

AVM owns a patent relating to electronic circuits called dynamic logic circuits.  That patent is United States Patent No. 5,859,547.  The patent may be called by its last three numbers by the lawyers and witnesses in this case, such as "the '547 patent."  Intel makes microprocessors that can be used in computers and other devices.  During the trial, the parties will offer testimony to familiarize you with the relevant technology.  AVM alleges that Intel made, used, sold, offered for sale and/or imported certain microprocessors that incorporate AVM's patented dynamic logic circuits.  Specifically, AVM alleges that certain Intel microprocessors from the Sandy Bridge, Ivy Bridge, Haswell, and Broadwell microprocessor families (referred to together as "Accused Products") infringe claims 1-7, 9, 12-14, 16, and 18-21 of its '547 patent (referred to as the "Asserted Claims.").

Intel denies that any of its accused products infringe the '547 patent and also contends that the asserted claims of the '547 patent are invalid.  You will determine the questions of infringement and invalidity for each Asserted Claim.

During the course of this case, you will hear references to certain terms and phrases from the Asserted Claims of the '547 patent. I will give you a glossary of some of those terms and

phrases for which I have provided a definition that you are to use in deciding the issues presented to you. Any other terms and phrases that are not included on the glossary should be given their plain and ordinary meaning.

If you find that Intel has infringed at least one valid claim of the '547 patent, you will then need to decide any money damages to be awarded to AVM to compensate it for the infringement.  You will also need to make a finding as to whether the infringement was willful.[23]

---

[2]     **Intel**: Intel agrees to language regarding willfulness only if the Court denies Intel's motion for summary judgment of no willful infringement and no enhanced damages (D.I. 421), and also decides that the issue of willfulness should go to the jury.  Intel's position is that the question of willfulness should not go to the jury because evidence of Intel's allegedly "willful" conduct is not relevant to any issue that the jury must decide (JPTS, Ex. 5, Intel's Statement of Law To Be Litigated).

[3]     **AVM**: AVM's position is that the Federal Circuit has held that willfulness is a jury issue. *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 & n.13 (Fed. Cir. 2016).

## 3. DUTIES OF THE JURY[4]

Let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not.

In addition to instructing you about the law, I will provide you with instructions as to what the claims of the patent mean. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

---

[4]     *AVM1*; IDT; 1993 Delaware Patent Jury Instructions ("1993 Model Instructions").

4

## 4. EVIDENCE[5]

The evidence from which you will find the facts will consist, in part, of the testimony of witnesses.  The testimony of witnesses consists of the answers of the witnesses to questions posed by the attorneys or the court; you may not ask the witnesses questions. Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.  If this does occur during the trial, I will try to clarify this for you at that time.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

_____

[5]     *AVM1*, Dkt. 245 at 5-6.

There are two kinds of evidence:  direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

## 5. DEPOSITION TESTIMONY[6]

You may hear witnesses testify through deposition testimony. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. The deposition may also be recorded on videotape. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

---

[6]     *AVM1.*

**6. CREDIBILITY OF WITNESSES – WEIGHING CONFLICTING TESTIMONY**

You are the sole judges of each witness's credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.[7]

**[AVM's Proposal**

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said (or did) something, (or failed to say or do something) that was different from the testimony he gave at the trial.[8]

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.[9]]

**[Intel's Proposal:**

---

[7] *AVM1.*
[8] 1993 Model Instructions.
[9] 1993 Model Instructions.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all.  But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.  This instruction applies to the testimony of all witnesses.[10]]

---

[10]     **Intel**: Intel's proposal is the verbatim language the parties jointly proposed in *AVM1*, Dkt. 245 at 8.  This language is more concise than the language proposed by AVM, and it is therefore less likely to lead to juror confusion.

## 7. EXPERT WITNESSES[11]

You will also hear testimony from expert witnesses. When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he or she is called an expert witness—is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

---

[11]     *AVM1* and 1993 model instructions.

## 8. BURDENS OF PROOF[12]

This is a civil case in which AVM is alleging patent infringement by Intel. Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That burden does not apply in a civil case, and you should, therefore, put it out of your mind in considering whether or not AVM or Intel has met its burden of proof.[13]

AVM has the burden of proving patent infringement by what is called a preponderance of the evidence. That means AVM has to produce evidence which, when considered in light of all of the facts, leads you to believe that what AVM claims is more likely true than not. To put it differently, if you were to put the plaintiff's and the defendant's evidence on the opposite sides of a scale, the evidence supporting the plaintiff's claims would have to make the scales tip somewhat on his side.[14]

**[AVM Proposal:**

In this case, Intel contends that the '547 patent is invalid. A patent, however, is presumed to be valid. This means Intel has the burden of proving invalidity by clear and convincing evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.[15]][16]

**[Intel Proposal:**

_____

[12]    *AVM1*.  Dkt. 245 at 10.
[13]    *AVM1*.
[14]    *AVM1*; 1993 Model Instructions.
[15]        *AVM1*; 1993 Model Instructions.
[16]    **AVM Statement**: The statement that a patent is presumed valid is the law, and it is an important instruction because AVM will not be presenting its validity evidence in its case in chief; this instruction explains why.

In this case, Intel contends that the '547 patent is invalid.  Intel has the burden of proving invalidity by clear and convincing evidence.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.[17]]

---

[17] **Intel**: This paragraph derives from language the parties jointly proposed and agreed to for the preliminary jury instructions in *AVM1*, Dkt. 245 at 10.  It is an accurate statement of the law, and it does not contain any extraneous or potentially prejudicial language.

AVM's proposal, which would instruct the jury that a "patent, however, is presumed to be valid," is cumulative, unnecessary, and prejudicial.  The instruction already recites the "clear and convincing evidence" standard.  It would be duplicative to add the "presumed to be valid" language because the presumption of validity is simply the policy reason behind the "clear and convincing evidence standard."  Such cumulative language would be prejudicial to Intel by potentially imposing on Intel a burden of proof beyond the "clear and convincing evidence" standard.

## 9. GENERAL GUIDANCE REGARDING PATENTS

Before I describe the parties' contentions further, at this time, we are going to show a video that will provide background information to help you understand what patents are, why they are needed, the role of the Patent Office, and why disputes over patents arise. This video was prepared by the Federal Judicial Center, not the parties in this case, to help introduce you to the patent system. During the video, reference will be made to a sample patent.[18]

[The video will be played.]

---

[18] *IDT*.

## 10. SUMMARY OF THE PATENT ISSUES

In this case, you must decide several things according to the instructions that I will give you at the end of the trial. Those instructions will repeat this summary and will provide more detail. One thing you need not decide is the meaning of the patent claims. That is one of my jobs – to explain to you what the patent claims mean.

In essence, you must decide:

1.    Whether AVM has proven by a preponderance of the evidence that Intel has infringed any of the asserted claims of the '547 patent.
2.    Whether Intel has proven by clear and convincing evidence that any of the asserted claims of the '547 patent are invalid.
3.    If any patent claims are infringed and not invalid, what amount of damages AVM has proven by a preponderance of the evidence.
4.    If any patent claims are infringed and not invalid, whether Intel willfully infringed the '547 patent.[19]

---

[19]    **Intel**: Intel agrees to language regarding willfulness only if the Court denies Intel's motion for summary judgment of no willful infringement and no enhanced damages (D.I. 421), and also decides that the issue of willfulness should go to the jury.  Intel's position is that the question of willfulness should not go to the jury because evidence of Intel's allegedly "willful" conduct is not relevant to any issue that the jury must decide (JPTS, Ex. 5, Intel's Statement of Law To Be Litigated).

## 11. CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.  First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly. There are good reasons for this ban on discussions. The most important is the need for you to keep an open mind throughout the presentation of the evidence.[20]

Second, do not read or listen to anything touching on this case in any way. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case, including using the Internet.[21]

I know that many of you use cell phones, smart phones, tablets, and other portable electronic devices; laptops, netbooks, and other computers.  You must not talk to anyone at any time about this case or otherwise use these or other electronic devices to communicate with anyone about the case or, as I noted, get information about the case, the parties or any of the witnesses or lawyers involved in the case. This includes your family and friends.  You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging,

---

[20]     *AVM1*; *IDT*.

[21]     *AVM1*; *IDT*; 1993 Model Instructions.

Facebook, Snapchat, Twitter, or through any blog or website. You may not use any similar technology or social media to get information about this case, even if I have not specifically mentioned it here.[22]

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.[23]

During the trial, you may, but are not required to, take notes regarding testimony; for example, exhibit numbers, impression of witnesses or other things related to the proceedings. A word of caution is in order. Your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Also, keep in mind that you will not have a transcript of the testimony to review. So, above all, your memory will be your greatest asset when it comes time to deliberate and render a decision in this case.[24]

If you do take notes, you must leave them in the jury deliberation room which is secured at the end of each day. And, remember that they are for your own personal use.[25]

---

[22]     *AVM1*; *IDT*.

[23]     *AVM1*; *IDT*; 1993 Model Instructions.

[24]     *AVM1*.

[25]     *AVM1*.

## 12. COURSE OF THE TRIAL

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is offered.[26]

After the opening statements, the parties will present evidence which may include testimony from live witnesses, previously recorded testimony, and documents and things.[27]

During the trial, it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference, which is also called a sidebar. If that happens, please be patient. We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law. We will, of course, do what we can to keep the number and length of these conferences to a minimum. While we meet, feel free to stand up and stretch and walk around the jury box, if you wish. I may not always grant an attorney's request for a sidebar. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.[28]

After all of the evidence is presented, the attorneys will make their closing arguments to summarize and interpret the evidence for you, and I will give you instructions on the law and describe for you the matters you must resolve. The instructions I give you at the end of the case

---

[26]    *AVM1*; IDT; 1993 Model Instructions.

[27]    *AVM1*.

[28]    IDT.

17

will control your deliberations and decision.  You will then retire to the jury room to deliberate

on your verdict.[29]

---

[29]     *AVM1*; 1993 Model Instructions.

Respectfully submitted,

ROSS ARONSTAM & MORITZ LLP                POTTER ANDERSON & CORROON LLP

*/s/ Benjamin J. Schladweiler*            */s/ Bindu A. Palapura*
Benjamin J. Schladweiler (#4601)         David E. Moore (#3983)
Nicholas D. Mozal (#5838)                Bindu A. Palapura (#5370)
100 S. West Street, Suite 400            Hercules Plaza, 6th Floor
Wilmington, DE 19801                     1313 N. Market Street
(302) 576-1600                           Wilmington, DE 19801
bschladweiler@ramllp.com                 (302) 984-6000
nmozal@ramllp.com                        dmoore@potteranderson.com
                                         bpalapura@potteranderson.com

*Of Counsel*:
                                         *Of Counsel*:
D. Michael Underhill
Eric J. Maurer                           William F. Lee
Patrick M. Lafferty                      Lauren B. Fletcher
Jon R. Knight                            Jordan L. Hirsch
BOIES SCHILLER FLEXNER LLP               Kevin A. Goldman
1401 New York Ave., NW                   Sarah R. Frazier
Washington, DC 20005                     WILMERHALE
munderhill@bsfllp.com                    60 State Street
emaurer@bsfllp.com                       Boston, MA 02109
plafferty@bsfllp.com                     william.lee@wilmerhale.com
jknight@bsfllp.com                       lauren.fletcher@wilmerhale.com
                                         jordan.hirsch@wilmerhale.com
Edward H. Takashima                      kevin.goldman@wilmerhale.com
BOIES SCHILLER FLEXNER LLP               sarah.frazier@wilmerhale.com
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401                   David C. Marcus
etakashima@bsfllp.com                    WILMERHALE
                                         350 South Grand Avenue
                                         Suite 2100
Rosanne C. Baxter                        Los Angeles, CA 90071
BOIES SCHILLER FLEXNER LLP               david.marcus@wilmerhale.com
333 Main Street
Armonk, NY 10504
rbaxter@bsfllp.com                       William G. McElwain
                                         Todd Zubler
                                         Brittany Amadi
Jason G. Sheasby                         WILMERHALE
IRELL & MANELLA LLP                      1875 Pennsylvania Avenue, N.W.
1800 Avenue of the Stars, Suite 900      Washington, D.C. 20006
Los Angeles, CA 90067-4276               william.mcelwain@wilmerhale.com
(310) 203-7096                           todd.zubler@wilmerhale.com
jsheasby@irell.com                       brittany.amadi@wilmerhale.com

*Counsel for Plaintiff AVM Technologies, LLC*

19

Matthew Leary
WILMERHALE
1225 Seventeenth Street
Suite 2600
Denver, CO 80202
matthew.leary@wilmerhale.com

*Counsel for Defendant Intel Corporation*

Dated:  April 14, 2017