IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVM TECHNOLOGIES, LLC,<br><br>                     Plaintiff;<br>v.<br><br>INTEL CORPORATION,<br><br>                     Defendant. | Civil Action No. 15-33-RGA |

MEMORANDUM ORDER

Presently before the Court are Plaintiff's Motion for Summary Judgment Regarding Issue Preclusion (D.I. 409) and related briefing (D.I. 410, 494, 523) and Defendant's Motion for Summary Judgment of No Damages Based on Issue Preclusion (D.I. 419) and related briefing (D.I. 420, 482, 526). The Court heard oral argument on April 12, 2017. For the reasons that follow, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Summary Judgment (D.I. 409) is **GRANTED** and Defendant's Motion for Summary Judgment (D.I. 419) is **DENIED**.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–49 (1986).

Issue preclusion, or collateral estoppel, requires a finding that "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Raytech Corp. v. White*, 54 F.3d 187, 190 (3d Cir. 1995).

In previous litigation between the same Plaintiff and Defendant, I granted Defendant's Motion for Summary Judgment of No Damages after finding that Plaintiff had "no evidence with which to prove damages, and [did] not seek other relief." (Civ. Act. No. 10-610-RGA ("AVM1"), D.I. 294). The issue adjudicated in AVM1, therefore, was that Plaintiff could not prove damages with respect to the accused products in AVM1 based on the evidence put forth in AVM1.

Defendant's issue preclusion defense is based on its contention that Plaintiff "previously sought a lump-sum payment that would compensate it for all alleged infringement of the '547 patent by Intel, both past and future." (D.I. 420 at 9). According to Defendant, this case presents the same issue because Plaintiff is again seeking a reasonable royalty payment for infringement of the '547 patent. (*Id.* at 10). If Plaintiff had successfully won on damages in AVM1, Defendant contends, Plaintiff would not be able to seek damages for infringement of the same patent in the instant case. (*Id.* at 9).

Whether Plaintiff would be able to seek additional damages in this hypothetical is irrelevant, however, because Plaintiff did not win damages in AVM1. In Defendant's hypothetical, the issue adjudicated would have been damages, past and future, for infringement of the '547 patent. The issue decided in AVM1 was much narrower. It was whether Plaintiff had sufficient evidence of damages to avoid summary judgment on its suit against two particular accused products. Had the case gone to the jury, and had the jury awarded a lump sum, I would

2

now have to decide whether the jury's damages verdict covered non-accused products. But the jury did not have a chance to pass on that, and neither did I in the various rulings leading up to the exclusion of all of Plaintiff's damages evidence.

The damages issues in AVM1 and the instant case do not present the identical issue. It follows that Defendant's issue preclusion defense must fail. Therefore, I will deny Defendant's Motion for Summary Judgment of No Damages Based on Issue Preclusion and grant Plaintiff's Motion for Summary Judgment Regarding Issue Preclusion.

Entered this 17 day of April, 2017.

Richard G. Andrews
United States District Judge