IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AVM TECHNOLOGIES, LLC,

                Plaintiff;

v.

INTEL CORPORATION,

                Defendant.

Civil Action No. 15-33-RGA

## MEMORANDUM ORDER

Presently before the Court is Defendant's Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 112 (D.I. 415) and related briefing (D.I. 416, 490, 534). The Court heard oral argument on April 12, 2017. For the reasons that follow, **IT IS HEREBY ORDERED THAT** Defendant's Motion for Summary Judgment (D.I. 415) is **DENIED**.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–49 (1986).

The written description requirement contained in 35 U.S.C. § 112, ¶1 requires that the specification "clearly allow persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed." *Ariad Pharm., Inc., v. Eli Lilly and Co.*, 598 F.3d 1336, 1351 (Fed.

Cir. 2010) (en banc) (alteration in original) (internal quotation marks omitted). "In other words, the test for sufficiency is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Id.* The written description inquiry is a question of fact. *See id.* Although it is a question of fact, "[c]ompliance with the written description requirement . . . is amenable to summary judgment in cases where no reasonable fact finder could return a verdict for the non-moving party." *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1307 (Fed. Cir. 2008). "A party must prove invalidity for lack of written description by clear and convincing evidence." *Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 682 (Fed. Cir. 2015).

Defendant contends that claims 12-14, 16, and 18 of the '547 patent are invalid under 35 U.S.C. § 112, ¶1 because these claims "are broad enough to encompass dynamic logic circuits that do not have any overlap at all" in the activation of the precharge and evaluation transistors.[1] (D.I. 416 at 14). According to Defendants, since the specification only discloses dynamic logic circuits that include overlap, these claims are broader than the scope of the invention disclosed in the specification. (*Id.* at 15). Plaintiff responds by pointing to statements made by its expert, Dr. Wolfe, in his expert report. (D.I. 490 at 13). Dr. Wolfe analyzed the language of the claims and the specification and opined that 1) a person of ordinary skill in the art would have understood the claims to include circuitry necessary to achieve overlap; and 2) even if the claims are read to include circuits having little or no overlap, the patent "nevertheless clearly conveys that the inventors possessed the full scope of the asserted claims." (D.I. 444-1 at 929-70).

Defendant also contends that claims 1-5, 9, and 19 are invalid under § 112, ¶1 because

---

[1] I understand the term "overlap" to be a different way of describing what the claims refer to as "simultaneous activation."

2

the claims "are broad enough to encompass circuits in which the overlap occurs only during the precharge phase and never during the evaluation phase." (D.I. 416 at 16). Defendants argue that these claims are overbroad because the invention, as disclosed in the specification, must include overlap during the evaluation phase. (*Id.*). Plaintiff responds by citing to Dr. Wolfe's report. (D.I. 490 at 18). Dr. Wolfe opined that "once the evaluation transistor is activated, there by definition is no precharge phase." (DI 441-1 at 965). Therefore, according to Dr. Wolfe, "it is difficult to see how [these claims] would ever even encompass the scenario where simultaneous activation occurs during the precharge phase." (*Id.*).

Defendant further argues that method claim 21 is invalid under § 112, ¶1 because this claim "is broad enough to encompass circuits in which the evaluation transistor is not located between the precharge transistor and the logic block and thus does not isolate the logic block from the precharge node." (D.I. 416 at 18). According to Defendant, this is broader than the scope of the invention because both the specification and the Court's claim construction require isolation of the logic block from the precharge node. (*Id.* at 17-18). Plaintiff responds by again pointing to Dr. Wolfe's expert report. (D.I. 490 at 18). As to claim 21, Dr. Wolfe again analyzed the claim language and specification and opined that, "The disclosure would have clearly conveyed to one of ordinary skill in the art that the inventors were in possession of the claimed steps." (D.I. 441-1 at 969).

Defendant also argues that claims 12-14, 16, and 18 are invalid for the same reasons it argued claim 21 was invalid if the "between" limitation in claim 12 is construed as Plaintiff has proposed. (D.I. 416 at 19). I have now construed this term and adopted Defendant's proposed construction. Therefore, this argument is moot.

It seems to me that Plaintiff has pointed to sufficient evidence in the record in response to

3

each of these arguments to raise a genuine dispute of material fact. I cannot say that a reasonable fact finder could not find for Plaintiff on these issues. Therefore, Defendant's Motion for Summary Judgment of Invalidity is denied as to the § 112, ¶1 arguments.

Defendant also argues that claims 1-7, 9, and 19-21 of the '547 patent are invalid under 35 U.S.C. §112, ¶2 as indefinite. (D.I. 416 at 20). "[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014). Defendant's argument centers on the so-called 30/70 method by which Plaintiff's expert determined whether Defendant's products include "simultaneous activation," a method Defendant argues is arbitrary and not disclosed in the patent. (D.I. 416 at 22). If this is the method by which "simultaneous activation" is determined, Defendant contends, "it would be impossible to determine with reasonable certainty whether a given product meets the claims." (*Id.*). Defendant also notes that Plaintiff now argues that the products accused in the previous litigation, between the same parties and related to the same patent, do not satisfy this limitation when the 30/70 method is used, a position contrary to Plaintiff's infringement contentions in the previous litigation. (*Id.* at 23). This, according to Defendant, supports their argument that a person of ordinary skill would not be able to determine the scope of what is claimed. (*Id.*).

Plaintiff first complains that Defendant's disclosure of this invalidity defense is untimely. (D.I. 490 at 21). Defendant responds that the defense is timely because Plaintiff only disclosed the 30/70 method, which forms the basis of Defendant's invalidity argument, in Plaintiff's infringement report. (D.I. 534 at 11). Defendant's expert opined on this method as early as reasonably possible, in Defendant's invalidity reply report. (*Id.*). I agree with Defendant that the

4

disclosure of this defense is timely. Furthermore, I fail to see any prejudice to Plaintiff. It is not as though this defense was only disclosed on the eve of trial. Rather, the invalidity reply report was served on Plaintiff prior to Plaintiff's deposition of Defendant's expert and prior to Plaintiff's service of its own expert's supplemental report. (*Id.*).

As to Defendant's objection to the 30/70 method, while I agree that this method is not disclosed in the specification, I am not persuaded that Plaintiff's use of an undisclosed method of determining simultaneous activation in order to prove infringement is a basis for arguing that the claims are indefinite. It seems to me that there are two unrelated issues in play in the parties' briefing: first, whether Plaintiff's expert's method of showing infringement is scientifically sound; and second, whether the patent provides sufficient notice as to the scope of the invention. The first issue is wholly unrelated to whether the claims are indefinite. As to the second issue, Defendant has not argued that a person of ordinary skill would not understand what is meant by "simultaneous activation." Instead, Defendant focused on the shortcomings of Plaintiff's 30/70 method of determining simultaneous activation. Therefore, the claim is definite within the meaning of § 112, ¶2. Defendant's Motion for Summary Judgment of Invalidity is denied as to the § 112, ¶2 argument.

For the reasons given above, I deny Defendant's Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 112.

Entered this 18 day of April, 2017.

Richard G. Andrews
United States District Judge

5