IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AVM TECHNOLOGIES, LLC,

                Plaintiff;

v.

INTEL CORPORATION,

                Defendant.

Civil Action No. 15-33-RGA

## MEMORANDUM ORDER

Presently before the Court is the issue of claim construction of a single term in claim 12 of U.S. Patent No. 5,859,547 ("the '547 patent"). The parties submitted briefing on the construction of this term. (D.I. 628, 629). For the reasons that follow, **IT IS HEREBY ORDERED THAT** the term "coupled between the logic-block output node and the precharge node" means "positioned such that the only way charge can flow from the precharge transistor to the logic block is by passing through the evaluation transistor."

I previously construed a number of disputed terms for this patent. (D.I. 328). During claim construction, however, I did not construe the term "coupled between the logic-block output node and the precharge node," which appears in claim 12.[1] Since the parties now dispute the construction of this term, I think it is necessary for me to resolve the dispute prior to trial.

Plaintiff argues that Defendant previously stipulated to the construction of "coupled between" as it is used in claim 12. (D.I. 621 at 2). This phrase is used four times in claim 12 and Plaintiff argues that it should have the same construction in each instance. (*Id.*). Defendant counters that it argued for its preferred construction of this term in claim 12 during claim

---

[1] Contrary to Plaintiff's assertion, I did not "reject" Defendant's proposed construction. (D.I. 621 at 2). Rather, I stated that "I did not construe" this particular term. (D.I. 344 at 1, n.2).

construction briefing[2] and that the term should have the same meaning as a similar term in claims 1 and 19. (D.I. 628 at 2). According to Defendant, "The slight difference in language between the 'between' limitation in claims 1 and 19 and the 'between' limitation in claim 12 does not reflect any substantive difference." (*Id.* at 3).

I agree with Defendant. The language of claim 12 is substantially the same as the language I construed in claims 1 and 19. Claim 1 recites "an evaluation transistor between the dynamic logic block and the precharge transistor," while claim 12 recites "an evaluation transistor having a source-to-drain path and a gate terminal, the source-to-drain path coupled between the logic-block output node and the precharge node, the gate terminal coupled to a clock signal node." In construing the language of claim 1, I noted that "a fundamental feature of the invention is that the evaluation transistor separates and isolates the logic block from the precharge node." (D.I. 328 at 15). This finding applies equally to the language at issue in the limitation from claim 12 quoted above

The specification supports this conclusion. For example, the specification states: "The evaluation transistor includes a gate and a source-to-drain path. The source-to-drain path is coupled at one end to a logic-block output node 33 and at an opposed end to the precharge node." ('547 patent at 4:31-34). The specification also indicates that the circuit includes "an evaluation transistor positioned between the logic block and precharge transistor." (*Id.* at 4:18-19). In other words, I previously determined that the evaluation transistor isolates the logic block from the precharge node. It seems to me, then, that the source-to-drain path, which is a component of the evaluation transistor that itself couples to the logic block output node and the precharge node,

---

[2] Defendant's "argument" appeared in a footnote in the Joint Claim Construction Brief. (D.I. 286 at 53, n.25). Defendant did not specifically identify the limitation from claim 12 as a disputed construction during claim construction.

must also isolate the logic block from the precharge transistor. Plaintiff's proposal that "between" means something different in this limitation of claim 12 than in claims 1 and 19 is wholly inconsistent with my previous construction and with the claims and specification.

Plaintiff argues that Defendant's proposed construction "conflicts with claim 12's three other uses of the term."[3] (D.I. 621 at 2). Plaintiff specifically points to another use of "coupled between" in the specification and argues that Defendant's proposed construction would read out a preferred embodiment. (*Id.*). I disagree. The portion of the specification Plaintiff cites specifies that "input transistors are coupled between the logic-block output node and a negative supply voltage." ('547 patent at 4:59-61). Plaintiff argues that Fig. 3D shows that there is more than one path for current to flow; that is, current could flow through either of the input transistors. The problem with Plaintiff's argument is that this corresponds to a different limitation in claim 12 than the one at issue here, a limitation requiring "a logic block including at least one transistor coupled between a second-supply voltage node and a logic-block output node." I am not convinced that this is in conflict with the proposed construction, but whether there is a conflict is irrelevant. I am not construing "coupled between" in isolation, nor am I construing the limitation Plaintiff argues is in conflict with Defendant's proposed construction. I am only construing the term "coupled between the logic-block output node and the precharge node." Therefore, I reject Plaintiff's argument that the proposed construction reads out a preferred embodiment and I will adopt Defendant's proposed construction. The term "coupled between the logic-block output node and the precharge node" means "positioned such that the

---

[3] The term Plaintiff is referring to appears to be "coupled between." (D.I. 621 at 2). This is not the term I was asked to construe. Plaintiff has not proposed an alternative construction for the term I was asked to construe, relying instead on the argument that "coupled between" must have the same meaning every time it is used in claim 12.

3

only way charge can flow from the precharge transistor to the logic block is by passing through the evaluation transistor."

Entered this 18 day of April, 2017.

*Richard G. Andrews*
United States District Judge

4