IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AVM TECHNOLOGIES, LLC,

                Plaintiff;

v.

INTEL CORPORATION,

                Defendant.

Civil Action No. 15-33-RGA

MEMORANDUM ORDER

Presently before the Court is Defendant's Motion for Partial Summary Judgment of Non-Infringement (D.I. 417) and related briefing (D.I. 418, 493, 525). The Court heard oral argument on April 12, 2017. For the reasons that follow, **IT IS HEREBY ORDERED THAT** Defendant's Motion for Summary Judgment (D.I. 417) is **DENIED**.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–49 (1986).

A patent is infringed when a person "without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . during the term of the patent . . . ." 35 U.S.C. § 271(a). A two-step analysis is employed in making an infringement determination. *See*

*Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). First, the court must construe the asserted claims to ascertain their meaning and scope. *See id.* The trier of fact must then compare the properly construed claims with the accused infringing product. *See id.* at 976. This second step is a question of fact. *See Bai v. L & L Wings, Inc.*, 160 F.3d 1350, 1353 (Fed. Cir. 1998).

"Literal infringement of a claim exists when every limitation recited in the claim is found in the accused device." *Kahn v. Gen. Motors Corp.*, 135 F.3d 1472, 1477 (Fed. Cir. 1998). "If any claim limitation is absent from the accused device, there is no literal infringement as a matter of law." *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1247 (Fed. Cir. 2000). A product that does not literally infringe a patent claim may still infringe under the doctrine of equivalents if the differences between an individual limitation of the claimed invention and an element of the accused product are insubstantial. *See Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 24 (1997). The patent owner has the burden of proving infringement and must meet its burden by a preponderance of the evidence. *See SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988).

When an accused infringer moves for summary judgment of non-infringement, such relief may be granted only if at least one limitation of the claim in question does not read on an element of the accused product, either literally or under the doctrine of equivalents. *See Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1376 (Fed. Cir. 2005); *see also TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1369 (Fed. Cir. 2002) ("Summary judgment of noninfringement is . . . appropriate where the patent owner's proof is deficient in meeting an essential part of the legal standard for infringement, because such failure will render all other facts immaterial."). Thus, summary judgment of non-infringement can only be granted if, after viewing the facts in the

2

light most favorable to the non-movant, there is no genuine issue as to whether the accused product is covered by the claims (as construed by the court). *See Pitney Bowes, Inc. v. Hewlett–Packard Co.*, 182 F.3d 1298, 1304 (Fed. Cir. 1999).

Defendant requests summary judgment as to two of Plaintiff's infringement theories: 1) the Multiple-Stacks infringement theory; and 2) the Tri-Gate transistor infringement theory. (D.I. 418 at 5-6).

Defendant contends that the Multiple-Stacks infringement theory does not satisfy at least two claim limitations. (D.I. 418 at 12). Defendant argues that the "logic block" identified by Plaintiff in its infringement contentions does not meet the definition of "logic block" as construed by the Court. (*Id.*). The parties offer the conflicting opinions of their experts as to whether this limitation is met. (*Id.* at 13; D.I. 493 at 12). It seems to me that there is a genuine issue of fact about whether this limitation is met, so I will deny the motion as to the "logic block" limitation.

Defendant next argues that the accused products do not meet the "between" limitation under the Multiple-Stacks infringement theory either literally or under the doctrine of equivalents. (D.I. 418 at 14). Much of the parties' briefing on this issue was directed to construction of the claim limitation "source-to-drain path coupled between the dynamic logic block output node and the precharge node." I have construed this term to mean "positioned such that the only way charge can flow from the precharge transistor to the logic block is by passing through the evaluation transistor." (D.I. 636). Defendant offers testimony from its expert that the accused products do not literally infringe under this construction and that the doctrine of equivalents does not apply as it would "vitiate a claim limitation and expand the scope of the claims to encompass dynamic logic circuits that exclude a fundamental feature of the invention."

3

(D.I. 418 at 17). Plaintiff counters with expert testimony that the accused products infringe this limitation under the doctrine of equivalents because the accused circuits perform the same function as the invention in substantially the same way to achieve substantially the same result. (D.I. 493 at 14-15). Again, given the competing expert opinions, there appears to be a genuine dispute of material fact. While I am dubious about Plaintiff's theory that a circuit having multiple paths can satisfy the "between" limitation as I have construed it, even under the doctrine of equivalents, I cannot say based on the record at this point that a reasonable fact-finder could not find for Plaintiff on this theory.

Defendant further argues that prosecution history estoppel bars the use of the doctrine of equivalents for the "between" limitation because the applicant "distinguished the claimed invention from the prior art based on the positioning of the evaluation transistor." (D.I. 418 at 19). I am not persuaded that the statements Defendant cites to in the prosecution history represent a clear disavowal of the scope of the claims. For example, Defendant cites to the applicant's statements made in distinguishing prior art based on the position of the evaluation transistor relative to the logic block and precharge transistor. (*Id.* at 20). The statements cited by Defendant relate only to the relative positions of theses circuit elements and do not address the issue of whether the "between" limitation, *i.e.*, whether the only way charge can flow is through the evaluation transistor, is met. For these reasons, I will deny Defendant's motion as to the Multiple-Stacks infringement theory.

Defendant also argues that the accused circuits do not meet the "plurality of input transistors" limitation under Plaintiff's Tri-Gate infringement theory. (*Id.* at 21-22). Under Plaintiff's infringement theory, the single Tri-Gate transistor found in the accused products is comprised of "multiple transistors that make up a larger transistor." (D.I. 493 at 21). Both

4

parties again cite to statements made by their respective experts to support their positions. (*Id.* at 23-25; D.I. 418 at 22-24). Defendant insists that Plaintiff's expert admitted that the Tri-Gate transistor is a single transistor. (D.I. 418 at 22). I do not agree that the expert's statements are so clear. Plaintiff's expert agreed that the Tri-Gate transistor can be depicted as a single transistor in circuit diagrams and that it can be considered to be a single transistor. (*Id.*). I do not think this contradicts the expert's conclusion that the Tri-Gate transistor is made up of a plurality of transistors. Therefore, I think there is a genuine dispute of material fact about whether Defendant's product meets the "plurality of input transistors" limitation and I will deny Defendant's motion as to this limitation.

Entered this 27 day of April, 2017.

Richard G. Andrews
United States District Judge