# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| AVM TECHNOLOGIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 15-33-RGA-MPT |
| | ) |
| INTEL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## AVM'S RESPONSE TO INTEL CORPORATION'S STATEMENT REGARDING AVM TECHNOLOGIES, LLC'S REQUEST FOR A "30(b)(6)" TRIAL WITNESS

*Of Counsel*:

D. Michael Underhill
Eric J. Maurer
Patrick M. Lafferty
Jon R. Knight
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., N.W.
Washington, D.C. 20005
munderhill@bsfllp.com
emaurer@bsfllp.com
plafferty@bsfllp.com
jknight@bsfllp.com

Edward H. Takashima
BOIES SCHILLER FLEXNER LLP
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401
etakashima@bsfllp.com

Rosanne C. Baxter
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
rbaxter@bsfllp.com

Benjamin J. Schladweiler (#4601)
Nicholas D. Mozal (#5838)
ROSS ARONSTAM & MORITZ LLP
100 S. West Street, Suite 400
Wilmington, DE 19801
(302) 576-1600
bschladweiler@ramllp.com
nmozal@ramllp.com

*Counsel for Plaintiff AVM Technologies, LLC*

Jason G. Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
(310) 203-7096
jsheasby@irell.com

Dated: April 27, 2017

AVM requires an Intel corporate witness who can sponsor documents into evidence. Intel objects to sixty exhibits on AVM's exhibit list based on authenticity or foundation, even though Intel produced these documents. Additionally, Intel's position is that any exhibits entered into evidence must be provided through a sponsoring witness. But Intel has identified a large number of witnesses, and AVM does not know who Intel is calling and whether the witnesses it chooses to call will claim to have knowledge of the documents. A corporate witness who can sponsor and authenticate exhibits is needed to address these issues.

## ARGUMENT

During the pretrial exchanges, Intel refused AVM's proposal that all exhibits produced by the other party are authenticated. At the pretrial conference, the Court noted that parties often stipulate that "anything they produce in discovery is . . . authentic," (D.I. 648 at 25:3-7), and asked the parties to determine whether there is actually a dispute as to authenticity (*id.* at 32). The Court also specifically noted that AVM was requesting that Intel provide a sponsoring witness for documents. (*Id.* at 28–29.)

Following the pretrial conference, AVM's counsel asked Intel whether it would withdraw all authenticity objections. (D.I. 653-2 at 4.) Even though Intel's counsel had previously represented to the Court that there was "just a handful of authenticity objections," (D.I. 648 at 32:4), Intel's counsel refused to revisit its authenticity objections, stating "there is no reason for Intel to review all of its objections" (D.I. 653-2 at 3.)

AVM's counsel also asked whether documents generated by Intel could be entered into evidence without a sponsoring Intel witness. (*Id.* at 4.) Again, Intel's counsel refused without explanation. (*Id.* at 3.)

\* \* \* \* \*

Because AVM does not know who Intel is calling and whether the witnesses it chooses to

call will claim to have knowledge of Intel's documents, AVM requires an Intel corporate sponsor. The Court plainly has the power to compel corporate representatives to attend trial. Fed. R. Civ. P. 45 provides that a "**subpoena may command a person to attend a trial**, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) **within the state where the person** resides, is employed, or **regularly transacts business in person, if the person** (i) **is a party or a party's officer** . . . ." Fed. R. Civ. P. 45 (emphasis added).

It is well-established that Fed. R. Civ. P. 45 provides the power to compel attendance of corporate representatives at trial, including previously designated Rule 30(b)(6) witnesses.[1] Similarly, there is no doubt that corporate representatives may testify at trial in Delaware, including in patent cases. *Intellectual Ventures I, LLC v. Canon Inc.*, 104 F. Supp. 3d 629, 657 (D. Del. 2015) (permitting corporate representative to testify as such at trial); *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, 802 F. Supp. 2d 555, 573 (D. Del. 2011) (same).

Nor is Fed. R. Civ. P. 45 limited—as Intel suggests—to compelling attendance of specific party officers rather than general corporate representatives. *See In re MTBE*, 2009 WL 1840882, at *1 (permitting service of trial subpoenas on "*any 30(b)(6) witnesses designated by ExxonMobil*" (emphasis added)); *HTC Corp.*, 2013 WL 12166376, at *2 (N.D. Cal. Sept. 20,

---

[1] *See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 303 (S.D.N.Y. 2009) (refusing to quash subpoena seeking corporate representative: "the Court has the power to require these parties to produce corporate representatives to testify on their behalf at trial.") (citing *In re MTBE*, 2009 WL 1840882, at *1 (permitting service of trial subpoenas on "any 30(b)(6) witnesses designated by ExxonMobil and directors of the corporation.")); *Fausto v. Credigy Servs. Corp.*, No. C 07-05658 JW, 2009 WL 701012, at *1 (N.D. Cal. Mar. 11, 2009) (granting a motion for order compelling corporate representative to appear and testify at trial); *HTC Corp. v. Tech. Properties Ltd.*, No. 5:08-CV-00882-PSG, 2013 WL 12166376, at *2 (N.D. Cal. Sept. 20, 2013) (Grewal, M.J.) (denying motion to quash a trial subpoena for a corporate representative on certain topics); *Conyers v. Balboa Ins. Co.*, No. 8:12-CV-30-T-33EAJ, 2013 WL 2450108, at *2 (M.D. Fla. June 5, 2013) (granting motion to compel corporate representative to attend trial pursuant to trial subpoena); *Equal Employment Opportunity Comm'n v. Bok Fin. Corp.*, No. CIV 11-1132, 2014 WL 11829320, at *2 (D.N.M. Feb. 4, 2014) (denying motion to quash trial subpoena for corporate representative).

2

2013) (allowing a trial subpoena for a corporate representative who is knowledgeable at a high level about the PLLs within the OMAP chips at a high level); *Conyers*, 2013 WL 2450108, at *2 (M.D. Fla. June 5, 2013) (finding the defendant must "produc[e] its corporate representative at trial and should promptly identify this individual"). Thus, the Court clearly has the power to compel Intel to provide a corporate representative to authenticate and sponsor Intel's documents.

Additionally, AVM will be severely prejudiced in its ability to present its case unless Intel is required to provide a corporate representative to testify to the foundation and authentication of Intel-produced documents. Currently, Intel is objecting based on authentication or foundation to its own spreadsheets of its own data (*see e.g.*, D.I. 614, Ex. 6 (Intel's objections to PX0008)); presentations by its own employees (*see e.g., id.* (Intel's objections to PX0013)); emails written by Intel employees (*see e.g., id.* (Intel's objections to PX0213)); and Intel's own source code (*see e.g.*, *id.* (Intel's objections to PX1122)). Without a corporate representative to testify on Intel's behalf, AVM has no way of knowing whether whatever witnesses Intel chooses to call can authenticate and sponsor the relevant documents, and risks being unable to authenticate and provide foundation for evidence that is properly admissible. Intel will also be able to pass off responsibility for its knowledge across a variety of witnesses, avoiding admissions that it previously made in its 30(b)(6) depositions.

Intel should not be permitted to pass the buck between witnesses or feign ignorance about documents it possessed and admissions it made. AVM respectfully asks the Court to compel Intel to provide a corporate representative at trial to authenticate and sponsor documents.

Respectfully submitted,

*Of Counsel*:

D. Michael Underhill
Eric J. Maurer
Patrick M. Lafferty
Jon R. Knight
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., N.W.
Washington, D.C.  20005
(202) 237-2727
munderhill@bsfllp.com
emaurer@bsfllp.com
plafferty@bsfllp.com
jknight@bsfllp.com

Edward H. Takashima
BOIES SCHILLER FLEXNER LLP
401 Wilshire Boulevard, Suite 850
Santa Monica, CA  90401
(310) 752-2400
etakashima@bsfllp.com

Rosanne C. Baxter
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY  10504
(914) 749-8200
rbaxter@bsfllp.com

 /s/ Benjamin J. Schladweiler
Benjamin J. Schladweiler (#4601)
Nicholas D. Mozal (#5838)
ROSS ARONSTAM & MORITZ LLP
100 S. West Street, Suite 400
Wilmington, DE 19801
(302) 576-1600
bschladweiler@ramllp.com
nmozal@ramllp.com

*Counsel for Plaintiff AVM Technologies, LLC*

Jason G. Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276
(310) 203-7096
jsheasby@irell.com

Dated:  April 27, 2017

## **CERTIFICATE OF SERVICE**

I, Benjamin J. Schladweiler, hereby certify that on April 27, 2017, a true copy of the foregoing *AVM's Response to Intel Corporation's Statement Regarding AVM Technologies, LLC's Request for a "30(b)(6)" Trial Witness* was served via electronic mail upon the following counsel of record:

David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
dmoore@potteranderson.com
bpalapura@potteranderson.com

David J. Burman
Jonathan L. McFarland
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
dburman@perkinscoie.com
jmcfarland@perkinscoie.com

Jason Kipnis
WILMERHALE
950 Page Mill Road
Palo Alto, CA  94304
jason.kipnis@wilmerhale.com

Todd Zubler
William G. McElwain
Brittany Amadi
WILMERHALE
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
todd.zubler@wilmerhale.com
william.mcelwain@wilmerhale.com
brittany.amadi@wilmerhale.com

*Counsel for Defendant Intel Corporation*

William F. Lee
Jordan L. Hirsch
Lauren B. Fletcher
Kevin A. Goldman
Claire M. Specht
Sarah R. Frazier
Michaela P. Sewall
Steven J. Horn
Joseph J. Mueller
WILMERHALE
60 State Street
Boston, MA  02109
william.lee@wilmerhale.com
jordan.hirsch@wilmerhale.com
lauren.fletcher@wilmerhale.com
kevin.goldman@wilmerhale.com
claire.specht@wilmerhale.com
sarah.frazier@wilmerhale.com
michaela.sewall@wilmerhale.com
steven.horn@wilmerhale.com
joseph.mueller@wilmerhale.com

David C. Marcus
WILMERHALE
350 South Grand Avenue
Suite 2100
Los Angeles, CA  90071
david.marcus@wilmerhale.com

Matthew Leary
WILMERHALE
1225 Seventeenth Street
Suite 2600
Denver, CO  80202
matthew.leary@wilmerhale.com

*Counsel for Defendant Intel Corporation*

 */s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)