IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVM TECHNOLOGIES, LLC, <br><br> Plaintiff; <br><br> v. <br><br> INTEL CORPORATION, <br><br> Defendant. | Civil Action No. 15-33-RGA |

MEMORANDUM ORDER

Presently before the Court is Plaintiff's Motion for Partial Summary Judgment and to Exclude Testimony of Peter Ivey Regarding Invalidity Based on the Pentium Pro ("P6") (D.I. 433) and related briefing (D.I. 434, 506, 536).[1] The Court heard oral argument on April 12, 2017. For the reasons that follow, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Partial Summary Judgment and to Exclude Testimony of Peter Ivey (D.I. 433) is **DENIED**.

### A. Motion to Exclude Expert Testimony

"[T]he district court acts as a gatekeeper" to ensure that expert testimony is reliable and helpful. *Schneider v. Fried*, 320 F.3d 396, 404 (3rd Cir. 2003). "The primary locus of this obligation is [Federal Rule of Evidence] 702." *Daubert v. Merrell Dow Pharma., Inc.*, 509 U.S. 579, 589 (1993). It reads:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;

---

[1] Defendant seeks partial summary judgment that the P6 register files meet the delay limitation of claim 12 of the '547 patent under the theory that I may grant summary judgment for a non-movant under Federal Rule of Civil Procedutre 56(f)(1). (D.I. 506 at 10). Since I do not have the benefit of full briefing on the issue of whether the P6 register files meet this limitation and there appears to be a dispute of material fact on this issue, I am not inclined to grant Defendant's request.

> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Rule 702, as amended in 2000, codified the Supreme Court's holding in *Daubert*. *Daubert* imposes a "trilogy" of requirements: (1) qualification, (2) reliability, and (3) fit. *Schneider*, 320 F.3d at 404. My determination that proffered testimony complies with these prerequisites is governed by Federal Rule of Evidence 104(a). *Daubert*, 509 U.S. at 592. As such, I must find *Daubert*'s trilogy of requirements is met by a preponderance of the evidence. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3rd Cir. 1994).

On the one hand, this showing requires the party proffering expert testimony do more than make a *prima facie* case of reliability. *Id.* at 743. On the other hand, the "evidentiary requirement of reliability is lower than the merits standard of correctness." *Id.* The proffering party does not "have to prove their case twice—they do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their experts are *correct*, they only have to demonstrate by a preponderance of evidence that their opinions are reliable." *Id.* at 744.

Plaintiff's objections to Dr. Ivey's testimony fall within the reliability prong of the *Daubert* trilogy. Under this prong, "an expert's testimony is admissible so long as the process or technique the expert used in formulating the opinion is reliable." *Paoli*, 35 F.3d at 742. Reliability does not require certainty, *Daubert*, 509 U.S. at 590, but does require "validity," *Paoli*, 35 F.3d at 742. The Third Circuit has warned, however, that "the reliability requirement must not be used as a tool by which the court excludes all questionably reliable evidence." *Id.* at 744. An expert's opinion must be founded on good grounds, not perfect ones. *Id.* I can conclude there are good grounds for the opinion even if I "think[] there are better grounds for

some alternative conclusion" or that the expert's methodology "has some flaws such that if they had been corrected, the scientist would have reached a different result." *Id.* The Third Circuit has directed that a "judge frequently should find an expert's methodology helpful even when the judge thinks that the expert's technique has flaws sufficient to render the conclusions inaccurate." *Id.* at 744–45.

Plaintiff argues first that Dr. Ivey's opinion as to whether the P6 anticipates the asserted claims is unreliable because he relied on "uncorroborated statements" made by "an Intel engineer and former engineer/paid consultant." (D.I. 434 at 22). Defendant counters that Dr. Ivey did corroborate the statements to which Plaintiff objects through his review of "P6 schematics, design manuals, and timing diagrams" combined with his experience as a person of skill in the art. (D.I. 506 at 16). Plaintiff does not respond to this rebuttal, instead arguing in reply that the engineer/consultant, upon whose statement Ivey relied, did not review all of the schematics for the register files. (D.I. 536 at 10). In other words, the testimony to which Plaintiff objects is that of the engineer and, therefore, Dr. Ivey's purported reliance on this testimony. Since Dr. Ivey did, in fact, rely on more than just this engineer's testimony, it seems to me that Plaintiff's objection goes to whether Dr. Ivey's conclusions are correct, not whether they are reliable. This is not a case, as Plaintiff suggests, where the expert performed no independent analysis of his own. (D.I. 434 at 22).

Plaintiff next argues that Dr. Ivey's anticipation opinion is "conclusory" in nature. (D.I. 434 at 22). Plaintiff asserts that Dr. Ivey did not perform an element-by-element analysis showing that the P6 practices every claim limitation. (*Id.*). Plaintiff further asserts that Dr. Ivey's failure to identify the circuits he relies on and the amount of contention in those circuits renders his opinion unreliable. (*Id.*). Defendant counters by pointing to "a detailed claim chart

3

with a limitation-by-limitation analysis" provided by Dr. Ivey as well as evidence in the record that the circuit Dr. Ivey relied on is representative of the topology of register files in general. (D.I. 506 at 17). Plaintiff again fails to respond to Defendant's rebuttal. Therefore, I do not think Plaintiff has shown that Dr. Ivey's opinion is unreliable as conclusory.

Finally, Plaintiff argues that Dr. Ivey's obviousness opinions as to claim 19 are unreliable and unhelpful because his opinions are conclusory. (D.I. 434 at 25). Plaintiff further argues that Dr. Ivey should be precluded from testifying as to obviousness of any other independent claims because he only opined on obviousness as to claim 19. (*Id.*). I have reviewed Defendant's citations to Dr. Ivey's report and claim charts and I disagree with Plaintiff's assertion that his opinions are conclusory. (D.I. 506 at 23). Furthermore, Dr. Ivey opines on obviousness in view of the P6 at least with respect to independent claims 1, 12, and 19, in contrast with Plaintiff's assertions to the contrary. (D.I. 509-1 at 352-53, 382, 406). I disagree with Plaintiff's assertion that Dr. Ivey's opinions on obviousness, which appear to be far more comprehensive than Plaintiff alleges, are unreliable or unhelpful.

For these reasons, I will deny Plaintiff's Motion to Exclude Testimony of Peter Ivey Regarding Invalidity Based on the Pentium Pro.

**B.    Motion for Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that

a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–49 (1986).

Plaintiff argues that Defendant has not produced sufficient evidence to create a dispute of material fact about whether the P6 anticipates the asserted claims. (D.I. 434 at 17). Specifically, Plaintiff argues that Defendant has not produced evidence that the P6's RSDPC register file circuits meet the delay and simultaneous activation limitations of the asserted claims. (*Id.*). Plaintiff also argues that Defendant has put forward a second theory of anticipation that another, unidentified circuit in the P6 anticipates that is both untimely and unsupported by evidence. (*Id.*).

As an initial matter, I reject Plaintiff's attempt to reach summary judgment on the basis that this anticipation theory was not timely disclosed. Plaintiff contends that Dr. Ivey's theory that "some unidentified register file circuits" in the P6 product have contention, and, therefore, anticipate the claims of the '547 patent, is untimely. (D.I. 434 at *14). Plaintiff fails to disclose, however, when it was first put on notice of this purportedly new theory. Defendant has pointed to all of its invalidity contentions, Dr. Ivey's opening expert report, and Plaintiff's responses to Defendant's invalidity contentions as evidence that Plaintiff has been on notice of this anticipation theory since November 2015. (D.I. 506 at 13-14).

As to the merits of Defendant's anticipation defense, Plaintiff has presented evidence and argument only as to whether the P6 includes "contention." There appears to be some dispute between the parties as to what "contention" means, with Defendant using the term to be synonymous with "simultaneous activation" and Plaintiff arguing that "contention" is equivalent to "relative delay in the arrival time of two signals." (D.I. 648 at 59:1-61:16). "Contention" does not appear in any of the claims and it is not a term that I have construed. I have, however,

5

construed the term "delay" to mean "a circuit element that delays the clock signal to the precharge transistor." (Civ. Act. No. 10-610-RGA, D.I. 148 at 11). Plaintiff's only argument that the P6 does not anticipate the "delay" limitation is based on its belief that the claims that include only the "delay" limitation but not the "simultaneous activation" limitation necessarily also include "contention." Nothing in the claim language or in my previous claim construction supports Plaintiff's argument that a "relative delay in arrival time of two signals" is required by the "delay" limitation. Therefore, Plaintiff's motion is denied as to claims 12-14 and 16, which require only "delay" and not "simultaneous activation."

As to the asserted claims requiring "simultaneous activation," Defendant has pointed to testimony from an engineer who worked on the P6, as well as from Dr. Ivey, both of whom opine that the P6 meets the "simultaneous activation" limitation. (D.I. 506 at 11-12). Dr. Ivey relied on schematics and information provided by engineers and designers who worked on the product. (*Id.*). This is sufficient to create a genuine dispute of material fact as to whether the P6 anticipates claims 1-7 and 18-21. Plaintiff's objections appear to be about the weight of the evidence, a topic appropriate for cross-examination rather than summary judgment. Therefore, Plaintiff's motion is denied as to all asserted claims.

Entered this 28 day of April, 2017.

*Richard G. Andrews*
United States District Judge