IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVM TECHNOLOGIES, LLC,<br><br>    Plaintiff;<br><br>v.<br><br>INTEL CORPORATION,<br><br>    Defendant. | Civil Action No. 15-33-RGA |

MEMORANDUM ORDER

Presently before the Court is Plaintiff's Motion for Summary Judgment Regarding Intel's Reverse Doctrine of Equivalents Defense (D.I. 404) and related briefing (D.I. 405, 504, 524). The Court heard oral argument on April 12, 2017. For the reasons that follow, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Summary Judgment (D.I. 404) is **DENIED**.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–49 (1986).

Plaintiff argues that Defendant's defense of reverse doctrine of equivalents fails as a matter of law. (D.I. 405 at 8). Plaintiff argues that Defendant has not applied the correct test for

reverse doctrine of equivalents. (*Id.*). Plaintiff also contends that Defendant's arguments focus on the purpose for which Defendant's products allegedly use the claimed invention. (*Id.* at 10). Finally, Plaintiff asserts that Defendant has not put forward sufficient evidence to prevail on this defense. (*Id.* at 11).

The reverse doctrine of equivalents is available as a defense to infringement "where a device is so far changed in principle from a patented article that it performs the same or a similar function in a substantially different way, but nevertheless falls within the literal words of the claim." *Graver Tank & Mfg. Co. v. Linde Air Prod. Co.*, 339 U.S. 605, 608–09 (1950). In order to establish a prima facie case of non-infringement under the reverse doctrine of equivalents, Defendant must first "establish the principle of the ['547] patent." *Roche Palo Alto LLC v. Apotex, Inc.*, 531 F.3d 1372, 1378 (Fed. Cir. 2008). "The 'principle' or 'equitable scope of the claims' of the patented invention is determined in light of the specification, prosecution history, and the prior art." *Id.*

Defendant asserts that the principle of the '547 patent "is that the dynamic logic circuit uses a delay coupled to the precharge transistor to purposefully cause simultaneous activation of the precharge and evaluation transistors in order to overcome the problem of charge-sharing." (D.I. 504 at 7, quoting D.I. 444-1 at 354, ¶630). Plaintiff makes no argument as to whether this is the principle of the '547 patent. Defendant has identified the claim limitations, "delay" and "simultaneous activation," to which it applies its reverse doctrine of equivalents defense. (D.I. 504 at 9). Defendant points to evidence in the record showing that its expert opined on the function of each these claim limitations and how Defendant's accused products "operate in a substantially different way with respect to" these limitations. (*Id.*). This is sufficient to create a genuine dispute of material fact as to whether Defendant's products perform the same function as

2

the claimed invention in a substantially different way. Therefore, I will deny Plaintiff's Motion for Summary Judgment Regarding Intel's Reverse Doctrine of Equivalents Defense

Entered this 28 day of April, 2017.

Richard G. Andrews
United States District Judge