IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVM TECHNOLOGIES, LLC,<br><br>                       Plaintiff;<br>v.<br><br>INTEL CORPORATION,<br><br>                       Defendant. | Civil Action No. 15-33-RGA |

MEMORANDUM ORDER

Presently before the Court is Defendant's Motion for Summary Judgment that AVM's Infringement Claims are Barred by the *Kessler* Doctrine and Claim Preclusion (D.I. 430) and related briefing (D.I. 431, 492, 532, 567, 595). The Court heard oral argument on April 12, 2017. For the reasons that follow, **IT IS HEREBY ORDERED THAT** Defendant's Motion for Summary Judgment that AVM's Infringement Claims are Barred by the *Kessler* Doctrine and Claim Preclusion (D.I. 430) is **GRANTED** in part and **DENIED** in part.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–49 (1986).

## A. *Kessler* Doctrine

The *Kessler* doctrine is "separate and distinct" from claim and issue preclusion. *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1055 (Fed. Cir. 2014). It "fills the gap between these preclusion doctrines, however, allowing an adjudged non-infringer to avoid repeated harassment for continuing its business as usual post-final judgment in a patent action." *Id.* at 1056. Under this doctrine, if an accused infringer is found not to infringe, the patent holder is precluded from accusing in a new infringement suit products that are "essentially the same" as those found not to infringe in the first suit. *Id.*

Defendant argues that, because the products from AVM1 achieved non-infringing status and the products accused in the instant suit are essentially the same as those accused in AVM1, it is entitled to summary judgment under the *Kessler* doctrine. (D.I. 431 at 5-6). Defendant contends that the circuits accused in both cases have the same "general high-level structure" and are essentially the same as to the disputed claim limitations, "delay" and "simultaneous activation." (*Id.* at 14, 16). Plaintiff counters that the *Kessler* doctrine does not apply because there was no finding of non-infringement or invalidity in AVM1. (D.I. 492 at 11). Plaintiff further argues that the accused products in the instant suit are not essentially the same as those accused in AVM1. (*Id.* at 14).

As an initial matter, I reject Defendant's reliance on "general high-level structure" to show that the accused products are the same. What matters for the "essentially the same" analysis is whether the differences between the products relate to the claim limitations. Here, it seems clear that the products are not essentially the same. Plaintiff has pointed to substantial evidence in the record that the products in the instant case involve substantially different circuit elements and, consequently, signal timing. (D.I. 492 at 14-15). I agree with Plaintiff that

2

changes to the timing of the signals makes the products "not essentially the same" at least as to the claims requiring "simultaneous activation." Defendant's main dispute as to this limitation appears to relate to Plaintiff's infringement theory rather than the essential sameness of the products at issue. (D.I. 532 at 10-11). As to the claims requiring only "delay," I agree with Defendant that Plaintiff improperly attempts to read an extra limitation into the claim, requiring a relative delay in signal arrival time, that is inconsistent with the claim language and my previous construction of this term. This does not, however, mean that the products are necessarily essentially the same. While Plaintiff's argument is not on point, it is Defendant's burden to convince me that the products are essentially the same. Pointing to the flaws in Plaintiff's argument is insufficient to meet that burden.

Because I find that the products are not essentially the same, I decline to opine on whether the *Kessler* doctrine applies absent a finding of non-infringement. Therefore, I will deny Defendant's Motion for Summary Judgment that AVM's Infringement Claims are Barred by the *Kessler* Doctrine.

## B. Claim Preclusion

The parties dispute whether claim preclusion bars Plaintiff's claims against Sandy Bridge. Because this product was publicly demonstrated prior to when Plaintiff filed its complaint in AVM1, Defendant asserts this claim could have been brought in AVM1 and Plaintiff should be barred from bringing it in the instant case. (D.I. 532 at 13). The Federal Circuit recently addressed this precise issue, stating "claim preclusion d[oes] not bar allegations of infringement occurring after the prior final judgment because the patentee *could not* have brought those claims in the prior case." *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1299 (Fed. Cir. 2017).

Plaintiff argues that it could not have brought a claim against Sandy Bridge in AVM1 because it could not acquire a chip for reverse engineering until the product actually went on sale. (D.I. 492 at 24). I am not persuaded. The public demonstration is sufficient to put Plaintiff on notice that the product existed and Plaintiff could have pursued the issue during discovery in AVM1. Therefore, Plaintiff is precluded from seeking damages for Sandy Bridge for the time period prior to the issuance of final judgment in AVM1 on March 29, 2013.

Defendant also requested that the Court revive its claim preclusion defense for the Ivy Bridge and Haswell products. (D.I. 567 at 2). Because the introduction of those products post-dated the filing of the complaint in AVM1, those could only have been accused in AVM1 through an amendment to the complaint. Therefore, those claims are not barred by claim preclusion. *Morgan v. Covington Twp.*, 648 F.3d 172, 178 (3d Cir. 2011).

Entered this 28 day of April, 2017.

Richard G. Andrews
United States District Judge

4