IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AVM TECHNOLOGIES, LLC,

                     Plaintiff;

v.                                           Civil Action No. 15-33-RGA

INTEL CORPORATION,

                     Defendant.

## MEMORANDUM ORDER

There is a dispute about AVM's request that Intel produce a Rule 30(b)(6) witness for trial. AVM listed this witness as one of its witnesses in the pretrial order. (D.I. 614, Ex. 8). The witness was supposed to testify about "document retention and production." I have now received additional submissions. (D.I. 652, 661). Regrettably, they are not very illuminating about what the real dispute is here.

On the one hand, AVM's request as to what this witness is supposed to be able to testify about is extremely vague in the pretrial order. There are representations in AVM's submission that the witness is supposed to be able to "sponsor and authenticate" various Intel documents that are, for the most part not further described. (D.I. 661 at 2; *see id.* at 3 (identifying four specific exhibits with brief descriptions)). The dispute about two of the four described exhibits makes no sense. If one of AVM's experts intends to testify about PX0008 (Intel spreadsheet of data) or PX1122 (Intel source code), the expert presumably can use the data and source code whether or not any Intel witness testifies about it. Fed. R. Evid. 703. If no expert is going to testify about the two exhibits, they will be meaningless to the jury and are therefore irrelevant. As for PX0013 and PX0213, assuming the accuracy of AVM's characterizations of them (emails and presentations of Intel employees), if Intel maintains an authentication objection, I would be

surprised. Intel is directed to file a statement by 12 noon Sunday, April 30, stating whether it maintains an authentication objection to PX0013 and PX0213, and, if so, the basis for the objection.

When we talk about "sponsoring an exhibit," my general understanding is that does not mean simply having a warm body on the stand. It means having a witness who can say something about the document relevant to some issue in the case. It is hard for me to understand what the point would be of seeking to admit documents that no witness is going to talk about.

If Delaware counsel are not already involved in this particular dispute, I would request that they join in. The parties are directed to meet and confer. AVM is directed to identify which specific exhibits it seeks to authenticate and admit, whether as a statement of an Intel employee within the scope of the employment relationship, or under some other theory. For any such identified exhibit, Intel is either to stipulate to admissibility (preserving relevance-related objections, including that the document is irrelevant because no witness is going to talk about it and the document is not fairly self-explanatory). As soon as is possible, the parties are to file a statement as to which documents remain in dispute, and to file the disputed documents with the Court with the parties each providing brief argument to help me resolve the dispute.

I do not intend to order Intel to produce a Rule 30(b)(6) witness for some ill-defined purpose, but I also do not intend to inhibit AVM from using documents produced in discovery by Intel absent some good reason.

Entered this 29 day of April, 2017.

Richard G. Andrews
United States District Judge