IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVM TECHNOLOGIES, LLC,<br><br>Plaintiff;<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Civil Action No. 15-33-RGA |

## MEMORANDUM ORDER

During the April 28, 2017 teleconference, Plaintiff argued that Defendant's reverse doctrine of equivalents defense is an equitable doctrine that should be decided by the judge rather than tried to the jury. (D.I. 672 at 18:23-25). Defendant disagreed and requested that the defense be submitted to the jury. (*Id.* at 18:9-11). I asked the parties to submit a list of cases supporting their positions, and they have. (D.I. 669, 670). Having considered the authority cited by both parties, it seems clear that the Federal Circuit considers reverse doctrine of equivalents to be an equitable doctrine, *Scripps Clinic & Research Found. v. Genentech, Inc.*, 927 F.2d 1565, 1581 (Fed. Cir. 1991), that presents a question of fact. *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1124 (Fed. Cir. 1985). None of the Federal Circuit cases cited by either party squarely addresses whether reverse doctrine of equivalents is a jury question, although several cases cited by Defendant seem to indicate that the court does not consider it to be reversible error to submit the issue to the jury. *See, e.g., DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1339 (Fed. Cir. 2009). Several district courts have determined it is a question for a jury. *See En Liung Huang v. Auto Shade, Inc.*, 945 F. Supp. 1307, 1310 (C.D. Cal. 1996); *Wicker Grp. v. Standard Register Co.*, 1995 WL 17883632, at *3

(E.D. Va. June 1, 1995). The relevant case out of this district held that this defense is not required to be tried to a jury (but did not conclude that it must be tried to a judge). *See Ciena Corp. v. Corvis Corp.*, 2004 WL 253481 (D. Del. Feb. 6, 2004).

Therefore, the reverse doctrine of equivalents defense will be submitted to the jury. If necessary, I will also make a determination in the alternative on the assumption that it is a question for the Court.

Entered this 27 day of April, 2017.

Richard G. Andrews
United States District Judge

2