IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AVM TECHNOLOGIES, LLC,

                     Plaintiff;

v.

                     Civil Action No. 15-33-RGA

INTEL CORPORATION,

                     Defendant.

## MEMORANDUM ORDER

One of the issues raised by motion in limine, which I have partly addressed (D.I. 637 at 1-2) is whether Intel can use portions of the deposition testimony of Mr. McAlexander from the AVM1 litigation. The parties have submitted further papers containing argument (D.I. 646, 654) as well as the proffered testimony (D.I. 647-1). I have read all the papers.

I do not think AVM is seriously contesting the non-hearsay nature of the proposed testimony. AVM primarily relies upon Rule 403 to argue that it ought to be excluded even if non-hearsay. Intel submitted its papers first. It gives minimal attention to the Rule 403 argument. Based on what has been submitted, I think the McAlexander testimony should be excluded.

First, it seems obvious that the proffered testimony is, for the most part, cumulative. I do not think most of the proposed excerpts (with the exception of D.I. 647-1 at 15-18 re: written description and at 32 re: copying) are any different from what the other experts, including Plaintiff's experts, are going to say at trial.

Second, it is unfair. A deposition of this sort, that is, of an expert expected to testify at a trial six months later, is one-sided. It is mostly a cross-examination, with no direct, and with little incentive for a redirect. For example, one of the points Intel wants to make is to show that McAlexander said (1) he does not contend there is copying, and (2) "[b]ased on his understanding of copying," he is not "aware of any evidence showing that Intel has copied the '547 patent." (*Id.* at 32). What he contends is irrelevant. The second statement is too conclusory to be meaningful. It made sense in the context of AVM1. Intel wanted to be sure that the expert would not contend there is copying. Mission accomplished! Whatever the current evidence of copying is, he was not asked to opine about that. His written description testimony is, in my opinion, mostly opaque where it might matter. I understand various of the questions and answers, but the answers involving the words "written description" follow from questions phrased conditionally. I do not see the testimony as being very probative.

Third, to the extent any of the testimony has any non-cumulative probative value, there is a substantial risk that the jury will understand the testimony as indicating inconsistency in AVM's positions. The proffered testimony includes that he had been hired by some other AVM lawyers. (*Id.* at 6). I think it is clear that an independent expert such as McAlexander is not an agent of AVM. *See Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 164 (3d Cir. 1995). Thus, his testimony cannot be offered to prove AVM's inconsistency. Clearly, though, that is the main reason Intel wants to offer the evidence. At most, McAlexander is an expert who has a different conclusion on written description than AVM's current expert, but, of course, Intel already has its own expert who has a different conclusion.

2

I think the McAlexander testimony mostly has little probative value, and the probative value it does have is substantially outweighed by the danger of unfair prejudice and the needless presentation of cumulative evidence.

Thus, the proffered McAlexander testimony is **EXCLUDED**.

Entered this 20 day of April, 2017.

_____
United States District Judge

3