IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AVM TECHNOLOGIES, LLC,

                Plaintiff;

v.

INTEL CORPORATION,

                Defendant.

Civil Action No. 15-33-RGA

## MEMORANDUM ORDER

Presently before the Court is Plaintiff's Motion to Exclude the Testimony of Intel's Expert Vivek Subramanian (D.I. 437) and related briefing (D.I. 438, 500, 542), Plaintiff's Motion to Exclude the Testimony of Julie Davis (D.I. 435) and related briefing (D.I. 436, 496, 527), Plaintiff's Motion to Exclude Portions of the Expert Opinion of Lorin Hitt, Ph.D. (D.I. 411) and related briefing (D.I. 412, 486, 521), Plaintiff's Motion to Exclude the Testimony of Willy Shih and Robert Colwell Regarding the Subjects in Their November 14 Reports (D.I. 413) and related briefing (D.I. 414, 489, 531), and Plaintiff's Motion to Exclude Expert Testimony Regarding Intel Patents (D.I. 402) and related briefing (D.I. 403, 498, 522). For the reasons that follow, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Exclude the Testimony of Intel's Expert Vivek Subramanian (D.I. 437) is **DENIED**, Plaintiff's Motion to Exclude the Testimony of Julie Davis (D.I. 435) is **GRANTED IN PART** and **DENIED IN PART**, Plaintiff's Motion to Exclude Portions of the Expert Opinion of Lorin Hitt, Ph.D. (D.I. 411) is **DENIED**, Plaintiff's Motion to Exclude the Testimony of Willy Shih and Robert Colwell Regarding the Subjects in Their November 14 Reports (D.I. 413) is **DENIED**, and Plaintiff's Motion to Exclude Expert Testimony Regarding Intel Patents (D.I. 402) is **DENIED**.

"[T]he district court acts as a gatekeeper" to ensure that expert testimony is reliable and

helpful. *Schneider v. Fried*, 320 F.3d 396, 404 (3rd Cir. 2003). "The primary locus of this obligation is [Federal Rule of Evidence] 702." *Daubert v. Merrell Dow Pharma., Inc.*, 509 U.S. 579, 589 (1993). It reads:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Rule 702, as amended in 2000, codified the Supreme Court's holding in *Daubert*. *Daubert* imposes a "trilogy" of requirements: (1) qualification, (2) reliability, and (3) fit. *Schneider*, 320 F.3d at 404. My determination that proffered testimony complies with these prerequisites is governed by Federal Rule of Evidence 104(a). *Daubert*, 509 U.S. at 592. As such, I must find *Daubert*'s trilogy of requirements is met by a preponderance of the evidence. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3rd Cir. 1994).

On the one hand, this showing requires the party proffering expert testimony do more than make a *prima facie* case of reliability. *Id.* at 743. On the other hand, the "evidentiary requirement of reliability is lower than the merits standard of correctness." *Id.* The proffering party does not "have to prove their case twice—they do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their experts are *correct*, they only have to demonstrate by a preponderance of evidence that their opinions are reliable." *Id.* at 744.

Plaintiff's objections to each of these experts' testimony fall within the reliability prong of the *Daubert* trilogy. Under this prong, "an expert's testimony is admissible so long as the process or technique the expert used in formulating the opinion is reliable." *Paoli*, 35 F.3d at

2

742. Reliability does not require certainty, *Daubert*, 509 U.S. at 590, but does require "validity," *Paoli*, 35 F.3d at 742. The Third Circuit has warned, however, that "the reliability requirement must not be used as a tool by which the court excludes all questionably reliable evidence." *Id.* at 744. An expert's opinion must be founded on good grounds, not perfect ones. *Id.* I can conclude there are good grounds for the opinion even if I "think[] there are better grounds for some alternative conclusion" or that the expert's methodology "has some flaws such that if they had been corrected, the scientist would have reached a different result." *Id.* The Third Circuit has directed that a "judge frequently should find an expert's methodology helpful even when the judge thinks that the expert's technique has flaws sufficient to render the conclusions inaccurate." *Id.* at 744–45.

## A.    Dr. Subramanian

Plaintiff first argues that Dr. Subramanian should be precluded from opining on which circuits are limiting circuits because such testimony would violate Magistrate Judge Thynge's Order during a discovery dispute. (D.I. 438 at 14). I have already addressed this issue. (D.I. 658 at 5). Dr. Subramanian is not precluded from testifying about which circuits are speed-limiting.

Plaintiff next argues that Dr. Subramanian's supplemental report was untimely and is prejudicial. (D.I. 438 at 18). This is not an appropriate issue for a *Daubert* motion. Furthermore, it seems that if Plaintiff suffered the severe prejudice it claims to have suffered, it should have brought this issue to my attention at the time the report was filed. The supplemental report addresses a narrow issue, is only six pages long, was served prior to Dr. Subramanian's deposition, and serves as a response to Plaintiff's expert's reply report. (D.I. 500 at 18). I fail to see any prejudice to Plaintiff and I will not exclude this supplemental report.

3

Plaintiff next objects to Dr. Subramanian's opinions as to the "purpose" of including a delay in the accused products because it is irrelevant to whether the accused products infringe. (D.I. 438 at 20). Defendant responds that the testimony is not about "intent" but about the function of the accused circuit element. (D.I. 500 at 22). I agree with Defendant. Dr. Subramanian's use of the word "purpose" relates to how the circuits function, not whether Defendant intended to directly infringe. Therefore, I will not exclude this testimony, and Plaintiff's Motion to Exclude the Testimony of Intel's Expert Vivek Subramanian is denied.

## B. Julie Davis

Plaintiff seeks to exclude Ms. Davis's testimony about the inventor's offer to license the patent to Defendant in 2006 because the testimony is irrelevant and unreliable. (D.I. 436 at 4). I disagree. Such an offer is relevant to the parties' hypothetical negotiation and there is evidence in the record to support its reliability. I will not exclude this testimony.

On the other hand, I will exclude Ms. Davis's testimony regarding the *Hitachi* litigation (*id.* at 11) as it is unnecessary to an assessment as to the parties' relative bargaining position during the hypothetical negotiation, and, as I have said elsewhere, incredibly prejudicial. (D.I. 637 at 11).

I also exclude Ms. Davis's testimony as to the rulings issued in AVM1. (*Id.* at 5-6 n.4). I note that Ms. Davis has stated that she did not use the rulings in AVM1 to value the patents, but only to criticize Dr. Hatch's analysis, so it might also well be the case that this particular point is moot given the current exclusion of Dr. Hatch's testimony. At the pretrial conference, Intel said it no longer sought to introduce any of Mr. Evans's testimony from AVM1. To the extent Ms. Davis relies upon something in Mr. Evans's report, or expects to reference Mr. Evans in her testimony, I direct Intel to submit a written proffer by May 1, 2017, at noon, specifying what that

4

would be. The fact that I excluded Mr. Evans's report in AVM1 does not necessarily mean Ms. Davis cannot rely on anything in that report. Experts might rely upon the reports of other experts in reaching conclusions. In sum, absent explicit permission from me after the submission of the above-referenced proffer, Ms. Davis cannot testify about Mr. Evans, and cannot describe him as AVM's expert in prior litigation.

Ms. Davis is not precluded from testifying about downbinning to the extent that her testimony is not inconsistent with Magistrate Judge Thynge's order (*i.e.*, limited to 100 days for Sandy Bridge and Ivy Bridge). (D.I. 637 at 12).

On the other hand, I will exclude Ms. Davis's testimony as to Plaintiff's litigation funding agreements. (*Id.* at 14). These agreements are not patent licensing agreements and are not otherwise relevant to the hypothetical negotiation between the parties. The best that can be said about litigation funding agreements is that they are informed gambling on the outcome of litigation. They are so far removed from the hypothetical negotiation that they have no relevance. I further note that if they were determined to have some marginal relevance, that I would exclude them under Rule 403 as their probative value is more than substantially outweighed by the danger of unfair prejudice to AVM and of confusing the issues, as their introduction would just invite a sideshow on the economics of patent litigation.

Finally, as I am not excluding any of the expert testimony Plaintiff objects to Ms. Davis's reliance on, this portion of Plaintiff's motion is moot.

## C. Loren Hitt

Plaintiff seeks to exclude Dr. Hitt's supplemental expert report and an errata correcting some of his regression results because they were untimely and prejudicial. (D.I. 412 at 6). This is not an appropriate issue for a *Daubert* motion. Plaintiff should have addressed this with the

5

Court when the issue first arose. Furthermore, the supplemental report was served before Dr. Hitt was deposed and consists of only eight paragraphs. (D.I. 486 at 4). The errata corrects an error identified by Plaintiff. (*Id.*). I fail to see any prejudice to Plaintiff and I will not exclude this testimony. As I am not excluding any of the expert testimony Plaintiff objects to Dr. Hitt's reliance on, this portion of Plaintiff's motion is moot.

## D. Willy Shih and Robert Colwell

Plaintiff seeks to exclude testimony from Dr. Shih about comparable patent agreements as unreliable because he excluded settlement agreements as a "categorical rule of thumb" that he failed to apply consistently. (D.I. 414 at 8). Plaintiff also criticizes Dr. Shih's technological comparability analysis. (*Id.* at 14). Even if Plaintiff's characterization of Dr. Shih's methodology is correct, and I am not convinced that it is, I do not think this renders his testimony unreliable under *Daubert*. Plaintiff also seeks to exclude Dr. Shih's testimony about patent stacking as unreliable because he did not identify any actual evidence of patent stacking. (*Id.* at 22). I am not persuaded. Dr. Shih did not use "abstract recitations of royalty stacking theory" to arrive at a damages calculation. *Commonwealth Sci. & Indus. Research Organisation v. Cisco Sys., Inc.*, 809 F.3d 1295, 1302 (Fed. Cir. 2015). Rather, he opined on the comparability of other patent licenses and discussed patent stacking to provide context for the parties' hypothetical negotiation. (D.I. 489 at 17) I will not exclude this testimony. Finally, I will not exclude Dr. Shih's testimony about the inventor's offer to license the patent or any testimony that relies on Larry Evans's opinion from AVM1 for the same reasons discussed above with respect to Dr. Davis. On the other hand, any testimony that relies on Larry Evans's opinion from AVM1 should be produced as part of the "Julie Davis proffer" described above, and is subject to the same analysis, including, in particular, that it is not to be introduced absent my express

6

permission.

I also decline to exclude Dr. Colwell's related testimony. (D.I. 414 at 22). I am not moved by Plaintiff's conclusory statement that Dr. Colwell "had no clue about the use, value, or significance of the licensed patent." (*Id.*).

E.  **Intel Patents**

Plaintiff seeks to exclude the testimony of four of Defendant's experts about Intel's own patents. (D.I. 403 at 4). I decline to do so. The existence of these patents is relevant to the hypothetical negotiations and to the calculation of a reasonable royalty. Furthermore, I am not persuaded by Plaintiff's complaint that Dr. Colwell's and Dr. Subramanian's analyses of the eleven Intel patents practiced by the accused products lack a proper claim construction analysis. (*Id.* at 13). Plaintiff has not specified which terms are allegedly in dispute, nor does it appear that Plaintiff questioned these experts about any specific disputed terms during their depositions. (D.I. 498 at 14-15). I do not think this testimony is unreliable and I will not exclude it under *Daubert*.

Entered this 29 day of April, 2017.

Richard G Andrews
United States District Judge