IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AVM TECHNOLOGIES, LLC,

                Plaintiff;

v.

INTEL CORPORATION,

                Defendant.

Civil Action No. 15-33-RGA

## MEMORANDUM ORDER

Presently before the Court is Defendant's Motion to Exclude the Testimony of Christopher R. Knittel (D.I. 423) and related briefing (D.I. 424, 485, 537). For the reasons that follow, **IT IS HEREBY ORDERED THAT** Defendant's Motion to Exclude the Testimony of Christopher R. Knittel (D.I. 423) is **DENIED**.

"[T]he district court acts as a gatekeeper" to ensure that expert testimony is reliable and helpful. *Schneider v. Fried*, 320 F.3d 396, 404 (3rd Cir. 2003). "The primary locus of this obligation is [Federal Rule of Evidence] 702." *Daubert v. Merrell Dow Pharma., Inc.*, 509 U.S. 579, 589 (1993). It reads:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Rule 702, as amended in 2000, codified the Supreme Court's holding in *Daubert*. *Daubert* imposes a "trilogy" of requirements: (1) qualification, (2) reliability, and (3) fit.

*Schneider*, 320 F.3d at 404. My determination that proffered testimony complies with these prerequisites is governed by Federal Rule of Evidence 104(a). *Daubert*, 509 U.S. at 592. As such, I must find *Daubert*'s trilogy of requirements is met by a preponderance of the evidence. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3rd Cir. 1994).

On the one hand, this showing requires the party proffering expert testimony do more than make a *prima facie* case of reliability. *Id.* at 743. On the other hand, the "evidentiary requirement of reliability is lower than the merits standard of correctness." *Id.* The proffering party does not "have to prove their case twice—they do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their experts are *correct*, they only have to demonstrate by a preponderance of evidence that their opinions are reliable." *Id.* at 744.

Defendant's objections to Dr. Knittel's testimony fall within the reliability prong of the *Daubert* trilogy. Under this prong, "an expert's testimony is admissible so long as the process or technique the expert used in formulating the opinion is reliable." *Paoli*, 35 F.3d at 742. Reliability does not require certainty, *Daubert*, 509 U.S. at 590, but does require "validity," *Paoli*, 35 F.3d at 742. The Third Circuit has warned, however, that "the reliability requirement must not be used as a tool by which the court excludes all questionably reliable evidence." *Id.* at 744. An expert's opinion must be founded on good grounds, not perfect ones. *Id.* I can conclude there are good grounds for the opinion even if I "think[] there are better grounds for some alternative conclusion" or that the expert's methodology "has some flaws such that if they had been corrected, the scientist would have reached a different result." *Id.* The Third Circuit has directed that a "judge frequently should find an expert's methodology helpful even when the judge thinks that the expert's technique has flaws sufficient to render the conclusions inaccurate." *Id.* at 744–45.

2

Defendant argues that Dr. Knittel's regression analysis does not reliably calculate the price premium attributable to the alleged use of the invention. (D.I. 424 at 12). Defendant further argues that Dr. Knittel failed to apportion out non-infringing products, such as those sold outside of the United States. (*Id.* at 16). Dr. Knittel's regression also, according to Defendant omits many product features that Defendant contends impact the price of the accused products. (*Id.* at 17-18). Defendant also contends that the regression analysis Dr. Knittel used cannot reliably be used to determine the effect of a specific product feature on the price of the product. (*Id.* at 20). I am not convinced that any of these alleged shortcomings in Dr. Knittel's analysis is sufficient to exclude his testimony as unreliable. While I am unsure as to what relevance Dr. Knittel's testimony has given that Dr. Hatch's testimony has been excluded, I think that, if Plaintiff does choose to call Dr. Knittel, the issues Defendant has raised can be addressed through cross-examination.

Entered this \_1\_ day of May, 2017.

Richard G. Andrews
United States District Judge