IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AVM TECHNOLOGIES, LLC,

                    Plaintiff;

v.                                      Civil Action No. 15-33-RGA

INTEL CORPORATION,

                    Defendant.

## MEMORANDUM ORDER

"Shoot for the moon, but remember that if you miss, you will be floating off into the inky blackness of space with no hope of survival or rescue."[1] AVM shot for the moon, and, in my opinion, missed. The question now is whether it can survive. I think the answer is yes.

AVM proffers a variety of sources from which a jury could find a reasonable royalty. I believe that AVM can put evidence into the record from which a jury could find a reasonable royalty. Such evidence includes historical facts, such as how much AVM paid for the patent, what its licensing approach was, and what sorts of offers Mr. Tran made to Intel in the past to license the patent. There may be problems at the margins in terms of when testimony becomes expert testimony or when it is hypothetical (*see* Civ. Act. No. 10-630, D.I. 283 at 9-14), but AVM can certainly put on fact testimony giving the jury some basis for finding a reasonable royalty. And, as I decide below, AVM can call Julie Davis as a witness and put on her expert testimony should it decide to do so.

Much of Intel's argument is that AVM has violated the rules. The disclosures and interrogatory answers may be inadequate, but, under a *Pennypack* analysis, I will permit AVM to

---

[1] I am not sure of the source of this, but it is not original with me.

proceed. Under *Pennypack*, factors to consider when determining whether to exclude evidence include:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which [allowing the late-offered testimony] would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904-05 (3d Cir. 1977). Since I do not think AVM acted willfully or in bad faith here, the fourth factor weighs in favor of allowing the testimony. Since I am only allowing testimony that has already been disclosed during discovery, and because trial will proceed as scheduled, the third factor also weighs in favor of allowing the testimony. As to prejudice, I am not persuaded that there is incurable prejudice to Intel by allowing Mr. Tran to testify to the facts I discussed above. Intel has deposed Mr. Tran extensively on these subjects and there is nothing that AVM is proposing to present at trial (or that I will allow to be presented) that was not already disclosed. The proposed testimony and evidence are not new to Intel. On the whole, the *Pennypack* factors weigh in favor of admitting the testimony.

As for AVM calling Julie Davis to testify if Intel does not call her, it is within my discretion to allow AVM to call Intel's expert witness to testify even if Intel chooses not to call her. *Peterson v. Willie*, 81 F.3d 1033, 1037–38 & n.4 (11th Cir. 1996). In making this discretionary decision, courts weigh the interests of the party seeking to call the expert and of the court in reaching an informed resolution of the case against the possible prejudice to the party who originally retained the expert. *N5 Techs. LLC v. Capital One N.A.*, 56 F. Supp. 3d 755, 766 (E.D. Va. 2014). Here, I am hard pressed to see the prejudice to Intel. Intel designated Ms. Davis as an expert witness, she was deposed, and Intel presumably is quite knowledgeable about

the testimony she has offered. In contrast, to preclude AVM from eliciting her testimony once it has been disclosed through the expert report and deposition process would inhibit AVM's ability to proceed with the case. AVM is in a corner, and the bits of historical fact that it can produce are a thin reed on which to obtain a reasonable royalty that would withstand appellate review (assuming it satisfies the jury and me). On the other hand, Ms. Davis's opinions would likely provide a sound basis for a damages award. If there is liability here, the court and the jury would benefit from hearing Ms. Davis's opinions in reaching an informed resolution. Thus, I think it is fair to allow AVM to call Ms. Davis as a witness in its case if it chooses to do so. If AVM does not call Ms. Davis, Intel will have complete freedom, just as it would anyway, to call her or not to call her. This does not mean, however, that AVM has free reign to explore any topics with her that it wishes. Ms. Davis's testimony must be limited to what was disclosed in her expert report. *Penn Nat. Ins. v. HNI Corp.*, 245 F.R.D. 190, 194-95 (M.D. Pa. 2007). Further, of course, at AVM's request, I have excluded some of her testimony already.

If AVM does not call her, and if Intel does not call her, her report is inadmissible hearsay that does not fall within one of the exceptions to the hearsay rule. *N5 Technologies*, 56 F. Supp. 3d at 765.

Intel is directed to ensure Ms. Davis is present at trial if necessary. If AVM wants to call her as a witness, AVM needs to make that decision and advise Intel of its decision by 11:00 p.m. tonight. If AVM decides that it will call her as a witness by 11:00 p.m. tonight, it is responsible to reimburse Intel for all of Ms. Davis's contractual obligations effective beginning tomorrow. AVM can, of course, change its mind during the trial about calling Ms. Davis, but it will still be obligated to reimburse Intel through to the point where AVM releases her.

All this being said, if AVM does not put on an expert computation of damages, AVM

3

cannot make arguments based on non-expert testimony that it could not make based on expert testimony.

Entered this 30 day of April, 2017.

/s/ Richard G. Andrews
United States District Judge