## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVM TECHNOLOGIES, LLC, ) | |
| ) | |
| ) | |
| Plaintiff, ) | C.A. No. 15-33-RGA-MPT |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| INTEL CORPORATION, ) | **REDACTED PUBLIC VERSION** |
| ) | |
| Defendant. ) | |
| ) | |

### AVM'S MOTION FOR RECONSIDERATION OF THE
### COURT'S ORDER ON AVM'S MOTION IN LIMINE NO. 2
### PRECLUDING REFERENCES TO ▮▮▮▮▮▮▮

*Of Counsel*:

D. Michael Underhill
Eric J. Maurer
Patrick M. Lafferty
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW
Washington, DC 20005
munderhill@bsfllp.com
emaurer@bsfllp.com
plafferty@bsfllp.com

Edward H. Takashima
BOIES SCHILLER FLEXNER LLP
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401
etakashima@bsfllp.com

Rosanne C. Baxter
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
rbaxter@bsfllp.com

Jason G. Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
jsheasby@irell.com

Benjamin J. Schladweiler (#4601)
Nicholas D. Mozal (#5838)
ROSS ARONSTAM & MORITZ LLP
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
bschladweiler@ramllp.com
nmozal@ramllp.com

*Counsel for Plaintiff AVM Technologies, LLC*

Dated:  April 24, 2017

AVM respectfully moves the Court for a narrow exception to its April 19, 2017 order on AVM's Motion In Limine No. 2 excluding any "reference to ███████████ by either party." (D.I. 637 at 3).  AVM agrees that neither party should ***affirmatively*** make reference to the ████ ███████ but believes that, if Intel opens that door, AVM should be allowed to defend against Intel's attacks by using the fact that Intel did not produce this data, which Intel's corporate witness described as ████████████████████████████████

AVM sought two types of relief in its Motion In Limine No. 2 with regard to the unproduced ██████████  Specifically, AVM sought to prevent Intel from using this data, which Judge Thynge previously precluded Intel from relying on, either "(1) to criticize AVM and its expert witnesses for failing to analyze or consider the unproduced data; [or] (2) to offer opinions and alleged evidence about what the unproduced data allegedly showed, (*see* D.I. 500 at 6-7)."  (MIL No. 2 at 1)  As summarized by the Court, Intel responded to AVM's second request for relief by arguing that "it will use ████████ but not ████████████" and claiming that "the court order excluded ███████████, but did not address ███████."  (D.I. 637 at 3).  But Intel ***did not*** respond to AVM's first request to preclude Intel from unfairly using its lack of production as a criticism of AVM.  (MIL Opposition).  AVM's reply therefore focused only on the arguments Intel made in opposition.

As the Court is aware, an issue in the case is whether the infringing circuitry in Intel's products is "speed limiting" if modified to remove contention and simultaneous activation. AVM attempted to explore Intel's ████████████ defense throughout discovery, but Intel continually claimed that it did not have any data showing the ██████████████████ ████████████.  (D.I. 438 at 4-5; *id.*, Ex. B at 13, RFP 29 (requesting "all data necessary to determine ███████████████████"); *id.*, Ex. A, Response to Rog. 34 (denying ████ ████████████████████████████████████████████████ ████).  After discovery closed, however, Intel's 30(b)(6) witness Mr. Krishnamoorthy changed

course and disclosed the existence of the ████████ and admitted one could use that data to

determine ████████████████ (D.I. 438 at 5-6; Ex. JA51 at 209:25-

210:10).  He further testified there is ████████████ and ████████████████

████████ which circuit is limiting in each accused product (*Id.* at 207:16-210:10):



When AVM discovered the ████████████, it asked Intel to produce the data.

(D.I. 438, Ex. D at 24 ("█████████████████████████████████

████████████████████████████████████████

████████████████").)  Intel refused. (*Id.*; *see also id.* at 42.)

If Intel opens the door by criticizing AVM or AVM's experts concerning the quality of the

data on which AVM relies, AVM should be able to defend itself by eliciting constrained testimony

about the existence of the ████████████ that an Intel witness testified that it contained

████████████████████ that AVM asked for the data during discovery, and that it was not

produced.  The witness will not discuss the discovery dispute, will not discuss the lateness of the

discovery of the ████████████ and will not suggest that Intel acted improperly by not

providing the information. For instance, Intel may attack AVM's expert Dr. Houssan by asserting

that he allegedly does not know whether the accused circuits would be speed limiting if

contention and simultaneous activation were removed.  In response, Dr. Houssan will opine that,

based on the ████████████████████████████████████████████

████████████████████████████████ Intel presumably will

challenge that opinion.  Dr. Houssan should then be allowed to explain there was another

database, which he believes an Intel witness admitted could be used to determine ████████

████████████ but that data was requested and not produced.  Any other result would

simply reward Intel for its failure to produce the data.

      Intel now claims that the ████████████ would not help AVM, but would instead

help its case. Given the significant liability Intel faces in this case, a very reasonable inference to

the contrary can be drawn given that it refused to produce the data during the period of time in

which it could properly be analyzed despite repeated requests from AVM.

      For these reasons, AVM respectfully requests that the Court allow AVM to use the

nonproduction of the ████████ to defend itself should Intel open the door.

Respectfully submitted,

ROSS ARONSTAM & MORITZ LLP

*Of Counsel*:

*/s/ Benjamin J. Schladweiler*

Benjamin J. Schladweiler (#4601)

D. Michael Underhill
Eric J. Maurer
Patrick M. Lafferty
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C.  20005
munderhill@bsfllp.com
emaurer@bsfllp.com
plafferty@bsfllp.com

Nicholas D. Mozal (#5838)
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
bschladweiler@ramllp.com
nmozal@ramllp.com

*Counsel for Plaintiff AVM Technologies, LLC*

Edward H. Takashima
BOIES SCHILLER FLEXNER LLP
401 Wilshire Boulevard, Suite 850
Santa Monica, CA  90401
etakashima@bsfllp.com

Rosanne C. Baxter
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY  10504
rbaxter@bsfllp.com

Jason G. Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276
jsheasby@irell.com

Dated:  April 24, 2017

## CERTIFICATE OF SERVICE

I, Benjamin J. Schladweiler, hereby certify that on April 24, 2017, a true copy of the foregoing ***AVM's Motion for Reconsideration of the Court's Order on AVM's Motion in Limine No. 2 Precluding References to "Class Test Data"*** was served via electronic mail upon the following counsel of record:

David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
dmoore@potteranderson.com
bpalapura@potteranderson.com

David J. Burman
Jonathan L. McFarland
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
dburman@perkinscoie.com
jmcfarland@perkinscoie.com

Jason Kipnis
WILMERHALE
950 Page Mill Road
Palo Alto, CA  94304
jason.kipnis@wilmerhale.com

Todd Zubler
William G. McElwain
Brittany Amadi
WILMERHALE
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
todd.zubler@wilmerhale.com
william.mcelwain@wilmerhale.com
brittany.amadi@wilmerhale.com

*Counsel for Defendant Intel Corporation*

William F. Lee
Jordan L. Hirsch
Lauren B. Fletcher
Kevin A. Goldman
Claire M. Specht
Sarah R. Frazier
Michaela P. Sewall
Steven J. Horn
Joseph J. Mueller
WILMERHALE
60 State Street
Boston, MA  02109
william.lee@wilmerhale.com
jordan.hirsch@wilmerhale.com
lauren.fletcher@wilmerhale.com
kevin.goldman@wilmerhale.com
claire.specht@wilmerhale.com
sarah.frazier@wilmerhale.com
michaela.sewall@wilmerhale.com
steven.horn@wilmerhale.com
joseph.mueller@wilmerhale.com

David C. Marcus
WILMERHALE
350 South Grand Avenue
Suite 2100
Los Angeles, CA  90071
david.marcus@wilmerhale.com

Matthew Leary
WILMERHALE
1225 Seventeenth Street
Suite 2600
Denver, CO  80202
matthew.leary@wilmerhale.com

*Counsel for Defendant Intel Corporation*

 */s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)